```
 1  Jeffrey J. Kump, Esq. (Bar No. 5694)
    MARVEL & KUMP, LTD.
 2  217 Idaho Street, P.O. Box 2645
    Elko, NV 89803-2645
 3  Telephone:      (775) 777-1204
    Facsimile:      (775) 738-0187
 4

 5  Attorneys for Plaintiff

 6
                        UNITED STATES DISTRICT COURT
 7
                              DISTRICT OF NEVADA
 8

 9  DA-DAZE-NOM MANZANARES,

10              Plaintiff,

11  vs.                                         COMPLAINT AND DEMAND
                                                 FOR JURY TRIAL
12  ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., as agent for
13  ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., individually,
14  and CORPORATION OF THE PRESIDING
    BISHOP OF THE CHURCH OF JESUS
15  CHRIST OF LATTER-DAY SAINTS, a
    foreign corporation registered to
16  do business in the State of Nevada;
    CORPORATION OF THE PRESIDENT OF THE
17  CHURCH OF JESUS CHRIST OF LATTER-
    DAY SAINTS AND SUCCESSORS, a
18  foreign corporation registered to
    do business in the State of Nevada;
19  and  Does 1-5, and XYZ Corporations
    1-5.
20
                Defendants.
21  _____/

22          COMES NOW, Plaintiff, DA-DAZE-NOM MANZANARES, ("PLAINTIFF"),

23  by and through her attorneys, Marvel & Kump, Ltd., and Lisa K. Mendez,

24  Ltd., and for causes of action against Defendants, alleges, avers and

25  complains as follows:

26  ///

27  ///

28  ///
```

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, NV 89801
775-777-1204

Dockets.Justia.com

## Parties

### (Jurisdiction and Venue)

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitutions of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988.

2. This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331 and 1393, Plaintiff also invokes the pendent jurisdiction of this court.

3. Venue is proper in this District pursuant to Title 28 of the United States Code, §1391. Plaintiff, Da-Daze-Nom Manzanares, was born on February 14, 1987 and was a minor at the time the causes of action arose, having since that time reached the age of majority. Plaintiff is currently nineteen (19) years old. During all relevant times, Plaintiff resided in Elko County, Nevada with her mother Martha Seahmer.

4. Defendant Elko County School District ("ECSD") was at all times material to this complaint a school district organized and existing under the laws of the State of Nevada. ECSD is located in Elko County, Nevada.

5. At all times relevant to this Complaint, the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors, was a foreign religious corporation of the Church of Jesus Christ of Latter Day Saints operating in Nevada. At all times relevant to this Complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, was a foreign religious corporation of the LDS Church operating in Nevada. The Corporation of

the President and Corporation of the Presiding Bishop will be referred to collectively hereinafter as "LDS Church."

6. As part of the LDS Church's hierarchy, the Church selects and authorizes individual members to serve as Bishops or Branch Presidents to counsel, minister and serve as spiritual leaders to LDS families, including children, in the congregation. The LDS Church selected Defendant, Gary Lee Jones, Sr., to serve as the Branch President for the Church of Jesus Christ of LDS, to counsel minister and serve as the head of the Church of Jesus Christ of LDS of which Plaintiff and her family were members.

7. Defendant Gary Lee Jones, Sr., ("Jones"), both as an agent for ECSD, an agent for the LDS Church, and individually, was at all times material to this complaint, employed by ECSD as a building superintendent, and the Branch President of the Church of Jesus Christ of LDS. Jones was a resident of Elko County, Nevada when the cause of action arose.

8. Owyhee High School ("OHS") was at all times material to this complaint a high school facility operated by and under the management and control of Defendant ECSD under the laws of the State of Nevada.

9. Does 1 through 6 are unknown employees, agents, contractors, personal representatives, persons, entities, successors, assigns, tortfeasors, or agencies who are in some way responsible for Plaintiff's damages alleged herein, in either a representative capacity or by virtue of independent acts or omissions. When the true names and identities of the Doe Defendants are ascertained, Plaintiff will seek leave to amend this complaint to insert their true names and identities.

///

10. XYZ Corporations 1 through 6, inclusive, are legal entities or corporations who the Plaintiff alleges are additionally, jointly and severally liable to the Plaintiff for the acts and events alleged herein, or are agents and/or alter egos of Defendants named herein. When the true names and identities of XYZ Corporations are ascertained, Plaintiff will seek leave to amend this complaint to insert their true names.

### Facts

11. Plaintiff restates and realleges Paragraphs 1 through 10 above, and incorporates the same as if fully set out herein.

12. Jones, was employed as a building Superintendent at OHS during the times Plaintiff attended high school there, and was the supervisor to Plaintiff's mother, MARTHA SEAHMER, also employed by ECSD.

13. Jones was selected and appointed by the LDS Church to act as their Branch President for the Church of Jesus Christ of LDS to minister, counsel, and serve as the spiritual leader for that congregation, of which Plaintiff and her family relied upon.

14. While working in the Church of Jesus Christ of LDS and for the purpose of furthering his assigned duties as a Branch President, Jones identified Plaintiff's family as one in need with a teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to counsel Plaintiff, and sought and gained the instruction of Plaintiff's parents that she was to have respect for Jones' authority and to comply with Jones' instruction and requests.

///

15. The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued during the time that Jones was working at OHS where Plaintiff was a student. During the 2001-2002 school year, when Plaintiff was fourteen, staff at OHS observed Jones making inappropriate contacts with Plaintiff. OHS staff members were also aware of daily telephone calls between Jones and Plaintiff at his school office. OHS staff members complained to the OHS administration, but OHS and ECSD took no action.

16. Jones, while using the authority and position of trust as the Branch President of the Church of Jesus Christ of LDS and also while acting within the course and scope of his employment and agency with ECSD, induced and directed Plaintiff to engage in various sex acts with Jones. These acts constituted a harmful or offensive touching of Plaintiff.

17. The LDS Church and ECSD were informed of Jones' inappropriate conduct and sexual abuse of Plaintiff. Despite receiving various reports concerning Jones, neither the LDS Church nor ECSD took any action to protect Plaintiff or to report the sexual abuse to law enforcement authorities.

18. On or about August 26, 2002, days after the commencement of the new school year, Plaintiff attempted suicide by trying to hang herself in her family's basement due to Jones' conduct and sexual abuse of her. She remained hospitalized until approximately January 7, 2003, when she was discharged from a residential treatment facility.

19. Subsequently, Jones was arrested on charges of sexual abuse of a minor as a result of his sexual abuse of Plaintiff. Jones ultimately pleaded guilty to Statutory Sexual Seduction of Plaintiff in Elko County District Court in the State of Nevada.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights

20. Plaintiff restates and realleges Paragraphs 1 through 19 above, and incorporates the same as if fully set out herein.

21. The acts of the Defendants alleged herein were done by ECSD and Jones, under the color and pretense of the statutes, ordinances, regulations, and customs, of the State of Nevada, City of Elko, and the County of Elko, and under the authority of their office as a school district organized and existing under the laws of the State of Nevada.

22. That pursuant to statutes, ordinances, regulations, and customs of the State of Nevada, ECSD was responsible for the care, custody and control of their employees and students, including Plaintiff, who was a minor child enrolled as a student at OHS at all relevant times to this action.

23. That during the above-alleged period of time extending through 2002, Jones, acting as a building superintendent and within the course and scope of his employment with ECSD, did on repeated, separate and distinct times, sexually assault Plaintiff during her minority.

24. That during this relevant period of time, ECSD had adopted and were pursuing a policy, custom, or de facto policy or custom which failed to properly implement, supervise and oversee the administration of its schools which allowed Jones to sexually assault the minor child Plaintiff. Further, ECSD failed to investigate or report allegations of sexual misconduct made against Jones, and failed to follow-up in any form as to these allegations, which investigation and follow-up would have prevented and/or terminated the actions of Jones.

25. As a result of the acts of ECSD and Jones, Plaintiff suffered such extreme physical and mental pain, anguish, and embarrassment that she attempted to commit suicide in her family's home and was placed in a mental hospital for several months.

26. Plaintiff alleges that at all times herein mentioned, the above-described acts and omissions were performed pursuant to certain customs, policies, or defacto policies and/or customs of the Defendants, and each of them, including, but not limited to: (1) the inadequate screening, hiring, and retention of school personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision of employees; (4) inadequate implementation of investigation procedures or reporting procedures regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate indifference to students enrolled in ECSD schools.

27. The acts of the ECSD and Jones that resulted in harm to Plaintiff, were partially or wholly undertaken in pursuance of official and/or unofficial policy, and established unauthorized and illegal patterns of conduct, consisting of (1) the inadequate screening, hiring, and retention of school personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision of employees; (4) inadequate implementation of investigation procedures or reporting procedures regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate indifference to students enrolled in ECSD schools; by which said Defendants, acting under color of law, have denied persons the rights, privileges and immunities guaranteed to them by the Fourth and

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, NV 89801
775-777-1204

-7-

Fourteenth Amendments to the Constitution of the United States. This pattern of conduct, while carried out under color of law, has no justification or excuse in law, but instead, is improper and illegal and is unrelated to any activities in which school authorities and personnel may properly and legally act in the course of their duties to care for minor students.

28. Further, the acts of the ECSD and Jones that resulted in injuries to the Plaintiff, were undertaken as a result of inadequate hiring, training and supervision of school personnel, and this failure amounted to deliberate indifference to the rights of students with whom Defendant had custodial care.

29. The aforesaid acts of Defendants, individually, and in concert with the others, were carried out under the pretense of color of law in their official capacities, but said acts went beyond the scope of their jurisdiction and without authorization of law, each Defendant, individually, and in concert with others, acted willfully, knowingly, and with specific intent to deprive Plaintiff, a minor student, of her rights, by reason of the same Plaintiff is entitled to compensatory damages and punitive damages in the amounts set forth below.

30. The aforementioned acts of all Defendants, individually, and in concert with others, were willful and malicious in that Defendants' conduct was carried out with a conscious disregard for the Plaintiff minor child's rights such as to constitute oppression, fraud or malice under the NRS 42.010, thereby warranting the assessment of exemplary and punitive damages against Defendants in the amount set forth below appropriate to punish Defendants and set an example for others.

///

31. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

32. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Attorney Fees

33. Plaintiff restates and realleges Paragraphs 1 through 32 above, and incorporates the same as if fully set out herein.

34. It has been necessary for Plaintiff to retain the services of Marvel and Kump, Ltd. in order to prosecute this action under 42 U.S.C. §1983, and therefore, Plaintiff pursuant to 42 U.S.C. §1988, is entitled to a reasonable award of attorney fees for bringing this claim against the Defendants, and each of them.

## THIRD CAUSE OF ACTION

### Negligent Supervision and Retention Against Defendant Elko County School District

35. Plaintiff restates and realleges Paragraphs 1 through 34 above, and incorporates the same as if fully set out herein.

36. At all times material to this complaint, ECSD had an affirmative duty and obligation to properly train and adequately supervise and monitor Jones' activities, including his relations with students.

37. While he was employed at OHS, ECSD, through its agents, received abundant information concerning Jones' inappropriate conduct with Plaintiff. Through its agents, ECSD was aware that Jones was perpetuating an improper sexual relationship with Plaintiff, a fourteen year old student, on school grounds; that Jones was caught with

Plaintiff in a school locker room; that Jones took Plaintiff to an ECSD function in Elko, staying with her in a motel. Despite receiving information, ECSD failed to take any action to investigate, supervise, or report Jones' inappropriate contacts with Plaintiff. Indeed, ECSD took no action until Jones' wife exposed the sexual abuse, ultimately causing Jones to be reported and arrested.

38. As a direct and proximate result of ECSD's negligent supervision of Jones, Jones was able to sexually abuse Plaintiff for an extended period of time.

39. In addition to negligently supervising Jones, ECSD failed to protect Plaintiff, an ECSD student. ECSD's negligent supervision of Plaintiff allowed Jones to develop a sexual relationship with her, and to sexually abuse her.

40. As a direct and proximate result of ECSD's negligent supervision of Jones, and ECSD's negligent supervision and failure to protect Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

41. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

42. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### Sexual Abuse of a Child/Respondeat Superior

43. Plaintiff restates and realleges Paragraphs 1 through 42 above, and incorporates the same as if fully set out herein.

44. LDS Church empowered Jones to perform all duties of a Branch President including counseling, spiritual and moral guidance, religious instruction, ministry and other duties for LDS families. Defendants knew that as part of his duties as a Branch President, Jones would be in a position of trust and confidence with the church and community families, including Plaintiff in this case.

45. For the purpose of furthering his duties as a Branch President, Jones also sought and gained the trust, friendship, admiration and obedience of Plaintiff. As a result, Plaintiff was conditioned to trust Jones to comply with Jones' direction, and to respect Jones as a person of authority in spiritual, moral and ethical matters.

46. The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued in Jones' contact with Plaintiff through the course and scope of his employment at OHS where Plaintiff was a student.

47. Jones, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Branch President for the Defendants, induced and directed Plaintiff to engage in various sexual acts with Jones. These acts constituted a harmful or offensive touching of Plaintiff.

48. Specifically, Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving each of the Defendants.

49. Jones used the grooming process to accomplish his acts of sexual molestation of the Plaintiff. Jones' grooming was (1) committed in direct connection and for the purposes of fulfilling Jones'

employment and agency with each of the Defendants; (2) committed within the time and space limits of his agency with each of the Defendants; (3) done initially and at least in part from a desire to serve the interests of the Defendants; (4) done directly in the performance of his duties with each of the Defendants; (5) consisted generally of actions of a kind and nature which Jones was required to perform for each of the Defendants; and (6) was done at the direction of, and pursuant to, the power vested in him by each of the Defendants.

50. As a result of Jones' sexual abuse, molestation, and breach of authority, trust and position, Plaintiff has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, in amounts to be proven at trial.

51. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

52. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

#### Sexual Abuse of a Child/Respondeat Superior

53. Plaintiff restates and realleges Paragraphs 1 through 52 above, and incorporates the same as if fully set out herein.

54. In the course and scope of his employment with ECSD, Jones induced and directed Plaintiff to engage in various sexual acts with Jones. These acts constituted a harmful or offensive touching of Plaintiff. Jones' sexual molestation of Plaintiff occurred on several occasions between 2001 and 2002.

55. Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364.

56. As a direct and proximate result of Jones' intentional acts Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

57. As a consequence of Jones' malicious acts Plaintiff is entitled to punitive damages.

58. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

#### Failure to Report Suspected Child Sex Abuse By ECDS and the LDS Church

59. Plaintiff restates and realleges Paragraphs 1 through 58 above, and incorporates the same as if fully set out herein.

60. Despite having reasonable cause to suspect child abuse or neglect of the minor Plaintiff, ECSD and the LDS Church failed to report obvious signs of abuse as required by Nevada law and further failed to conduct a reasonable investigation.

61. As a direct and proximate result of ECSD and the LDS Church's failure to report child sex abuse by Jones against Plaintiff as required under NRS 432B.220 and other applicable law, Jones was able to sexually abuse Plaintiff over an extended period of time.

62. As a direct and proximate result of ECSD and the LDS Church's failure to report child sex abuse by Jones against Plaintiff as required under NRS 423B.220 and other applicable law, Plaintiff has suffered damages in an amount to be proven at trial, including emotional

and psychological damage, pain and suffering, and such other damages as are proven at trial.

63. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

#### Negligent Training and Supervision

64. Plaintiff restates and realleges Paragraphs 1 through 63 above, and incorporates the same as if fully set out herein.

65. The LDS Church had a duty to train and supervise its hierarchal clergy including but not limited to, assisting victims of child abuse, reporting incidents of child abuse to property authorities, making church leaders familiar with State child abuse reporting statutes.

66. The LDS Church had an additional duty to supervise its hierarchal clergy and members in positions of authority. The LDS Church failed to supervise Jones in his position as Branch President, and as a result, Plaintiff was sexually abused by Jones.

67. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

68. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

#### Intentional Infliction of Emotional Distress

69. Plaintiff restates and realleges Paragraphs 1 through 68 above, and incorporates the same as if fully set out herein.

70. Each of the Defendants herein engaged in extreme and outrageous conduct with reckless disregard for causing emotional distress to Plaintiff.

71. Each of the Defendants' outrageous conduct was the actual and/or approximate cause of the Plaintiff having suffered an apparent breakdown and attempting to hang herself in her parents' basement, which caused Plaintiff to be hospitalized in a residential treatment facility from approximately August 26, 2002 to approximately January 7, 2003.

72. As a direct and proximate result of the Defendants' intentional acts, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial. As a consequence of Defendants' malicious acts, Plaintiff is entitled to punitive damages.

73. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

74. Plaintiff restates and realleges Paragraphs 1 through 73 above, and incorporates the same as if fully set out herein.

75. ECSD and the LDS Church each had an affirmative duty to property train and adequately supervise Jones' activities. ECSD additionally had an obligation to protect Plaintiff, a student at OHS, from its employee's criminal and intentional misconduct.

76. ECSD and the LDS Church failed to properly train, supervise and monitor Jones, and despite reports concerning Jones'

///

inappropriate conduct with Plaintiff, failed to act or protect Plaintiff from sexual abuse by Jones.

77. As a direct and approximate result of ECSD's negligent supervision of Jones and negligent conduct in failing to protect one of its students, Plaintiff was sexually abused by Jones for an extended period of time.

78. Plaintiff suffered extreme emotional distress caused by ECSD and the LDS Church's failure to protect her from further sexual abuse by Jones and their failure to supervise Jones, and attempted to hang herself in her family's basement. Plaintiff suffered from extreme mental distress and was hospitalized in a mental hospital and residential treatment center from approximately August 27, 2002 to approximately January 7, 2003.

79. As a direct and proximate result of ECSD and the LDS Church's negligent acts, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial. As a consequence of ECSD and the LDS Church's malicious acts, Plaintiff is entitled to punitive damages.

80. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### Conspiracy

81. Plaintiff restates and realleges Paragraphs 1 through 80 above, and incorporates the same as if fully set out herein.

82. That ECSD and the LDS Church knew or should have known of the activities of their agent Jones and the said Defendants by and

through their agents, and/or employees, conspired and in concert amongst themselves chose not to investigate, and/or did not provide information to one another, all in an attempt to cover up or keep secret the activities of Jones in regards to the injuries sustained by Plaintiff.

83. That as a direct and proximate result of the conspiracy, Plaintiff has suffered special and general damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1. For compensatory and general damages for past, present and future psychological, physical and emotional pain, suffering, distress and injury;

2. For punitive damages as set forth against Defendant Jones;

3. For the punitive damages as set forth against Defendant ECSD;

4. For the punitive damages as set forth against Defendant LDS Church;

5. For loss of enjoyment of life in the past and in the future;

6. For loss of consortium in the future;

7. For loss of earning capacity in the future;

8. For loss of emotional disfigurement in the past and in the future;

9. For loss of pre-judgment and post-judgment interest at the maximum legal rate;

///

///

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, NV 89801
775-777-1204

-17-

10. For all special damages including past, present and future medical, counseling, and psychological treatment and all other costs in an amount to be proven at trial;

11. For Plaintiff's costs of suit;

12. For Plaintiff's reasonable attorney's fees; and

13. For such other and further relief as the Court may deem just and proper.

DATED this 13th day of February, 2007.

MARVEL & KUMP, LTD.
Attorneys for Plaintiff
217 Idaho Street
P. O. Box 2645
Elko, NV 89803-2645

BY: _____
Jeffrey J. Kump, Nevada Bar #5694

```
 1  Jeffrey J. Kump, Esq. (Bar No. 5694)
    MARVEL & KUMP, LTD.
 2  217 Idaho Street, P.O. Box 2645
    Elko, NV 89803-2645
 3  Telephone:    (775) 777-1204
    Facsimile:    (775) 738-0187
 4

 5  Attorneys for Plaintiff

 6
                    UNITED STATES DISTRICT COURT
 7
                         DISTRICT OF NEVADA
 8

 9  DA-DAZE-NOM MANZANARES,

10            Plaintiff,

11  vs.                                  CERTIFICATE REQUIRED BY
                                         LOCAL RULE 10-6
12  ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., as agent for
13  ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., individually,
14  and CORPORATION OF THE PRESIDING
    BISHOP OF THE CHURCH OF JESUS
15  CHRIST OF LATTER-DAY SAINTS, a
    foreign corporation registered to
16  do business in the State of Nevada;
    CORPORATION OF THE PRESIDENT OF THE
17  CHURCH OF JESUS CHRIST OF LATTER-
    DAY SAINTS AND SUCCESSORS, a
18  foreign corporation registered to
    do business in the State of Nevada;
19  and Does 1-5, and XYZ Corporations
    1-5.
20
              Defendants.
21  _____/

22        The undersigned, counsel of record for Plaintiff above-named,

23  certifies that the following have an interest in the outcome of this

24  case: There are no known interested parties other than those

25  participating in this case.

26  ///

27  ///

28  ///
```

These representations are made to enable judges of the court to evaluate possible recusal.

DATED this 13th day of February, 2007.

MARVEL & KUMP, LTD.
Attorneys for Plaintiff
217 Idaho Street
P. O. Box 2645
Elko, NV 89803-2645

BY: _____
Jeffrey J. Kump, Nevada Bar #5694