1  Kent R. Robison, Esq. (Bar No. 1167)
   Clayton P. Brust, Esq. (Bar No. 5234)
2  Jennifer L. Baker, Esq. (Bar No. 9559)
   ROBISON, BELAUSTEGUI, SHARP & LOW
3  71 Washington Street
   Reno, Nevada 89503
4  Telephone: (775) 329-3151
   Facsimile:  (775) 329-7941
5  Attorneys for Defendants
   Corporation of the Presiding Bishop of The Church
6  of Jesus Christ of Latter-Day Saints and
   Corporation of the President of The Church of Jesus
7  Christ of Latter-Day Saints and Successors

ELECTRONICALLY FILED 04/26/07

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DA-DAZE-NOM MANZANARES,

    Plaintiff,

vs.

ELKO COUNTY SCHOOL DISTRICT, and GARY LEE JONES, SR., as agent for ELKO COUNTY SCHOOL DISTRICT, and GARY LEE JONES, SR., individually, and CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation registered to do business in the State of Nevada; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in the State of Nevada; and Does 1-5, and XYZ Corporations 1-5.

    Defendants.
_____/

CASE NO. 07-CV-00076-LRH-RAM

**DEFENDANTS CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS' MOTION TO DISMISS**

    Defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints and Corporation of the President of The Church of Jesus Christ of Latter-Day Saints and Successors (collectively referred to herein as "LDS") hereby move this Honorable Court pursuant to Fed. R. Civ. Proc. 12(b)(6) for an Order dismissing Plaintiff's sixth and eighth claims against LDS with prejudice.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

dockets.Justia.com

This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein.

DATED this 26th day of April, 2007.

          ROBISON, BELAUSTEGUI, SHARP & LOW
          A Professional Corporation
          71 Washington Street
          Reno, Nevada 89503

By: _____
    KENT R. ROBISON
    CLAYTON P. BRUST
    JENNIFER L. BAKER
    Attorneys for Defendants
    Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints and Corporation of the President of The Church of Jesus Christ of Latter-Day Saints and Successors

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ALLEGED FACTS

This case arises out of the alleged sexual improprieties between Plaintiff and Defendant Gary Lee Jones, Sr. ("JONES"). Plaintiff alleges in her Complaint that during the 2001-2002 school year, JONES established a relationship with her and induced her to engage in various sexual acts with him. Complaint at p.5, ¶¶ 15, 16.

Plaintiff alleges that at the time JONES engaged in this behavior, he was employed by the Elko County School District and was acting as the Branch President for LDS.[1] Complaint, Doc. # 1-1, at p.5, ¶ 16. Plaintiff further (vaguely) alleges that LDS was informed of JONES' inappropriate conduct with the Plaintiff but failed to take action to report the conduct to the law enforcement authorities. Complaint, Doc. # 1-1, at p.5, ¶ 17.

According to the Complaint, the following events occurred. On or about August 26,

---

[1] The term "Branch President" is applied to periodic leaders of small, usually rural, congregations in the LDS Church and does not denote an employment relationship.

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

2

2002, JONES' relationship with Plaintiff was brought to the attention of Plaintiff's family. As a result, Plaintiff attempted to commit suicide. Complaint, Doc. # 1-1, at p.5, ¶ 18. Plaintiff was hospitalized until approximately January 7, 2003. Complaint, Doc. # 1-1, at p.5, ¶ 18. JONES was arrested on charges of sexual abuse of a minor and pled guilty to statutory sexual seduction of Plaintiff. Complaint, Doc. # 1-1, at p.5, ¶ 19.

On February 13, 2007, Plaintiff, now an adult, filed her Complaint against JONES, the Elko County School District and LDS. Plaintiff asserts therein ten (10) claims for relief. Of the ten (10), six (6) of the claims are against LDS. This Motion to Dismiss seeks dismissal of Plaintiff's Sixth and Eighth Claims For Relief, failure to report and intentional infliction of emotional distress.

## II.  LEGAL ARGUMENT

### A.  Legal Standard For Motion To Dismiss.

In considering a motion to dismiss, the Court asks only whether the pleadings are sufficient to establish a claim - not whether the Plaintiff could find evidence to support the pleadings. *E.g., In re Glen Fed.,Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994). Therefore, for purposes of the motion, the Court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the non-moving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) (citing *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)). Dismissal is warranted if it appears to a certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *Id.*

Even under this stringent standard, LDS is entitled to dismissal of Plaintiff's Sixth and Eighth Claims For Relief. In evaluating these pendent state law based claims against LDS, this Court must apply Nevada substantive law. *Hillery v. Rushen*, 720 F.2d 1132, 1138 n.5 (9th Cir. 1983). Under Nevada law, Plaintiff cannot succeed on her Sixth or Eighth Claims For Relief

under any set of facts that could be proven. Dismissal of these claims is therefore appropriate.

### B. Plaintiff's Sixth Claim For Relief For Failure To Report Should Be Dismissed.

In her Sixth Claim For Relief, Plaintiff asserts a claim for failure to report pursuant to NRS 432B.220. Plaintiff alleges that LDS failed to report JONES' sexual involvement with the Plaintiff despite having reasonable cause to "suspect" the sexual involvement. Complaint at p.13, ¶ 60. Plaintiff alleges that this allowed JONES to abuse Plaintiff over an extended period of time and caused her damages. Complaint, Doc. # 1-1, at p.13, ¶¶ 61-62. The claim seeks damages pursuant to NRS 432B.220. However, NRS 432B.220, the statute relied upon by Plaintiff as the basis of this claim, is a regulatory statute that is not enforceable by Plaintiff because it does not allow a civil right of action.

Federal law is clear. The issue of whether a federal statute implies a private right of action requires a determination of whether Congress intended to create a federal right. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). This questions is answered definitively in the negative when the statute does not by its terms grant any private rights to an identifiable class. *Id.* at 284. For a statute to create a private right of action, it must manifest an intent by Congress to create not just a private right, but also a private remedy. *Id.* at 284. The same analysis should be applied to the construction of a Nevada state statute.

The Nevada statute in this case, NRS 432B.220, does not provide a private civil right of action for failure to report. Nor does any other Nevada statute. This Court has previously examined NRS 432B.220 and the question of whether there exists a civil right of action for its violation. *Doe v. Nevada*, 356 F.Supp.2d 1123 (D. Nev. 2004). In *Doe*, this Court was presented with the issue of whether the plaintiffs should have been permitted to amend their complaint to add claims for negligence based on the defendant's failure to report suspected child abuse

4

pursuant to NRS 432B.220 and another separate reporting statute, NRS 388.521. The defendant argued that an amendment would be futile because the reporting statutes do not provide a private right of action.

This Court ultimately allowed the plaintiffs to amend their complaint; however, in so doing, this Court specifically stated that "**[t]he reporting statutes advanced in Plaintiff's amended complaint do not in themselves create a private right of action[.]**" Finding that the failure to report thereunder could be used only as evidence of a duty and breach in a negligence action, this Court permitted the amendment for those purposes alone. *Doe* at 1126. This Court recognized that there does not exist a private right of action pursuant to NRS 432B.220.

Plaintiff may provide evidence (if any exists) of LDS' alleged failure to report JONES' involvement with the Plaintiff in accordance with NRS 432B.220 as support for her negligence claim. Plaintiff may not, however, assert a separate claim for relief against LDS for Failure to Report pursuant to NRS 432B.220.

Dismissal is appropriate when the plaintiff's claim is based on a statute that does not provide a private right of action. *E.g., Skokomish Indian Tribe v. U.S.*, 410 F.3d 506, 519 (9th Cir. 2005). As specifically held in *Doe*, even if LDS did fail to comply with the statutory reporting requirements (a disputed allegation), Plaintiff does not have a private right of action for a failure to report. Plaintiff cannot, under any interpretation of the facts alleged in her Complaint, succeed on her Sixth Claim For Relief and recover damages for a failure to report. This claim should therefore be dismissed with prejudice.

    C.    **Plaintiff's Eighth Claim For Relief For Intentional Infliction Of Emotional Distress Should Be Dismissed.**

Plaintiff's Eighth Claim For Relief for intentional infliction of emotional distress ("IIED") should also be dismissed. Under Nevada common law, a claim for IIED requires a

showing that: (1) LDS engaged in extreme or outrageous conduct; (2) LDS did so with either the intent to cause or with reckless disregard for causing emotional distress; and (3) as a proximate result, the plaintiff suffered several or extreme emotional distress. *Jordan v. State ex rel Dept. of Motor Vehicles and Public Safety*, 121 Nev. 44, 110 P.3d 30, 52 (2005).

In her Complaint, Plaintiff has not alleged any specific conduct against LDS that could reasonably constitute extreme or outrageous conduct. The extent of Plaintiff's allegations regarding LDS in the Eighth Claim For Relief and the preceding paragraphs incorporated thereinto are that:

(1) LDS approved JONES as a Branch President (Complaint, Doc. # 1-1, at p.4, ¶ 13);

(2) JONES gained Plaintiff's and Plaintiff's family's permission and support to counsel Plaintiff while working for LDS and that JONES' relationship with Plaintiff was established in JONES' capacity as Branch President (Complaint, Doc. # 1-1, at p.4, ¶ 14; p.5, ¶ 15; p.11, ¶ 46);

(3) JONES induced and directed Plaintiff to engage in various sexual acts while acting in the course and scope of his agency with LDS (Complaint, Doc. # 1-1, at p.5, ¶ 16; p.11, ¶ 47);

(4) LDS was informed of JONES' inappropriate conduct with the Plaintiff but did not take action to protect Plaintiff or report the conduct to the law enforcement authorities (Complaint, Doc. # 1-1, at p.5, ¶ 17);

(5) LDS empowered JONES to perform his duties as Branch President and knew that, as a result, JONES would be in a position of trust and confidence with community families, including Plaintiff (Complaint, Doc. # 1-1, at p.11, ¶ 44);

(6) JONES sought and gained the trust, friendship, admiration, and obedience of

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

Plaintiff in furtherance of his duties as Branch President (Complaint, Doc. # 1-1, at p.11, ¶ 45);

(7) LDS failed to report the sexual misconduct as required by NRS 432B.220, despite having reasonable cause to suspect child abuse or neglect, thereby allowing JONES to abuse Plaintiff over an extended period of time (Complaint, Doc. # 1-1, at p.13, ¶ 61);

(8) LDS failed to supervise JONES, resulting in JONES' sexual involvement of Plaintiff (Complaint, Doc. # 1-1, at p.14, ¶ 66).

In order to state a claim for IIED, the plaintiff must allege that the specific defendant against whom the claim is asserted (LDS) acted with the specific intent or reckless disregard for causing emotional distress. *Id.* As is clear from Plaintiff's allegations, LDS did not engage in any of JONES' allegedly outrageous acts alleged in the Complaint.

Moreover, as a general principle, LDS cannot be held vicariously liable for JONES' intentional conduct in allegedly abusing Plaintiff. Under Nevada law, an employer cannot be held liable for harm or injury caused by the intentional act of an employee if the conduct: (1) was truly an independent venture of the employee; (2) was not committed in the course of the very task assigned to the employee; and (3) was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his employment. NRS 41.745(1).

The Nevada Supreme Court examined a similar set of facts in *Wood v. Safeway, Inc.*, 121 Nev. 724, 121 P.3d 1026 (2005). *Wood* involved a janitorial service employee who sexually assaulted an employee of one of the janitorial service's customers where he was sent to clean. The employer was held not responsible under a respondeat superior claim because: (a) the employee janitor was not acting on behalf of the employer or out of a sense of duty to the employer when he sexually assaulted the woman; (b) the assault was a truly independent venture of the employee; and (c) the assault was not reasonably foreseeable.

*Wood* defines "foreseeability" of an intentional act (for respondeat superior purposes) as

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

7

when the employer has reasonable cause to anticipate the act and the probability of injury therefrom. As in *Wood*, JONES' intentional sexual abuse of Plaintiff was not foreseeable. As a matter of law, JONES' intentional conduct cannot impose liability on LDS, even if JONES is assumed to be an "employee" of LDS.

Plaintiff cannot, even accepting the Plaintiff's allegations as true, succeed on her claim for IIED against LDS. Accordingly, her Eighth Claim For Relief for IIED should be dismissed.

### III. CONCLUSION

For the foregoing reasons, LDS respectfully requests that this Court enter an order dismissing Plaintiff's Sixth Claim For Relief for failure to report and Eighth Claim For Relief for intentional infliction of emotional distress as against LDS.

DATED this 26th day of April, 2007.

                          ROBISON, BELAUSTEGUI, SHARP & LOW
                          A Professional Corporation
                          71 Washington Street
                          Reno, Nevada 89503

By: /s/ Kent R. Robison
     KENT R. ROBISON
     CLAYTON P. BRUST
     JENNIFER L. BAKER
     Attorneys for Defendants
     Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints and Corporation of the President of The Church of Jesus Christ of Latter-Day Saints and Successors

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

8

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, BELAUSTEGUI, SHARP & LOW, and that on this date I caused a true copy of **Defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints' and Corporation of the President of The Church of Jesus Christ of Latter-Day Saints and Successors' Motion to Dismiss** to be served on all parties to this action by:

__X__  placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____  personal delivery/hand delivery

_____  facsimile (fax)

_____  Federal Express/UPS or other overnight delivery

_____  Reno Carson Messenger Service

Jeffrey J. Kump, Esq.  
Marvel & Kemp, Ltd.  
217 Idaho Street  
P.O. Box 2645  
Elko, NV 89803-2645  
Facsimile: (775) 738-0187  
Attorneys for Plaintiff

Thomas P. Beko, Esq.  
Erickson, Thorpe & Swainston, Ltd.  
99 West Arroyo Street  
P.O. Box 3559  
Reno, NV 89505  
Facsimile: (775) 786-4160  
Attorneys for Defendant  
Elko County School District

Dated this 26th day of April, 2007.

_____  
V. JAYNE FERRETTO  
Employee of Robison, Belaustegui, Sharp & Low

J:\WPData\Krr\1105.001\P-Motion to Dismiss.wpd

ROBISON, BELAUSTEGUI, SHARP & LOW  
A PROFESSIONAL CORPORATION  
ATTORNEYS AT LAW  
71 WASHINGTON ST.  
RENO, NEVADA 89503  
TELEPHONE (775) 329-3151