| | |
|---|---|
| 1 | KELLY G. WATSON |
| 2 | Nevada Bar No.: 893 |
|   | COLT B. DODRILL |
| 3 | Nevada Bar No.: 9000 |
|   | The Law Offices of WATSON ROUNDS |
| 4 | A Professional Corporation |
|   | 5371 Kietzke Lane |
| 5 | Reno, Nevada 89511 |
|   | Telephone: (775) 324-4100 |
| 6 | Facsimile: (775) 333-8171 |
| 7 | Attorneys for Defendant, |
|   | GARY LEE JONES, SR. |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DA-DAZE-NOM MANZANARES,　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　 )　　CASE NO.: 3:07-cv-00076-LRH-RAM
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
ELKO COUNTY SCHOOL DISTRICT, )
GARY LEE JONES, SR., as agent for　 )
ELKO COUNTY SCHOOL DISTRICT, )
and GARY LEE JONES, SR., individually, )
and CORPORATION OF THE　　　　　 )
PRESIDING BISHOP OF THE CHURCH )
OF JESUS CHRIST OF LATTER-DAY　 )
SAINTS, a foreign corporation registered to )
Do business in the State of Nevada;　　　)
CORPORATION OF THE PRESIDENT OF)
THE CHURCH OF JESUS CHRIST OF　 )
LATTER-DAY SAINTS AND　　　　　　 )
SUCCESSORS, a foreign corporation　　 )
Registered to do business in the State of　 )
Nevada; and Does 1-5, and XYZ　　　　　)
Corporations 1-5.)　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants,　　　　　　　　　　 )
_____)

**DEFENDANT, GARY LEE JONES, SR.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, GARY LEE JONES, SR. (hereinafter, "Jones"), by and through his counsel of record, Colt B. Dodrill, Esq., of the Law Offices of WATSON ROUNDS, a Professional

Corporation, hereby answers the Complaint of Plaintiff, DA-DAZE-NOM MANZANARES, as follows:

### Parties
### (Jurisdiction and Venue)

1. Answering Paragraph 1 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

2. Answering Paragraph 2 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

3. Answering Paragraph 3 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

4. Jones admits the allegations in Paragraph 4 of Complaint.

5. Answering Paragraph 5 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

6. Answering Paragraph 6 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

7. Answering Paragraph 7 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

8. Jones admits the allegations in Paragraph 8 of Complaint.

9. Answering Paragraph 9 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

10. Answering Paragraph 10 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

### Facts

11. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. Answering Paragraph 12 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

13. Answering Paragraph 13 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

14. Answering Paragraph 14 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

15. Answering Paragraph 15 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

16. Jones denies the allegations in Paragraph 16 of Complaint.

///

///

17. Answering Paragraph 17 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

18. Answering Paragraph 18 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

19. Jones admits the allegations in Paragraph 19 of Complaint.

### FRIST CAUSE OF ACTION
### Violation of Civil Rights

20. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Jones denies the allegations in Paragraph 21 of Complaint.

22. Answering Paragraph 22 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

23. Answering Paragraph 23 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

24. Answering Paragraph 24 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

25. Answering Paragraph 25 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

26. Answering Paragraph 26 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

27. Answering Paragraph 27 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

28. Answering Paragraph 28 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

29. Jones denies the allegations in Paragraph 29 of Complaint.

30. Jones denies the allegations in Paragraph 30 of Complaint.

31. Answering Paragraph 31 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

32. Jones denies the allegations in Paragraph 32 of Complaint.

## SECOND CAUSE OF ACTION
### Attorney Fees

33. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Jones denies the allegations in Paragraph 34 of Complaint.

## THIRD CAUSE OF ACTION
### Negligent Supervision and Retention Against Defendant, Elko County School District

35. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

///

36. Answering Paragraph 36 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

37. Answering Paragraph 37 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

38. Answering Paragraph 38 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

39. Jones denies the allegations in Paragraph 39 of Complaint.

40. Answering Paragraph 40 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

41. Answering Paragraph 41 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

42. Jones denies the allegations in Paragraph 42 of Complaint.

## FOURTH CAUSE OF ACTION
### Sexual Abuse of a Child/Respondent Superior

43. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 42 of the Complaint as though fully set forth herein

44. Answering Paragraph 44 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

45. Jones denies the allegations in Paragraph 45 of Complaint.

46. Jones denies the allegations in Paragraph 46 of Complaint.

47. Jones denies the allegations in Paragraph 47 of Complaint.

48. Jones denies the allegations in Paragraph 48 of Complaint.

49. Jones denies the allegations in Paragraph 49 of Complaint.

50. Answering Paragraph 50 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

51. Answering Paragraph 51 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

52. Jones denies the allegations in Paragraph 52 of Complaint.

### FIFTH CAUSE OF ACTION
### Sexual Abuse of Child/Respondent Superior

53. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. Jones denies the allegations in Paragraph 54 of Complaint.

55. Jones admits the allegations in Paragraph 55 of Complaint.

56. Answering Paragraph 56 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

57. Answering Paragraph 57 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

58. Jones denies the allegations in Paragraph 58 of Complaint.

///

## SIXTH CAUSE OF ACTION
### Failure to Report Suspected Child Sex Abuse By ECDS and the LDS Church

59. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. Answering Paragraph 60 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

61. Answering Paragraph 61 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

62. Answering Paragraph 62 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

63. Jones denies the allegations in Paragraph 63 of Complaint.

## SEVENTH CAUSE OF ACTION
### Negligent Training and Supervision

64. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. Answering Paragraph 65 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

66. Answering Paragraph 66 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

67. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

68. Jones denies the allegations in Paragraph 68 of Complaint.

### EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

69. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70. Jones denies the allegations in Paragraph 70 of Complaint.

71. Answering Paragraph 71 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

72. Answering Paragraph 72 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

73. Jones denies the allegations in Paragraph 73 of Complaint.

### NINTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

74. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 73 of the Complaint as though fully set forth herein.

75. Answering Paragraph 75 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

76. Answering Paragraph 76 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

77. Jones denies the allegations in Paragraph 77 of Complaint.

78. Answering Paragraph 78 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

79. Answering Paragraph 79 of Complaint, Jones is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and for that reason, denies them.

80. Jones denies the allegations in Paragraph 80 of Complaint.

## TENTH CAUSE OF ACTION
### Conspiracy

81. Jones realleges and incorporates by reference his answers to Paragraphs 1 through 80 of the Complaint as though fully set forth herein.

82. Jones denies the allegations in Paragraph 82 of Complaint.

83. Jones denies the allegations in Paragraph 83 of Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Jones upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages complained of by Plaintiff, if any exist, were caused by the actions of third-parties over which Jones had no control.

### THIRD AFFIRMATIVE DEFENSE

Any damages complained of by Plaintiff, if any exist, were the result of a pre-existing condition.

///

///

### FOURTH AFFIRMATIVE DEFENSE

Any damages complained of by Plaintiff, if any exist, were the result of an unforeseeable intervening and superseding act over which Jones had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the doctrines of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the doctrine of immunity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the doctrine of qualified immunity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the doctrine of discretionary immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims against Jones.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Jones are barred by the consent of the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy conditions precedent to bringing any action against Jones.

*FIFTEENTH AFFIRMATIVE DEFENSE*

The claims alleged by Plaintiff are barred by the applicable Nevada statutes of limitation.

*SIXTEENTH AFFIRMATIVE DEFENSE*

Jones is informed, believe(s), and thereon alleges(s) that Plaintiff failed to join a party necessary for just adjudication of the claim at issue in this action

*SEVENTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's cause of action is barred by her own conduct or negligence, which negligence was greater than Jones', if any, and was a proximate cause of Plaintiff's damages, if any.

*EIGHTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims against Jones are barred by the absence of state action.

*NINETEENTH AFFIRMATIVE DEFENSE*

The acts which are the subject matter of Plaintiff's Complaint, if any, do not constitute state action, and consequently, Plaintiff is barred from recovering against Jones.

*TWENTIETH AFFIRMATIVE DEFENSE*

The acts which are the subject matter of Plaintiff's Complaint, if any, were not performed under the color of law, and consequently, Plaintiff is barred from recovering against Jones.

*TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiff has failed to allege facts which would make Jones liable to Plaintiff for any of the acts alleged herein.

*TWENTY-SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims against Jones are barred by the sovereign immunity of indigenous peoples as declared by the law of the United States.

/ / /

/ / /

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

The acts which are the subject matter of Plaintiff's Complaint, if any, occurred on a federally recognized Indian reservation and are governed by the laws, regulations, and customs of the indigenous persons residing therein.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

Pursuant to Rule 11 of FRCP as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry from the filing of the Complaint. In the event further investigation or discovery in this case reveals the applicability of any additional affirmative defenses, including but not limited to those affirmative defenses enumerated to FRCP 8(c), Defendant reserves the right to specifically assert any such defenses. The defenses contained in FRCP 8(c) are incorporated herein by reference for the specific purpose of not waiving any such defenses.

WHEREFORE, Defendant, GARY LEE JONES, SR., prays for judgment against Plaintiff, DA-DAZE-NOM MANZANARES, as follows:

1. That the Complaint be dismissed in its entirety;
2. That Plaintiff's claims for relief be denied;
3. That Defendant be awarded costs and an appropriate attorney's fee;

///
///
///
///
///
///
///

4. For such other and further relief as the Court may seem just and proper in the premises.

DATED this 7th day of May, 2007.

>The Law Offices of WATSON ROUNDS,
>A Professional Corporation
>
>_____
>COLT B. DODRILL, ESQ.
>Nevada Bar No. 9000
>5371 Kietzke Lane
>Reno, Nevada 89511
>Attorneys for Defendant,
>Gary Lee Jones, Sr.

## CERTIFICATE OF SERVICE

I, Bonnie O'Laughlin, hereby certify that a copy of the foregoing **ANSWER** was served on the following persons **VIA ELECTRONIC MAIL**:

Jeffrey J. Kump, Esq.
MARVEL & KUMP, LTD
217 Idaho Street, P. O. Box 2645
Elko, Nevada 89803-2645
Attorney for Plaintiff

Thomas P. Beko, Esq.
ERICKSON, THORPE & SWAINSTON, LTD.
99 W. Arroyo St.
Reno, Nevada 89509

Kent Robison, Esq.
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503,
Attorney for Defendants,
Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, and Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors

DATED this 7th day of May, 2007.

_____
An Employee of Watson Rounds