JEFFREY J. KUMP
Nevada Bar No. 5694
MARVEL & KUMP, LTD
217 Idaho Street
Elko, NV 89801
Telephone: (775) 777-1204
Facsimile: (775) 738-0187
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DA-DAZE-NOM MANZANARES,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ELKO COUNTY SCHOOL DISTRICT, and GARY LEE JONES, SR., as agent for ELKO COUNTY SCHOOL DISTRICT, and GARY LEE JONES, SR., individually, and CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER - DAY SAINTS, a foreign corporation registered to do business in the State of Nevada; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in the State of Nevada; and Does 1-5, and XYZ Corporations 1-5.<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 3:07-CV-00076<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER - DAY SAINTS AND CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND COMPLAINT |

COMES NOW, Plaintiff, Da-daze-nom Manzanares, by and through her attorneys, Marvel & Kump, Ltd., and submits the following in opposition to the Defendants Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter - Day Saints and Corporation of The President of The Church of Jesus Christ of Latter-day Saints And Successors' (collectively referred to herein as "LDS") Motion to Dismiss Plaintiff's sixth and eight claims against LDS. Plaintiff's

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, Nevada 89801
(775) 738-9881

1

Dockets.Justia.com

1 | Opposition is based upon the following points and authorities and the papers and pleadings on file
2 | herein. Plaintiff additionally moves this court for leave to amend its complaint. A copy of Plaintiff's
3 | proposed First Amended Complaint is attached hereto.
4 | DATED this 14 day of May, 2007.

MARVEL & KUMP, LTD.
217 Idaho Street
Elko, Nevada 89801

JEFFREY J. KUMP
Attorneys for Plaintiff
Nevada State Bar No. 5694

## POINTS AND AUTHORITIES

1. <u>Facts</u>.

   1. Plaintiff DA-DAZE-NOM MANZANARES, was 14 years old at the time the alleged incidents began. Complaint, Doc. #1-1, at p.5, para. 15.

   2. Defendant Gary Lee Jones, Sr. ("Jones") was the acting Branch President of the Church of Jesus Christ of LDS. Complaint, Doc. #1-1, at p.4, para. 13.

   3. LDS selected Jones to serve as the Branch President for Church of Jesus Christ of LDS to counsel minister and serve as the spiritual leader for the Church of Jesus Christ of LDS.

   4. LDS empowered Jones to perform all duties of a Branch President including counseling, spiritual and moral guidance, religious instruction, ministry. LDS knew that as part of Jones' duties as Branch President, Jones would be in a position of trust and confidence with the community families, including Plaintiff. Complaint, Doc. #1-1, at p.11, para. 44.

   5. While working in the Church of Jesus Christ of LDS and for the purpose of furthering his assigned duties as Branch President, Jones identified Plaintiff's family as one in need with a teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to counsel Plaintiff, and sought and gained the instruction of Plaintiff's parents that she was to have respect for Jones' authority and to comply with Jones' instruction and requests. Complaint, Doc. #1-1, at p.4, para. 14.

   6. For the purpose of furthering his duties as a Branch President, Jones also sought and gained the trust, friendship, admiration and obedience of Plaintiff. As a result, Plaintiff was conditioned to trust Jones to comply with Jones' direction, and to respect Jones as a person of authority in spiritual, moral and ethical matters. Complaint, Doc. #1-1, at p.11, para. 45.

   7. The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued in Jones' contact with Plaintiff through the course and scope of his employment with Defendant Elko County School District, (ECSD) at Owyhee High School where Plaintiff was a student. Complaint, Doc. #1-1, at p.11, para. 46. Jones while using the authority and position of trust as the Branch President of the Church of Jesus Christ of LDS and also

while acting within the course and scope of his employment and agency with ECSD induced and directed Plaintiff to engage in various sex acts with Jones. Complaint, Doc. #1-1, at p.11, para. 47.

8. Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving LDS and ECSD. Complaint, Doc. #1-1, at p.11, para. 48.

9. Jones used the grooming process to accomplish his acts of sexual molestation of the Plaintiff. Jones' grooming was (1) committed in direct connection and for the purposes of fulfilling Jones' employment and agency with each of the Defendants; (2) committed within the time and space limits of his agency with each of the Defendants; (3) done initially and at least in part from a desire to serve the interests of the Defendants; (4) done directly in the performance of his duties with each of the Defendants; (5) consisted generally of actions of a kind and nature which Jones was required to perform for each of the Defendants; and (6) was done at the direction of, and pursuant to, the power vested in him by each of the Defendants. Complaint, Doc. #1-1, at p.11, para. 49.

10. Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364. Complaint, Doc. #1-1, at p.13, para. 55.

11. Despite receiving reports and being informed and having reasonable cause to suspect child abuse or neglect of the minor Plaintiff, ECSD and LDS failed to report obvious signs of abuse as required by Nevada law and further failed to conduct a reasonable investigation. Complaint, Doc. #1-1, at p.5, para.17; Complaint, Doc. #1-1, at p.13, para. 60.

12. ECSD and the LDS Church knew or should have known of the activities of Jones, but ECSD and LDS either chose not to investigate, and/or did not provide information to authorities, which enabled Jones to molest and sexually abuse Plaintiff over an extended period of time. Complaint, Doc. #1-1, at p.13, para. 60.

13. Because of the Defendant's acts Plaintiff suffered a breakdown and attempted to hang herself in her parents' basement. Complaint, Doc. #1-1, at p.5, para. 18.

14. Defendants LDS now ask this Court to dismiss count six in which Plaintiff alleges that Defendants LDS failed to report suspected child abuse arguing that Nevada Law does not allow a civil right of action.

1. 15. Defendants LDS further asks this Court to dismiss count eight in which Plaintiff alleges Intentional Infliction of Emotional Distress against Defendant LDS arguing that Plaintiff failed to allege outrageous conduct by Defendant LDS and that LDS cannot be held vicariously liable for Jones' intentional conduct.

2. Argument.

   2.1. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

   FRCP 8(a) provides a simplified pleading standard. "Federal courts' liberal pleading rules require only that complaint sufficiently establish a basis for judgment against defendant." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). FRCP 8(e) provides that "[n]o technical forms of pleading or motions are required," and FRCP 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." Pleadings are construed liberally. Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

   "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. See Conley, supra, at 48, 78 S.Ct. 99 ('The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits')." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002).

Plaintiff's complaint satisfies the requirements of Rule 8(a) because it gives the Defendants fair notice of the basis for Plaintiff's claims and relief can be granted under proven facts consistent with the allegations.

2.2    "In considering a motion to dismiss, '[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the nonmoving party, but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Simpson v. AOL Time Warner, Inc., 452 F.3d 1040, 1046 (9th Cir. 2006) (quoting Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)). There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted)." George v. Morton, Slip Copy, WL 680788 (D.Nev. 2007).

2.3    Plaintiff's sixth claim for relief alleges that she has been harmed because of Defendants' LDS and ECSD's failure to investigate and report signs of abuse or neglect as is required under Nevada law. Plaintiff cites 432B.220.

In this case a violation of NRS 432B.220 constitutes negligence per se. A statutory violation is negligence per se if the injured party belongs to the class of persons whom the statute was intended to protect, and the injury suffered is of the type the statute was intended to prevent. Atkinson v. MGM Grand Hotel, Inc., 120 Nev. 639, 643, 98 P.3d 678 (2004).

The plain and unambiguous language of NRS 432B.220 is intended to protect children against abuse and neglect. In this case LDS knew that as part of Jones' duties as Branch President, Jones would be in a position of trust and confidence with the community families, including Plaintiff. Jones sexually abuse Plaintiff over an extended period of time. LDS Church knew or should have known of the activities of Jones, but ECSD and LDS Church either chose not to investigate, and/or did not provide information as required by Nevada law which enabled Jones to molest and sexually abuse Plaintiff over an extended period of time. Plaintiff was clearly within the the class of persons that the statute was designed to protect and her injury is of the type the statute was intended to prevent.

1   Negligence per se is a question of fact for the jury. <u>Doe v. State of Nevada</u>, 356 F.Supp.2d
2   1123,1126 (D.Nev. 2004)(citing Anderson, 113 Nev. at 965-66.) Plaintiff contends that by failing
3   to report, LDS was negligent. The Nevada law, NRS 432B.220, prescribes the standard of conduct
4   required of a reasonable man. <u>Doe v. State of Nevada</u>, 356 F.Supp.2d 1123,1126 (D.Nev. 2004).
5   Plaintiff's sixth claim for relief asserts a claim for negligence based on the duties imposed by the
6   reporting statute NRS 432B.220.

8   2.4    Plaintiff's eighth claim for relief alleges Intentional Infliction of Emotional Distress
9   against Defendant LDS. Plaintiff's theory lies in that the extreme and outrageous nature of
10  Defendant LDS' conduct may arise not so much from what it did or failed to do, but from abuse by
11  Defendant Jones of the relation and position which gave him actual and apparent power to cause
12  Plaintiff's damages.
13  "[T]o establish a cause of action for intentional infliction of emotional distress, a complaint
14  must allege the following: (1) extreme and outrageous conduct with either the intention of, or
15  reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered
16  by the plaintiff; and (3) actual or proximate causation." <u>Jordan v. State ex rel Dept. of Motor</u>
17  <u>Vehicles and Public Safety</u>, 121 Nev. 44, 110 P.3d 30, 52 (2005).
18  Jones while using the authority and position of trust as the Branch President of the Church
19  of Jesus Christ of LDS and also while acting within the course and scope of his employment and
20  agency with ECSD induced and directed Plaintiff to engage in various sex acts with Jones. Jones
21  sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and
22  mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving
23  LDS and ECSD. Despite having reasonable cause to suspect child abuse or neglect of the minor
24  Plaintiff, Defendants' ECSD and LDS failed to report obvious signs of abuse as required by Nevada
25  law and further failed to conduct a reasonable investigation or act to protect Plaintiff in any manner
26  or fashion. Plaintiff suffered a breakdown and attempted to hang herself in her parents' basement.
27  Plaintiff continues to suffer emotionally and psychologically.
28  Respondeat superior liability attaches when the employee is under the control of the employer
    and when the act is within the scope of employment. <u>Molino v. Asher</u>, 96 Nev. 814, 817 (1980).

LDS is liable for intentional torts committed by its Branch President during his employment, even if it is clear that those acts were not authorized by LDS. (See Doe v. Green, 298 F.Supp2d 1025, 1042 (D.Nev. 2004).

Although employees are never authorized to molest victims, in some circumstances they engage in the activity to serve the employer. This conduct may be viewed as both activity within and outside of the scope of employment and create vicarious liability for the employer. Nevada Dept. of Human Resources, Div. Of Mental Hygiene and Mental Retardation v. Jimenez, 113 Nev. 356, 364, 935 P.2d 274 (1997). For example, an employer is vicariously liable for the conduct of a group home supervisor who sexually abuses a child while providing care; and a psychologist's sexual harassment of his client exposed the counseling firm to liability for its employee's acts. Doe v. Green, 298 F.Supp2d 1025, 1042 (D.Nev. 2004) (citing Doe v. Estes, 113 Nev at 361; Ray v. Value Behavioral Health, Inc., 967 F.Supp 417 (D. Nev. 1997)).

The doctrine of vicarious liability imposes liability upon an employer or principal for the conduct of an employee or agent, on the grounds that the employer or principal should be held accountable for losses to third parties that arise from the actions of the employer or principal. Faragher v. City of Boca Raton, 524 U.S. 775, 795-798, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Unlike the principle of direct liability, vicarious liability does not require that the employer or principal actually cause the loss sustained by the third party. "The proper inquiry is not whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the agent which were authorized by the principal." Green, at 1042. Liability is imposed on the employer or principal with the rationale that the loss is the result of a reasonably foreseeable risk and attributable to the employer's or principal's activities. Id.

In this case, LDS empowered Jones authorizing him to counsel in his capacity as Branch President and then failed to monitor and/or supervise, thereby creating the opportunity to abuse his power. Jone's acts were strongly related to the psychological intimacy inherent in his role as LDS Branch President. The power created by LDS was intensified in this particular LDS church because of its isolation in the Owyhee region of Northeastern Nevada. The "aided-by-agency-relation principle embodied in section 219(2)(d) of the Restatement is instructive: an employer 'is not subject to liability for the torts of his servants acting outside the scope of their employment unless

... the servant purported to act or speak on behalf of the principal and there was reliance on apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." Faragher, at 801-802. As such, there was a significant obligation upon LDS to supervise and control the conduct of Jones who it had empowered. Jones' conduct was made possible, actually facilitated by the existence of the actual agency relationship, and LDS must be held vicariously liable for the misconduct of Jones.

3.  Conclusion.

All allegations and reasonable inferences taken as true, and construed in the light most favorable to Plaintiff, relief could be granted under proven facts consistent with the allegations.

4.  Motion for Leave to Amend Complaint.

FRCP 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

WHEREFORE, Plaintiff requests that the Court deny Defendant LDS' Motion to Dismiss and grant Plaintiff grant Plaintiff leave to file the proposed First Amended Complaint attached hereto.

DATED this 14 day of May, 2007.

MARVEL & KUMP, LTD.
217 Idaho Street
Elko, Nevada 89801

JEFFREY J. KUMP
Attorneys for Plaintiff
Nevada State Bar No. 5694