1   JEFFREY J. KUMP
    Nevada Bar No. 5694
2   MARVEL & KUMP, LTD
    217 Idaho Street
3   Elko, NV 89801
    Telephone: (775) 777-1204
4   Facsimile: (775) 738-0187
    Attorneys for Plaintiff

5

6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7

8

9

10   DA-DAZE-NOM MANZANARES,

11              Plaintiff,         CASE NO. 3:07-CV-00076

12          vs.

13   ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., as agent for ELKO
14   COUNTY SCHOOL DISTRICT, and GARY       **PLAINTIFF'S OPPOSITION TO**
    LEE JONES, SR. , individually, and          **DEFENDANTS CORPORATION OF**
15   CORPORATION OF THE PRESIDING      **THE PRESIDING BISHOP OF THE**
    BISHOP OF THE CHURCH OF JESUS      **CHURCH OF JESUS CHRIST OF**
16   CHRIST OF LATTER - DAY SAINTS, a     **LATTER - DAY SAINTS AND**
    foreign corporation registered to do business   **CORPORATION OF THE PRESIDENT**
17   in the State of Nevada; CORPORATION OF    **OF THE CHURCH OF JESUS CHRIST**
    THE PRESIDENT OF THE CHURCH OF     **OF LATTER-DAY SAINTS AND**
18   JESUS CHRIST OF LATTER-DAY SAINTS   **SUCCESSORS' MOTION TO DISMISS**
    AND SUCCESSORS, a foreign corporation    **OR IN THE ALTERNATIVE MOTION**
19   registered to do business in the State of     **FOR LEAVE TO AMEND COMPLAINT**
    Nevada; and Does 1-5, and XYZ Corporations
20   1-5.

21            Defendants.

22   _____/

23

24       COMES NOW, Plaintiff, Da-daze-nom Manzanares, by and through her attorneys, Marvel

25   & Kump, Ltd., and submits the following in opposition to the Defendants Corporation of the

26   Presiding Bishop of the Church of Jesus Christ of Latter - Day Saints and Corporation of The

27   President of The Church of Jesus Christ of Latter-day Saints And Successors'(collectively referred

28   to herein as "LDS") Motion to Dismiss Plaintiff's sixth and eight claims against LDS. Plaintiff's

Dockets.Justia.com

1  Opposition is based upon the following points and authorities and the papers and pleadings on file

2  herein. Plaintiff additionally moves this court for leave to amend its complaint. A copy of Plaintiff's

3  proposed First Amended Complaint is attached hereto.

4       DATED this __14__ day of May, 2007.

5                                                  MARVEL & KUMP, LTD.
                                                   217 Idaho Street
6                                                  Elko, Nevada 89801

7

8                                                  JEFFREY J. KUMP
                                                   Attorneys for Plaintiff
9                                                  Nevada State Bar No. 5694

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                POINTS AND AUTHORITIES

3    1. Facts.

4            1.        Plaintiff DA-DAZE-NOM MANZANARES, was 14 years old at the time the alleged

5    incidents began. Complaint, Doc. #1-1, at p.5, para. 15.

6            2.        Defendant Gary Lee Jones, Sr. ("Jones") was the acting Branch President of the

7    Church of Jesus Christ of LDS. Complaint, Doc. #1-1, at p.4, para. 13.

8            3.        LDS selected Jones to serve as the Branch President for Church of Jesus Christ of

9    LDS to counsel minister and serve as the spiritual leader for the Church of Jesus Christ of LDS.

10           4.        LDS empowered Jones to perform all duties of a Branch President including

11   counseling, spiritual and moral guidance, religious instruction, ministry.  LDS knew that as part of

12   Jones' duties as Branch President, Jones would be in a position of trust and confidence with the

13   community families, including Plaintiff. Complaint, Doc. #1-1, at p.11, para. 44.

14           5.        While working in the Church of Jesus Christ of LDS and for the purpose of furthering

15   his assigned duties as Branch President, Jones identified Plaintiff's family as one in need with a

16   teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church

17   counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the

18   permission, acquiescence, and support of Plaintiff's family to counsel Plaintiff, and sought and

19   gained the instruction of Plaintiff's parents that she was to have respect for Jones' authority and to

20   comply with Jones' instruction and requests. Complaint, Doc. #1-1, at p.4, para. 14.

21           6.        For the purpose of furthering his duties as a Branch President, Jones also sought and

22   gained the trust, friendship, admiration and obedience of Plaintiff.  As a result, Plaintiff was

23   conditioned to trust Jones to comply with Jones' direction, and to respect Jones as a person of

24   authority in spiritual, moral and ethical matters. Complaint, Doc. #1-1, at p.11, para. 45.

25           7.        The relationship Jones established with Plaintiff in his capacity as the Branch

26   President of the LDS Church, continued in Jones' contact with Plaintiff through the course and scope

27   of his employment with Defendant Elko County School District, (ECSD) at Owyhee High School

28   where Plaintiff was a student. Complaint, Doc. #1-1, at p.11, para. 46.  Jones while using the

authority and position of trust as the Branch President of the Church of Jesus Christ of LDS and also

1    while acting within the course and scope of his employment and agency with ECSD induced and
2    directed Plaintiff to engage in various sex acts with Jones. Complaint, Doc. #1-1, at p.11, para. 47.
3         8.    Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances
4    of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while
5    Jones was serving LDS and ECSD. Complaint, Doc. #1-1, at p.11, para. 48.
6         9.    Jones used the grooming process to accomplish his acts of sexual molestation of the
7    Plaintiff. Jones' grooming was (1) committed in direct connection and for the purposes of fulfilling
8    Jones' employment and agency with each of the Defendants;  (2) committed within the time and
9    space limits of his agency with each of the Defendants; (3) done initially and at least in part from a
10   desire to serve the interests of the Defendants; (4) done directly in the performance of his duties with
11   each of the Defendants; (5) consisted generally of actions of a kind and nature which Jones was
12   required to perform for each of the Defendants; and (6) was done at the direction of , and pursuant
13   to, the power vested in him by each of the Defendants. Complaint, Doc. #1-1, at p.11, para. 49.
14        10.   Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of
15   Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364.
16   Complaint, Doc. #1-1, at p.13, para. 55.
17        11.   Despite receiving reports and being informed and having reasonable cause to suspect
18   child abuse or neglect of the minor Plaintiff, ECSD and LDS  failed to report obvious signs of abuse
19   as required by Nevada law and further failed to conduct a reasonable investigation. Complaint, Doc.
20   #1-1, at p.5, para.17; Complaint, Doc. #1-1, at p.13, para. 60.
21        12.   ECSD and the LDS Church knew or should have known of the activities of Jones,
22   but ECSD and LDS either chose not to investigate, and/or did not provide information to authorities,
23   which enabled Jones to molest and sexually abuse Plaintiff over an extended period of time.
24   Complaint, Doc. #1-1, at p.13, para. 60.
25        13.   Because of the Defendant's acts Plaintiff suffered a breakdown and attempted to hang
26   herself in her parents' basement. Complaint, Doc. #1-1, at p.5, para. 18.
27        14.   Defendants LDS now ask this Court to dismiss count six in which Plaintiff alleges
28   that Defendants LDS failed to report suspected child abuse arguing that Nevada Law does not allow
     a civil right of action.

1        Plaintiff's complaint satisfies the requirements of Rule 8(a) because it gives the Defendants

2   fair notice of the basis for Plaintiff's claims and relief can be granted under proven facts consistent

3   with the allegations.

4

5        2.2    "In considering a motion to dismiss, '[a]ll allegations and reasonable inferences are

6   taken as true, and the allegations are construed in the light most favorable to the nonmoving party,

7   but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

8   dismiss." <u>Simpson v. AOL Time Warner, Inc.</u>, 452 F.3d 1040, 1046 (9th Cir. 2006) (quoting Adams

9   v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)).  There is a strong presumption against dismissing

10  an action for failure to state a claim.  See <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir.

11  1997) (citation omitted)." <u>George v. Morton</u>, Slip Copy, WL 680788 (D.Nev. 2007).

12

13       2.3    Plaintiff's sixth claim for relief alleges that she has been harmed because of

14  Defendants' LDS and ECSD's failure to investigate and report signs of abuse or neglect as is

15  required under Nevada law.  Plaintiff cites 432B.220.

16       In this case a violation of NRS 432B.220 constitutes negligence per se.  A statutory violation

17  is negligence per se if the injured party belongs to the class of persons whom the statute was intended

18  to protect, and the injury suffered is of the type the statute was intended to prevent. <u>Atkinson v.</u>

19  <u>MGM Grand Hotel, Inc.</u>, 120 Nev. 639, 643, 98 P.3d 678 (2004).

20       The plain and unambiguous language of NRS 432B.220 is intended to protect children

21  against abuse and neglect.  In this case LDS knew that as part of Jones' duties as Branch President,

22  Jones would be in a position of trust and confidence with the community families, including

23  Plaintiff.  Jones sexually abuse Plaintiff over an extended period of time.  LDS Church knew or

24  should have known of the activities of Jones, but ECSD and LDS Church either chose not to

25  investigate, and/or did not provide information as required by Nevada law which enabled Jones to

26  molest and sexually abuse Plaintiff over an extended period of time.  Plaintiff was clearly within the

27  the class of persons that the statute was designed to protect and her injury is of the type the statute

28  was intended to prevent.

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, Nevada 89801
(775) 738-9881

1    Negligence per se is a question of fact for the jury. <u>Doe v. State of Nevada</u>, 356 F.Supp.2d

2    1123,1126 (D.Nev. 2004)(citing Anderson, 113 Nev. at 965-66.) Plaintiff contends that by failing

3    to report, LDS was negligent. The Nevada law, NRS 432B.220, prescribes the standard of conduct

4    required of a reasonable man. <u>Doe v. State of Nevada</u>, 356 F.Supp.2d 1123,1126 (D.Nev. 2004).

5    Plaintiff's sixth claim for relief asserts a claim for negligence based on the duties imposed by the

6    reporting statute NRS 432B.220.

7

8    2.4    Plaintiff's eighth claim for relief alleges Intentional Infliction of Emotional Distress

9    against Defendant LDS. Plaintiff's theory lies in that the extreme and outrageous nature of

10   Defendant LDS' conduct may arise not so much from what it did or failed to do, but from abuse by

11   Defendant Jones of the relation and position which gave him actual and apparent power to cause

12   Plaintiff's damages.

13   "[T]o establish a cause of action for intentional infliction of emotional distress, a complaint

14   must allege the following: (1) extreme and outrageous conduct with either the intention of , or

15   reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered

16   by the plaintiff; and (3) actual or proximate causation." <u>Jordan v. State ex rel Dept. of Motor</u>

17   <u>Vehicles and Public Safety</u>, 121 Nev. 44, 110 P.3d 30, 52 (2005).

18   Jones while using the authority and position of trust as the Branch President of the Church

19   of Jesus Christ of LDS and also while acting within the course and scope of his employment and

20   agency with ECSD induced and directed Plaintiff to engage in various sex acts with Jones. Jones

21   sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and

22   mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving

23   LDS and ECSD. Despite having reasonable cause to suspect child abuse or neglect of the minor

24   Plaintiff, Defendants' ECSD and LDS failed to report obvious signs of abuse as required by Nevada

25   law and further failed to conduct a reasonable investigation or act to protect Plaintiff in any manner

26   or fashion. Plaintiff suffered a breakdown and attempted to hang herself in her parents' basement.

27   Plaintiff continues to suffer emotionally and psychologically.

28   Respondeat superior liability attaches when the employee is under the control of the employer

and when the act is within the scope of employment. <u>Molino v. Asher</u>, 96 Nev. 814, 817 (1980).

1   LDS is liable for intentional torts committed by its Branch President during his employment, even

2   if it is clear that those acts were not authorized by LDS. (See <u>Doe v. Green</u>, 298 F.Supp2d 1025,

3   1042 (D.Nev. 2004).

4        Although employees are never authorized to molest victims, in some circumstances they

5   engage in the activity to serve the employer. This conduct may be viewed as both activity within and

6   outside of the scope of employment and create vicarious liability for the employer. <u>Nevada Dept. of</u>

7   <u>Human Resources, Div. Of Mental Hygiene and Mental Retardation v. Jimenez</u>, 113 Nev. 356, 364,

8   935 P.2d 274 (1997). For example, an employer is vicariously liable for the conduct of a group home

9   supervisor who sexually abuses a child while providing care; and a psychologist's sexual harassment

10  of his client exposed the counseling firm to liability for its employee's acts. <u>Doe v. Green</u>, 298

11  F.Supp2d 1025, 1042 (D.Nev. 2004) (citing <u>Doe v. Estes</u>, 113 Nev at 361; <u>Ray v. Value Behavioral</u>

12  <u>Health, Inc.</u>, 967 F.Supp 417 (D. Nev. 1997)).

13       The doctrine of vicarious liability imposes liability upon an employer or principal for the

14  conduct of an employee or agent, on the grounds that the employer or principal should be held

15  accountable for losses to third parties that arise from the actions of the employer or principal.

16  <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 795-798, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

17  Unlike the principle of direct liability, vicarious liability does not require that the employer or

18  principal actually cause the loss sustained by the third party. "The proper inquiry is not whether the

19  wrongful act itself was authorized but whether it was committed in the course of a series of acts of

20  the agent which were authorized by the principal."<u>Green</u>, at 1042. Liability is imposed on the

21  employer or principal with the rationale that the loss is the result of a reasonably foreseeable risk and

22  attributable to the employer's or principal's activities. Id.

23       In this case, LDS empowered Jones authorizing him to counsel in his capacity as Branch

24  President and then failed to monitor and/or supervise, thereby creating the opportunity to abuse his

25  power. Jone's acts were strongly related to the psychological intimacy inherent in his role as LDS

26  Branch President. The power created by LDS was intensified in this particular LDS church because

27  of its isolation in the Owyhee region of Northeastern Nevada. The "aided-by-agency-relation

28  principle embodied in section 219(2)(d) of the  Restatement is instructive: an employer 'is not

subject to liability for the torts of his servants acting outside the scope of their employment unless

1  . . . the servant purported to act or speak on behalf of the principal and there was reliance on apparent

2  authority, or he was aided in accomplishing the tort by the existence of the agency relation."

3  Faragher, at 801-802. As such, there was a significant obligation upon LDS to supervise and control

4  the conduct of Jones who it had empowered. Jones' conduct was made possible, actually facilitated

5  by the existence of the actual agency relationship, and LDS must be held vicariously liable for the

6  misconduct of Jones.

7

8  3.    Conclusion.

9        All allegations and reasonable inferences taken as true, and construed in the light most

10  favorable to Plaintiff, relief could be granted under proven facts consistent with the allegations.

11

12  4.    Motion for Leave to Amend Complaint.

13        FRCP 15(a) provides that "[a] party may amend the party's pleading once as a matter of

14  course at any time before a responsive pleading is served . . . ." "Otherwise a party may amend the

15  party's pleading only by leave of court or by written consent of the adverse party; and leave shall be

16  freely given when justice so requires."

17

18        WHEREFORE, Plaintiff requests that the Court deny Defendant LDS' Motion to Dismiss

19  and grant Plaintiff grant Plaintiff leave to file the proposed First Amended Complaint attached

20  hereto.

21        DATED this  14  day of May, 2007.

22                                               MARVEL & KUMP, LTD.
                                                 217 Idaho Street
23                                               Elko, Nevada 89801

24

25                                               _____
                                                 JEFFREY J. KUMP
26                                               Attorneys for Plaintiff
                                                 Nevada State Bar No. 5694

27

28

Jeffrey J. Kump, Esq. (Bar No. 5694)
MARVEL & KUMP, LTD.
217 Idaho Street, P.O. Box 2645
Elko, NV 89803-2645
Telephone:     (775) 777-1204
Facsimile:     (775) 738-0187


Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


DA-DAZE-NOM MANZANARES,

            Plaintiff,

vs.

ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., as agent for
ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., individually,
and CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a
foreign corporation registered to
do business in the State of Nevada;
CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS AND SUCCESSORS, a
foreign corporation registered to
do business in the State of Nevada;
and  Does 1-5, and XYZ Corporations
1-5.

            Defendants.
_____/

**<u>FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL</u>**

       COMES NOW, Plaintiff, DA-DAZE-NOM MANZANARES, ("PLAINTIFF"),

by and through her attorneys, Marvel & Kump, Ltd., and Lisa K. Mendez,

Ltd., and for causes of action against Defendants, alleges, avers and

complains as follows:

///

///

///

## Parties

### (Jurisdiction and Venue)

1.    This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitutions of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988.

2.    This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331 and 1393, Plaintiff also invokes the pendent jurisdiction of this court.

3.    Venue is proper in this District pursuant to Title 28 of the United States Code, §1391.  Plaintiff, Da-Daze-Nom Manzanares, was born on February 14, 1987 and was a minor at the time the causes of action arose, having since that time reached the age of majority. Plaintiff is currently nineteen (19) years old.  During all relevant times, Plaintiff resided in Elko County, Nevada with her mother Martha Seahmer.

4.    Defendant Elko County School District ("ECSD") was at all times material to this complaint a school district organized and existing under the laws of the State of Nevada.  ECSD is located in Elko County, Nevada.

5.    At all times relevant to this Complaint, the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors, was a foreign religious corporation of the Church of Jesus Christ of Latter Day Saints operating in Nevada.  At all times relevant to this Complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, was a foreign religious corporation of the LDS Church operating in Nevada.  The Corporation of

1   the President and Corporation of the Presiding Bishop will be referred

2   to collectively hereinafter as "LDS Church."

3        6.    As part of the LDS Church's hierarchy, the Church selects

4   and authorizes individual members to serve as Bishops or Branch

5   Presidents to counsel, minister and serve as spiritual leaders to LDS

6   families, including children, in the congregation.   The LDS Church

7   selected Defendant, Gary Lee Jones, Sr., to serve as the Branch

8   President for the Church of Jesus Christ of LDS, to counsel minister and

9   serve as the head of the Church of Jesus Christ of LDS of which

10  Plaintiff and her family were members.

11       7.    Defendant Gary Lee Jones, Sr., ("Jones"), both as an

12  agent for ECSD, an agent for the LDS Church, and individually, was at

13  all times material to this complaint, employed by ECSD as a building

14  superintendent, and the Branch President of the Church of Jesus Christ

15  of LDS.  Jones was a resident of Elko County, Nevada when the cause of

16  action arose.

17       8.    Owyhee High School ("OHS") was at all times material to

18  this complaint a high school facility operated by and under the

19  management and control of Defendant ECSD under the laws of the State of

20  Nevada.

21       9.    Does 1 through 6 are unknown employees, agents,

22  contractors, personal representatives, persons, entities, successors,

23  assigns, tortfeasors, or agencies who are in some way responsible for

24  Plaintiff's damages alleged herein, in either a representative capacity

25  or by virtue of independent acts or omissions.  When the true names and

26  identities of the Doe Defendants are ascertained, Plaintiff will seek

27  leave to amend this complaint to insert their true names and identities.

28  ///

10.    XYZ Corporations 1 through 6, inclusive, are legal entities or corporations who the Plaintiff alleges are additionally, jointly and severally liable to the Plaintiff for the acts and events alleged herein, or are agents and/or alter egos of Defendants named herein.  When the true names and identities of XYZ Corporations are ascertained, Plaintiff will seek leave to amend this complaint to insert their true names.

<u>Facts</u>

11.    Plaintiff restates and realleges Paragraphs 1 through 10 above, and incorporates the same as if fully set out herein.

12.  Jones, was employed as a building Superintendent at OHS during the times Plaintiff attended high school there, and was the supervisor to Plaintiff's mother, MARTHA SEAHMER, also employed by ECSD.

13.    Jones was selected and appointed by the LDS Church to act as their Branch President for the Church of Jesus Christ of LDS to minister, counsel, and serve as the spiritual leader for that congregation, of which Plaintiff and her family relied upon.

14.  While working in the Church of Jesus Christ of LDS and for the purpose of furthering his assigned duties as a Branch President, Jones identified Plaintiff's family as one in need with a teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to counsel Plaintiff, and sought and gained the instruction of Plaintiff's parents that she was to have respect for Jones' authority and to comply with Jones' instruction and requests.

///

15.   The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued during the time that Jones was working at OHS where Plaintiff was a student. During the 2001-2002 school year, when Plaintiff was fourteen, staff at OHS observed Jones making inappropriate contacts with Plaintiff.   OHS staff members were also aware of daily telephone calls between Jones and Plaintiff at his school office.   OHS staff members complained to the OHS administration, but OHS and ECSD took no action.

16.   Jones, while using the authority and position of trust as the Branch President of the Church of Jesus Christ of LDS and also while acting within the course and scope of his employment and agency with ECSD, induced and directed Plaintiff to engage in various sex acts with Jones.   These acts constituted a harmful or offensive touching of Plaintiff.

17.   The LDS Church and ECSD were informed of Jones' inappropriate conduct and sexual abuse of Plaintiff.   Despite receiving various reports concerning Jones, neither the LDS Church nor ECSD took any action to protect Plaintiff or to report the sexual abuse to law enforcement authorities.

18.   On or about August 26, 2002, days after the commencement of the new school year, Plaintiff attempted suicide by trying to hang herself in her family's basement due to Jones' conduct and sexual abuse of her.   She remained hospitalized until approximately January 7, 2003, when she was discharged from a residential treatment facility.

19.   Subsequently, Jones was arrested on charges of sexual abuse of a minor as a result of his sexual abuse of Plaintiff.   Jones ultimately pleaded guilty to Statutory Sexual Seduction of Plaintiff in Elko County District Court in the State of Nevada.

# FIRST CAUSE OF ACTION

## Violation of Civil Rights

20.    Plaintiff restates and realleges Paragraphs 1 through 19 above, and incorporates the same as if fully set out herein.

21.    The acts of the Defendants alleged herein were done by ECSD and Jones, under the color and pretense of the statutes, ordinances, regulations, and customs, of the State of Nevada, City of Elko, and the County of Elko, and under the authority of their office as a school district organized and existing under the laws of the State of Nevada.

22.    That pursuant to statutes, ordinances, regulations, and customs of the State of Nevada, ECSD was responsible for the care, custody and control of their employees and students, including Plaintiff, who was a minor child enrolled as a student at OHS at all relevant times to this action.

23.    That during the above-alleged period of time extending through 2002, Jones, acting as a building superintendent and within the course and scope of his employment with ECSD, did on repeated, separate and distinct times, sexually assault Plaintiff during her minority.

24.    That during this relevant period of time, ECSD had adopted and were pursuing a policy, custom, or de facto policy or custom which failed to properly implement, supervise and oversee the administration of its schools which allowed Jones to sexually assault the minor child Plaintiff. Further, ECSD failed to investigate or report allegations of sexual misconduct made against Jones, and failed to follow-up in any form as to these allegations, which investigation and follow-up would have prevented and/or terminated the actions of Jones.

25.  As a result of the acts of ECSD and Jones, Plaintiff suffered such extreme physical and mental pain, anguish, and embarrassment that she attempted to commit suicide in her family's home and was placed in a mental hospital for several months.

26.  Plaintiff alleges that at all times herein mentioned, the above-described acts and omissions were performed pursuant to certain customs, policies, or defacto policies and/or customs of the Defendants, and each of them, including, but not limited to: (1) the inadequate screening, hiring, and retention of school personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision of employees; (4) inadequate implementation of investigation procedures or reporting procedures regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate indifference to students enrolled in ECSD schools.

27.  The acts of the ECSD and Jones that resulted in harm to Plaintiff, were partially or wholly undertaken in pursuance of official and/or unofficial policy, and established unauthorized and illegal patterns of conduct, consisting of (1) the inadequate screening, hiring, and retention of school personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision of employees; (4) inadequate implementation of investigation procedures or reporting procedures regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate indifference to students enrolled in ECSD schools; by which said Defendants, acting under color of law, have denied persons the rights, privileges and immunities guaranteed to them by the Fourth and

Fourteenth Amendments to the Constitution of the United States. This pattern of conduct, while carried out under color of law, has no justification or excuse in law, but instead, is improper and illegal and is unrelated to any activities in which school authorities and personnel may properly and legally act in the course of their duties to care for minor students.

28. Further, the acts of the ECSD and Jones that resulted in injuries to the Plaintiff, were undertaken as a result of inadequate hiring, training and supervision of school personnel, and this failure amounted to deliberate indifference to the rights of students with whom Defendant had custodial care.

29. The aforesaid acts of Defendants, individually, and in concert with the others, were carried out under the pretense of color of law in their official capacities, but said acts went beyond the scope of their jurisdiction and without authorization of law, each Defendant, individually, and in concert with others, acted willfully, knowingly, and with specific intent to deprive Plaintiff, a minor student, of her rights, by reason of the same Plaintiff is entitled to compensatory damages and punitive damages in the amounts set forth below.

30. The aforementioned acts of all Defendants, individually, and in concert with others, were willful and malicious in that Defendants' conduct was carried out with a conscious disregard for the Plaintiff minor child's rights such as to constitute oppression, fraud or malice under the NRS 42.010, thereby warranting the assessment of exemplary and punitive damages against Defendants in the amount set forth below appropriate to punish Defendants and set an example for others.

///

31.  As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

32.  As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Attorney Fees

33.  Plaintiff restates and realleges Paragraphs 1 through 32 above, and incorporates the same as if fully set out herein.

34.  It has been necessary for Plaintiff to retain the services of Marvel and Kump, Ltd. in order to prosecute this action under 42 U.S.C. §1983, and therefore, Plaintiff pursuant to 42 U.S.C. §1988, is entitled to a reasonable award of attorney fees for bringing this claim against the Defendants, and each of them.

## THIRD CAUSE OF ACTION

### Negligent Supervision and Retention Against Defendant Elko County School District

35.  Plaintiff restates and realleges Paragraphs 1 through 34 above, and incorporates the same as if fully set out herein.

36.  At all times material to this complaint, ECSD had an affirmative duty and obligation to properly train and adequately supervise and monitor Jones' activities, including his relations with students.

37.  While he was employed at OHS, ECSD, through its agents, received abundant information concerning Jones' inappropriate conduct with Plaintiff.  Through its agents, ECSD was aware that Jones was perpetuating an improper sexual relationship with Plaintiff, a fourteen year old student, on school grounds; that Jones was caught with

Plaintiff in a school locker room; that Jones took Plaintiff to an ECSD function in Elko, staying with her in a motel. Despite receiving information, ECSD failed to take any action to investigate, supervise, or report Jones' inappropriate contacts with Plaintiff. Indeed, ECSD took no action until Jones' wife exposed the sexual abuse, ultimately causing Jones to be reported and arrested.

38. As a direct and proximate result of ECSD's negligent supervision of Jones, Jones was able to sexually abuse Plaintiff for an extended period of time.

39. In addition to negligently supervising Jones, ECSD failed to protect Plaintiff, an ECSD student. ECSD's negligent supervision of Plaintiff allowed Jones to develop a sexual relationship with her, and to sexually abuse her.

40. As a direct and proximate result of ECSD's negligent supervision of Jones, and ECSD's negligent supervision and failure to protect Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

41. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

42. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

#### Sexual Abuse of a Child/Respondeat Superior

43. Plaintiff restates and realleges Paragraphs 1 through 42 above, and incorporates the same as if fully set out herein.

44.  LDS Church empowered Jones to perform all duties of a Branch President including counseling, spiritual and moral guidance, religious instruction, ministry and other duties for LDS families. Defendants knew that as part of his duties as a Branch President, Jones would be in a position of trust and confidence with the church and community families, including Plaintiff in this case.

45.  For the purpose of furthering his duties as a Branch President, Jones also sought and gained the trust, friendship, admiration and obedience of Plaintiff.  As a result, Plaintiff was conditioned to trust Jones to comply with Jones' direction, and to respect Jones as a person of authority in spiritual, moral and ethical matters.

46.  The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued in Jones' contact with Plaintiff through the course and scope of his employment at OHS where Plaintiff was a student.

47.  Jones, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Branch President for the Defendants, induced and directed Plaintiff to engage in various sexual acts with Jones.  These acts constituted a harmful or offensive touching of Plaintiff.

48.  Specifically, Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving each of the Defendants.

49.  Jones used the grooming process to accomplish his acts of sexual molestation of the Plaintiff.  Jones' grooming was (1) committed in direct connection and for the purposes of fulfilling Jones'

employment and agency with each of the Defendants; (2) committed within the time and space limits of his agency with each of the Defendants; (3) done initially and at least in part from a desire to serve the interests of the Defendants; (4) done directly in the performance of his duties with each of the Defendants; (5) consisted generally of actions of a kind and nature which Jones was required to perform for each of the Defendants; and (6) was done at the direction of, and pursuant to, the power vested in him by each of the Defendants.

50. As a result of Jones' sexual abuse, molestation, and breach of authority, trust and position, Plaintiff has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, in amounts to be proven at trial.

51. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

52. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Sexual Abuse of a Child/Respondeat Superior

53. Plaintiff restates and realleges Paragraphs 1 through 52 above, and incorporates the same as if fully set out herein.

54. In the course and scope of his employment with ECSD, Jones induced and directed Plaintiff to engage in various sexual acts with Jones. These acts constituted a harmful or offensive touching of Plaintiff. Jones' sexual molestation of Plaintiff occurred on several occasions between 2001 and 2002.

55.   Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364.

56.   As a direct and proximate result of Jones' intentional acts Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

57.   As a consequence of Jones' malicious acts Plaintiff is entitled to punitive damages.

58.   As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Negligent Failure to Report Suspected Child Sex Abuse By ECDS and the LDS Church

59.   Plaintiff restates and realleges Paragraphs 1 through 58 above, and incorporates the same as if fully set out herein.

60.   Despite having reasonable cause to suspect child abuse or neglect of the minor Plaintiff, ECSD and the LDS Church failed to report obvious signs of abuse as required by Nevada law and further failed to conduct a reasonable investigation.

61.   As a direct and proximate result of ECSD and the LDS Church's negligent failure to report child sex abuse by Jones against Plaintiff as this duty is defined under NRS 432B.220 and other applicable law, Jones was able to sexually abuse Plaintiff over an extended period of time.

62.   As a direct and proximate result of ECSD and the LDS Church's negligent failure to report child sex abuse by Jones against Plaintiff as this duty is defined under NRS 423B.220 and other

applicable law, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

63.    As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

#### Negligent Training and Supervision

64.    Plaintiff restates and realleges Paragraphs 1 through 63 above, and incorporates the same as if fully set out herein.

65.    The LDS Church had a duty to train and supervise its hierarchal clergy including but not limited to, assisting victims of child abuse, reporting incidents of child abuse to property authorities, making church leaders familiar with State child abuse reporting statutes.

66.    The LDS Church had an additional duty to supervise its hierarchal clergy and members in positions of authority.  The LDS Church failed to supervise Jones in his position as Branch President, and as a result, Plaintiff was sexually abused by Jones.

67.    As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

68.    As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

#### Intentional Infliction of Emotional Distress

69.    Plaintiff restates and realleges Paragraphs 1 through 68

above, and incorporates the same as if fully set out herein.

70. Each of the Defendants herein engaged in extreme and outrageous conduct with reckless disregard for causing emotional distress to Plaintiff.

71. Defendant Jones intentionally and with reckless disregard for causing emotional distress to Plaintiff, identified Plaintiff's family as one in need with a teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff, and while working at the Owyhee High School where Plaintiff was a student, and under the management and control of Defendant ECSD under the laws of the State of Nevada, and while acting within the course and scope of his employment and agency with LDS and ECSD, induced and directed Plaintiff to engage in various sex acts.

72. Defendants LDS and ECSD intentionally and with reckless disregard for causing emotional distress to Plaintiff empowered Jones to sexually and emotionally abuse Plaintiff, and despite receiving various reports concerning Jones and Plaintiff's behavior, Defendants LDS and ECSD intentionally and with reckless disregard for causing emotional distress to Plaintiff took no action to protect Plaintiff.

73. Defendants' LDS and ECSD are vicariously liable for the intentional acts of Jones based upon the particular authority and opportunity conferred upon Defendant Jones by Defendants' LDS and ECSD.

74. Each of the Defendants' outrageous conduct was the actual and/or approximate cause of the Plaintiff having suffered an apparent breakdown and attempting to hang herself in her parents' basement, which caused Plaintiff to be hospitalized in a residential treatment facility from approximately August 26, 2002 to approximately January 7, 2003.

75.   As a direct and proximate result of the Defendants' intentional acts, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.   As a consequence of Defendants' malicious acts, Plaintiff is entitled to punitive damages.

76.   As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

77.   Plaintiff restates and realleges Paragraphs 1 through 76 above, and incorporates the same as if fully set out herein.

78.   ECSD and the LDS Church each had an affirmative duty to property train and adequately supervise Jones' activities.    ECSD additionally had an obligation to protect Plaintiff, a student at OHS, from its employee's criminal and intentional misconduct.

79.   ECSD and the LDS Church failed to properly train, supervise and monitor Jones, and despite reports concerning Jones' inappropriate conduct with Plaintiff, failed to act or protect Plaintiff from sexual abuse by Jones.

80.   As a direct and approximate result of ECSD's negligent supervision of Jones and negligent conduct in failing to protect one of its students, Plaintiff was sexually abused by Jones for an extended period of time.

81.   Plaintiff suffered extreme emotional distress caused by ECSD and the LDS Church's failure to protect her from further sexual abuse by Jones and their failure to supervise Jones, and attempted to

hang herself in her family's basement. Plaintiff suffered from extreme mental distress and was hospitalized in a mental hospital and residential treatment center from approximately August 27, 2002 to approximately January 7, 2003.

82. As a direct and proximate result of ECSD and the LDS Church's negligent acts, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial. As a consequence of ECSD and the LDS Church's malicious acts, Plaintiff is entitled to punitive damages.

83. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

### TENTH CAUSE OF ACTION

#### Conspiracy

84. Plaintiff restates and realleges Paragraphs 1 through 83 above, and incorporates the same as if fully set out herein.

85. That ECSD and the LDS Church knew or should have known of the activities of their agent Jones and the said Defendants by and through their agents, and/or employees, conspired and in concert amongst themselves chose not to investigate, and/or did not provide information to one another, all in an attempt to cover up or keep secret the activities of Jones in regards to the injuries sustained by Plaintiff.

86. That as a direct and proximate result of the conspiracy, Plaintiff has suffered special and general damages.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1.    For compensatory and general damages for past, present and future psychological, physical and emotional pain, suffering, distress and injury;

2.    For punitive damages as set forth against Defendant Jones;

3.    For the punitive damages as set forth against Defendant ECSD;

4.    For the punitive damages as set forth against Defendant LDS Church;

5.    For loss of enjoyment of life in the past and in the future;

6.    For loss of consortium in the future;

7.    For loss of earning capacity in the future;

8.    For loss of emotional disfigurement in the past and in the future;

9.    For loss of pre-judgment and post-judgment interest at the maximum legal rate;

10.    For all special damages including past, present and future medical, counseling, and psychological treatment and all other costs in an amount to be proven at trial;

11.    For Plaintiff's costs of suit;

12.    For Plaintiff's reasonable attorney's fees; and

///

///

///

1     13.   For such other and further relief as the Court may deem

2    just and proper.

3          DATED this 14th day of May, 2007.

4                              MARVEL & KUMP, LTD.
                               Attorneys for Plaintiff
5                              217 Idaho Street
                               P. O. Box 2645
6                              Elko, NV 89803-2645

7
                               BY:_____
8                                  Jeffrey J. Kump, Nevada Bar #5694

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28