1  JEFFREY J. KUMP
   Nevada Bar No. 5694
2  MARVEL & KUMP, LTD
   217 Idaho Street
3  Elko, NV 89801
   Telephone: (775) 777-1204
4  Facsimile: (775) 738-0187
   Attorneys for Plaintiff

5

6

# UNITED STATES DISTRICT COURT

7

# DISTRICT OF NEVADA

8

9  _____

10  DA-DAZE-NOM MANZANARES,

11                Plaintiff,                    **CASE NO. 3:07-CV-00076**

12        vs.

13  ELKO COUNTY SCHOOL DISTRICT, and     **PLAINTIFF'S OPPOSITION TO**
    GARY LEE JONES, SR., as agent for ELKO   **DEFENDANT ELKO COUNTY**
14  COUNTY SCHOOL DISTRICT, and GARY     **SCHOOL DISTRICT'S JOINDER TO**
    LEE JONES, SR. , individually, and    **DEFENDANTS' CORPORATION OF**
15  CORPORATION OF THE PRESIDING         **THE PRESIDING BISHOP OF THE**
    BISHOP OF THE CHURCH OF JESUS        **CHURCH OF JESUS CHRIST OF**
16  CHRIST OF LATTER - DAY SAINTS, a     **LATTER - DAY SAINTS AND**
    foreign corporation registered to do business  **CORPORATION OF THE PRESIDENT**
17  in the State of Nevada; CORPORATION OF   **OF THE CHURCH OF JESUS CHRIST**
    THE PRESIDENT OF THE CHURCH OF       **OF LATTER-DAY SAINTS AND**
18  JESUS CHRIST OF LATTER-DAY SAINTS    **SUCCESSORS MOTION TO DISMISS**
    AND SUCCESSORS, a foreign corporation  **AND MOTION FOR LEAVE**
19  registered to do business in the State of   **TO AMEND COMPLAINT**
    Nevada; and Does 1-5, and XYZ Corporations
20  1-5.

21                Defendants.

22  _____/

23

24        COMES NOW, Plaintiff, Da-daze-nom Manzanares, by and through her attorneys, Marvel

25  & Kump, Ltd., and submits the following in opposition to the Defendant Elko County School

26  District's (referred to herein as "ECSD") joinder to Defendants' CORPORATION OF THE

27  PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER - DAY SAINTS, a

28  foreign corporation registered to do business in the State of Nevada; CORPORATION OF THE

Dockets.Justia.com

1 PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND

2 SUCCESSORS (collectively referred to herein as "LDS") Motion to Dismiss Plaintiff's sixth and

3 eight claims.   Plaintiff's Opposition is based upon the following points and  authorities and the

4 papers and pleadings on file herein.  Plaintiff has previously moved this court for leave to amend its

5 complaint filed together with Plaintiff's Opposition to Defendant LDS' Motion to Dismiss.  A copy

6 of Plaintiff's proposed First Amended Complaint is attached hereto.

7    DATED this _____ day of May, 2007.

8                                          MARVEL & KUMP, LTD.
                                            217 Idaho Street
9                                          Elko, Nevada 89801

10
                                            _____
11                                         JEFFREY J. KUMP
                                            Attorneys for Plaintiff
12                                         Nevada State Bar No. 5694

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                POINTS AND AUTHORITIES

3   1. Facts.

4          1.      Plaintiff DA-DAZE-NOM MANZANARES, was 14 years old at the time the alleged

5   incidents began. Complaint, Doc. #1-1, at p.5, para. 15.

6          2.      Defendant Gary Lee Jones, Sr., ("Jones"), was an agent for ECSD, at all times

7   material to this complaint, employed by ECSD as a building superintendent. Complaint, Doc. #1-1,

8   at p.3, para. 7.

9          3.      Defendant Elko County School District ("ECSD") was at all times material to this

10  complaint a school district organized and existing under the laws of the State of Nevada.  ECSD is

11  located in Elko County, Nevada.  Complaint, Doc. #1-1, at p.2, para. 4.

12         4.      Owyhee High School ("OHS") was at all times material to this complaint a high

13  school facility operated by and under the management and control of Defendant ECSD under the

14  laws of the State of Nevada. Complaint, Doc. #1-1, at p.3, para. 8.

15         5.      Jones, was employed as a building Superintendent at OHS during the times Plaintiff

16  attended high school there, and was the supervisor to Plaintiff's mother, MARTHA SEAHMER, also

17  employed by ECSD. Complaint, Doc. #1-1, at p.4, para. 12.

18         6.      During the 2001-2002 school year, when Plaintiff was fourteen, staff at OHS

19  observed Jones making inappropriate contacts with Plaintiff.  OHS staff members were also aware

20  of daily telephone calls between Jones and Plaintiff at his school office.  OHS staff members

21  complained to the OHS administration, but OHS and ECSD took no action. Complaint, Doc. #1-1,

22  at p.5, para. 15.

23         7.      Jones, while acting within the course and scope of his employment and agency with

24  ECSD, induced and directed Plaintiff to engage in various sex acts with Jones. These acts constituted

25  a harmful or offensive touching of Plaintiff. Complaint, Doc. #1-1, at p.5, para. 16.

26         8.      Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances

27  of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while

28  Jones was serving LDS and ECSD. Complaint, Doc. #1-1, at p.11, para. 48.

9.    Jones used the grooming process to accomplish his acts of sexual molestation of the Plaintiff. Jones' grooming was (1) committed in direct connection and for the purposes of fulfilling Jones' employment and agency with each of the Defendants; (2) committed within the time and space limits of his agency with each of the Defendants; (3) done initially and at least in part from a desire to serve the interests of the Defendants; (4) done directly in the performance of his duties with each of the Defendants; (5) consisted generally of actions of a kind and nature which Jones was required to perform for each of the Defendants; and (6) was done at the direction of , and pursuant to, the power vested in him by each of the Defendants. Complaint, Doc. #1-1, at p.11, para. 49.

10.    Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364. Complaint, Doc. #1-1, at p.13, para. 55.

11.    While he was employed at OHS, ECSD, through its agents, received abundant information concerning Jones' inappropriate conduct with Plaintiff. Through its agents, ECSD was aware that Jones was perpetuating an improper sexual relationship with Plaintiff, a fourteen year old student, on school grounds; that Jones was caught with Plaintiff in a school locker room; that Jones took Plaintiff to an ECSD function in Elko, staying with her in a motel. Despite receiving information, ECSD failed to take any action to investigate, supervise, or report Jones' inappropriate contacts with Plaintiff. Indeed, ECSD took no action until Jones' wife exposed the sexual abuse, ultimately causing Jones to be reported and arrested. Complaint, Doc. #1-1, at p.9, para. 37.

12.    Despite receiving reports and being informed and having reasonable cause to suspect child abuse or neglect of the minor Plaintiff, ECSD and LDS failed to report obvious signs of abuse as required by Nevada law and further failed to conduct a reasonable investigation. Complaint, Doc. #1-1, at p.5, para.17; Complaint, Doc. #1-1, at p.13, para. 60.

13.    ECSD and the LDS Church knew or should have known of the activities of Jones, but ECSD and LDS either chose not to investigate, and/or did not provide information to authorities, which enabled Jones to molest and sexually abuse Plaintiff over an extended period of time. Complaint, Doc. #1-1, at p.13, para. 60.

14.    Because of the Defendant's acts Plaintiff suffered a breakdown and attempted to hang herself in her parents' basement. Complaint, Doc. #1-1, at p.5, para. 18.

15. Defendant ECSD joins Defendants LDS in moving this Court to dismiss count six in which Plaintiff alleges that Defendants failed to report suspected child abuse arguing that Nevada Law does not allow a civil right of action.

16. Defendants ECSD also joins Defendants LDS moving this Court to dismiss count eight in which Plaintiff alleges Intentional Infliction of Emotional Distress against Defendants arguing that Plaintiff failed to allege outrageous conduct by Defendants and that they cannot be held vicariously liable for Jones' intentional conduct.

2. Argument.

2.1. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

FRCP 8(a) provides a simplified pleading standard. "Federal courts' liberal pleading rules require only that complaint sufficiently establish a basis for judgment against defendant." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). FRCP 8(e) provides that "[n]o technical forms of pleading or motions are required," and FRCP 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." Pleadings are construed liberally. Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

"Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. See Conley, supra, at 48, 78 S.Ct. 99 ('The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate

1   a proper decision on the merits')." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514, 122 S.Ct. 992,

2   152 L.Ed. 2d 1 (2002).

3       Plaintiff's complaint satisfies the requirements of Rule 8(a) because it gives the Defendants

4   fair notice of the basis for Plaintiff's claims and relief can be granted under proven facts consistent

5   with the allegations.

6

7       2.2    "In considering a motion to dismiss, '[a]ll allegations and reasonable inferences are

8   taken as true, and the allegations are construed in the light most favorable to the nonmoving party,

9   but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

10  dismiss." <u>Simpson v. AOL Time Warner, Inc.</u>, 452 F.3d 1040, 1046 (9th Cir. 2006) (quoting Adams

11  v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)). There is a strong presumption against dismissing

12  an action for failure to state a claim. See <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir.

13  1997) (citation omitted)." <u>George v. Morton</u>, Slip Copy, WL 680788 (D.Nev. 2007).

14

15      2.3    Plaintiff's sixth claim for relief alleges that she has been harmed because of

16  Defendants' LDS and ECSD's failure to investigate and report signs of abuse or neglect as is

17  required under Nevada law. Plaintiff cites 432B.220.

18      In this case a violation of NRS 432B.220 constitutes negligence per se. A statutory violation

19  is negligence per se if the injured party belongs to the class of persons whom the statute was intended

20  to protect, and the injury suffered is of the type the statute was intended to prevent. <u>Atkinson v.</u>

21  <u>MGM Grand Hotel, Inc.</u>, 120 Nev. 639, 643, 98 P.3d 678 (2004).

22      The plain and unambiguous language of NRS 432B.220 is intended to protect children

23  against abuse and neglect. In this case During the 2001-2002 school year, when Plaintiff was

24  fourteen, staff at OHS observed Jones making inappropriate contacts with Plaintiff. OHS staff

25  members were also aware of daily telephone calls between Jones and Plaintiff at his school office.

26  OHS staff members complained to the OHS administration, but OHS and ECSD took no action.

27  Complaint, Doc. #1-1, at p.5, para. 15. While he was employed at OHS, ECSD, through its agents,

28  received abundant information concerning Jones' inappropriate conduct with Plaintiff. Through its

agents, ECSD was aware that Jones was perpetuating an improper sexual relationship with Plaintiff,

1   a fourteen year old student, on school grounds; that Jones was caught with Plaintiff in a school locker
2   room; that Jones took Plaintiff to an ECSD function in Elko, staying with her in a motel. Despite
3   receiving information, ECSD failed to take any action to investigate, supervise, or report Jones'
4   inappropriate contacts with Plaintiff. Indeed, ECSD took no action until Jones' wife exposed the
5   sexual abuse, ultimately causing Jones to be reported and arrested. Complaint, Doc. #1-1, at p.9,
6   para. 37. Jones sexually abuse Plaintiff over an extended period of time. ECSD knew or should
7   have known of the activities of Jones, but chose not to investigate, and/or did not provide
8   information as required by Nevada law, which enabled Jones to molest and sexually abuse Plaintiff
9   over an extended period of time. Plaintiff was clearly within the class of persons that the statute was
10  designed to protect and her injury is of the type the statute was intended to prevent.

11  Negligence per se is a question of fact for the jury. Doe v. State of Nevada, 356 F.Supp.2d
12  1123,1126 (D.Nev. 2004)(citing Anderson, 113 Nev. at 965-66.) Plaintiff contends that by failing
13  to report, ECSD was negligent. The Nevada law, NRS 432B.220, prescribes the standard of conduct
14  required of a reasonable man. Doe v. State of Nevada, 356 F.Supp.2d 1123,1126 (D.Nev. 2004).
15  Plaintiff's sixth claim for relief asserts a claim for negligence based on the duties imposed by the
16  reporting statute NRS 432B.220.

17

18  2.4    Plaintiff's eighth claim for relief alleges Intentional Infliction of Emotional Distress.
19  Plaintiff's theory lies in that the extreme and outrageous nature of the Defendants' conduct may arise
20  not so much from what it did or failed to do, but from abuse by Defendant Jones of the relation and
21  position which gave him actual and apparent power to cause Plaintiff's damages.

22  "[T]o establish a cause of action for intentional infliction of emotional distress, a complaint
23  must allege the following: (1) extreme and outrageous conduct with either the intention of , or
24  reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered
25  by the plaintiff; and (3) actual or proximate causation." Jordan v. State ex rel Dept. of Motor
26  Vehicles and Public Safety, 121 Nev. 44, 110 P.3d 30, 52 (2005).

27  Jones while using the authority and position of trust as the Branch President of the Church
28  of Jesus Christ of LDS and also while acting within the course and scope of his employment and
    agency with ECSD induced and directed Plaintiff to engage in various sex acts with Jones. Jones

sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving LDS and ECSD. Despite having reasonable cause to suspect child abuse or neglect of the minor Plaintiff, Defendants' ECSD and LDS failed to report obvious signs of abuse as required by Nevada law and further failed to conduct a reasonable investigation or act to protect Plaintiff in any manner or fashion. Plaintiff suffered a breakdown and attempted to hang herself in her parents' basement. Plaintiff continues to suffer emotionally and psychologically.

Respondeat superior liability attaches when the employee is under the control of the employer and when the act is within the scope of employment. Molino v. Asher, 96 Nev. 814, 817 (1980). ECSD is liable for intentional torts committed by its employee during his employment, even if it is clear that those acts were not authorized by ECSD. (See Doe v. Green, 298 F.Supp2d 1025, 1042 (D.Nev. 2004).

Although employees are never authorized to molest victims, in some circumstances they engage in the activity to serve the employer. This conduct may be viewed as both activity within and outside of the scope of employment and create vicarious liability for the employer. Nevada Dept. of Human Resources, Div. Of Mental Hygiene and Mental Retardation v. Jimenez, 113 Nev. 356, 364, 935 P.2d 274 (1997). For example, an employer is vicariously liable for the conduct of a group home supervisor who sexually abuses a child while providing care; and a psychologist's sexual harassment of his client exposed the counseling firm to liability for its employee's acts. Doe v. Green, 298 F.Supp2d 1025, 1042 (D.Nev. 2004) (citing Doe v. Estes, 113 Nev at 361; Ray v. Value Behavioral Health, Inc., 967 F.Supp 417 (D. Nev. 1997)).

The doctrine of vicarious liability imposes liability upon an employer or principal for the conduct of an employee or agent, on the grounds that the employer or principal should be held accountable for losses to third parties that arise from the actions of the employer or principal. Faragher v. City of Boca Raton, 524 U.S. 775, 795-798, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Unlike the principle of direct liability, vicarious liability does not require that the employer or principal actually cause the loss sustained by the third party. "The proper inquiry is not whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the agent which were authorized by the principal." Green, at 1042. Liability is imposed on the

1    employer or principal with the rationale that the loss is the result of a reasonably foreseeable risk and

2    attributable to the employer's or principal's activities. Id.

3        In this case, The relationship Jones established with Plaintiff in his capacity as the Branch

4    President of the LDS Church, continued during the time that Jones was working at OHS where

5    Plaintiff was a student. During the 2001-2002 school year, when Plaintiff was fourteen, staff at OHS

6    observed Jones making inappropriate contacts with Plaintiff. OHS staff members were also aware

7    of daily telephone calls between Jones and Plaintiff at his school office. OHS staff members

8    complained to the OHS administration, but OHS and ECSD took no action.

9        Jones, while using the authority and position of trust as the Branch President of the

10    Church of Jesus Christ of LDS and also while acting within the course and scope of his employment

11    and agency with ECSD, induced and directed Plaintiff to engage in various sex acts with Jones. On

12    or about August 26, 2002, days after the commencement of the new school year, Plaintiff attempted

13    suicide by trying to hang herself in her family's basement due to Jones' conduct and sexual abuse

14    of her. She remained hospitalized until approximately January 7, 2003, when she was discharged

15    from a residential treatment facility.

16        The acts of the ECSD and Jones that resulted in harm to Plaintiff, were partially or wholly

17    undertaken in pursuance of official and/or unofficial policy, and established unauthorized and illegal

18    patterns of conduct, consisting of (1) the inadequate screening, hiring, and retention of school

19    personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision

20    of employees; (4) inadequate implementation of investigation procedures or reporting procedures

21    regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation

22    of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate

23    indifference to students enrolled in ECSD schools. This pattern of conduct, while carried out under

24    color of law, has no justification or excuse in law, but instead, is improper and illegal and is

25    unrelated to any activities in which school authorities and personnel may properly and legally act

26    in the course of their duties to care for minor students.

27        Further, the acts of the ECSD and Jones that resulted in injuries to the Plaintiff, were

28    undertaken as a result of inadequate hiring, training and supervision of school personnel, and this

1   failure amounted to deliberate indifference to the rights of Plaintiff whom Defendant had custodial

2   care.

3

4   3.    <u>Conclusion</u>.

5        All allegations and reasonable inferences taken as true, and construed in the light most

6   favorable to Plaintiff, relief could be granted under proven facts consistent with the allegations.

7

8   4.    <u>Motion for Leave to Amend Complaint</u>.

9        FRCP 15(a) provides that "[a] party may amend the party's pleading once as a matter of

10  course at any time before a responsive pleading is served . . . ." "Otherwise a party may amend the

11  party's pleading only by leave of court or by written consent of the adverse party; and leave shall be

12  freely given when justice so requires."

13

14       WHEREFORE, Plaintiff requests that the Court deny Defendants' Motion to Dismiss and

15  grant Plaintiff leave to file the proposed First Amended Complaint attached hereto.

16       DATED this _29_ day of May, 2007.

17                                          MARVEL & KUMP, LTD.
                                            217 Idaho Street
18                                          Elko, Nevada 89801

19

20                                          JEFFREY J. KUMP
                                            Attorneys for Plaintiff
21                                          Nevada State Bar No. 5694

22

23

24

25

26

27

28

1 | Jeffrey J. Kump, Esq. (Bar No. 5694)
MARVEL & KUMP, LTD.
2 | 217 Idaho Street, P.O. Box 2645
Elko, NV 89803-2645
3 | Telephone:     (775) 777-1204
Facsimile:     (775) 738-0187
4
5 | Attorneys for Plaintiff
6
7 | UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
8
9 | DA-DAZE-NOM MANZANARES,
10 |              Plaintiff,
11 | vs.
12 | ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., as agent for
13 | ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., individually,
14 | and CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF JESUS
15 | CHRIST OF LATTER-DAY SAINTS, a
foreign corporation registered to
16 | do business in the State of Nevada;
CORPORATION OF THE PRESIDENT OF THE
17 | CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS AND SUCCESSORS, a
18 | foreign corporation registered to
do business in the State of Nevada;
19 | and  Does 1-5, and XYZ Corporations
1-5.
20
21 |              Defendants.
_____/

**FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

22 |        COMES NOW, Plaintiff, DA-DAZE-NOM MANZANARES, ("PLAINTIFF"),

23 | by and through her attorneys, Marvel & Kump, Ltd., and Lisa K. Mendez,

24 | Ltd., and for causes of action against Defendants, alleges, avers and

25 | complains as follows:

26 | ///

27 | ///

28 | ///

**Parties**

(Jurisdiction and Venue)

1.    This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitutions of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988.

2.    This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331 and 1393, Plaintiff also invokes the pendent jurisdiction of this court.

3.    Venue is proper in this District pursuant to Title 28 of the United States Code, §1391. Plaintiff, Da-Daze-Nom Manzanares, was born on February 14, 1987 and was a minor at the time the causes of action arose, having since that time reached the age of majority. Plaintiff is currently nineteen (19) years old. During all relevant times, Plaintiff resided in Elko County, Nevada with her mother Martha Seahmer.

4.    Defendant Elko County School District ("ECSD") was at all times material to this complaint a school district organized and existing under the laws of the State of Nevada. ECSD is located in Elko County, Nevada.

5.    At all times relevant to this Complaint, the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors, was a foreign religious corporation of the Church of Jesus Christ of Latter Day Saints operating in Nevada. At all times relevant to this Complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, was a foreign religious corporation of the LDS Church operating in Nevada. The Corporation of

the President and Corporation of the Presiding Bishop will be referred to collectively hereinafter as "LDS Church."

6. As part of the LDS Church's hierarchy, the Church selects and authorizes individual members to serve as Bishops or Branch Presidents to counsel, minister and serve as spiritual leaders to LDS families, including children, in the congregation. The LDS Church selected Defendant, Gary Lee Jones, Sr., to serve as the Branch President for the Church of Jesus Christ of LDS, to counsel minister and serve as the head of the Church of Jesus Christ of LDS of which Plaintiff and her family were members.

7. Defendant Gary Lee Jones, Sr., ("Jones"), both as an agent for ECSD, an agent for the LDS Church, and individually, was at all times material to this complaint, employed by ECSD as a building superintendent, and the Branch President of the Church of Jesus Christ of LDS. Jones was a resident of Elko County, Nevada when the cause of action arose.

8. Owyhee High School ("OHS") was at all times material to this complaint a high school facility operated by and under the management and control of Defendant ECSD under the laws of the State of Nevada.

9. Does 1 through 6 are unknown employees, agents, contractors, personal representatives, persons, entities, successors, assigns, tortfeasors, or agencies who are in some way responsible for Plaintiff's damages alleged herein, in either a representative capacity or by virtue of independent acts or omissions. When the true names and identities of the Doe Defendants are ascertained, Plaintiff will seek leave to amend this complaint to insert their true names and identities.

///

10.    XYZ Corporations 1 through 6, inclusive, are legal entities or corporations who the Plaintiff alleges are additionally, jointly and severally liable to the Plaintiff for the acts and events alleged herein, or are agents and/or alter egos of Defendants named herein.  When the true names and identities of XYZ Corporations are ascertained, Plaintiff will seek leave to amend this complaint to insert their true names.

<u>Facts</u>

11.    Plaintiff restates and realleges Paragraphs 1 through 10 above, and incorporates the same as if fully set out herein.

12. Jones, was employed as a building Superintendent at OHS during the times Plaintiff attended high school there, and was the supervisor to Plaintiff's mother, MARTHA SEAHMER, also employed by ECSD.

13.    Jones was selected and appointed by the LDS Church to act as their Branch President for the Church of Jesus Christ of LDS to minister, counsel, and serve as the spiritual leader for that congregation, of which Plaintiff and her family relied upon.

14.    While working in the Church of Jesus Christ of LDS and for the purpose of furthering his assigned duties as a Branch President, Jones identified Plaintiff's family as one in need with a teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to counsel Plaintiff, and sought and gained the instruction of Plaintiff's parents that she was to have respect for Jones' authority and to comply with Jones' instruction and requests.

///

15. The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued during the time that Jones was working at OHS where Plaintiff was a student. During the 2001-2002 school year, when Plaintiff was fourteen, staff at OHS observed Jones making inappropriate contacts with Plaintiff. OHS staff members were also aware of daily telephone calls between Jones and Plaintiff at his school office. OHS staff members complained to the OHS administration, but OHS and ECSD took no action.

16. Jones, while using the authority and position of trust as the Branch President of the Church of Jesus Christ of LDS and also while acting within the course and scope of his employment and agency with ECSD, induced and directed Plaintiff to engage in various sex acts with Jones. These acts constituted a harmful or offensive touching of Plaintiff.

17. The LDS Church and ECSD were informed of Jones' inappropriate conduct and sexual abuse of Plaintiff. Despite receiving various reports concerning Jones, neither the LDS Church nor ECSD took any action to protect Plaintiff or to report the sexual abuse to law enforcement authorities.

18. On or about August 26, 2002, days after the commencement of the new school year, Plaintiff attempted suicide by trying to hang herself in her family's basement due to Jones' conduct and sexual abuse of her. She remained hospitalized until approximately January 7, 2003, when she was discharged from a residential treatment facility.

19. Subsequently, Jones was arrested on charges of sexual abuse of a minor as a result of his sexual abuse of Plaintiff. Jones ultimately pleaded guilty to Statutory Sexual Seduction of Plaintiff in Elko County District Court in the State of Nevada.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights

20.   Plaintiff restates and realleges Paragraphs 1 through 19 above, and incorporates the same as if fully set out herein.

21.   The acts of the Defendants alleged herein were done by ECSD and Jones, under the color and pretense of the statutes, ordinances, regulations, and customs, of the State of Nevada, City of Elko, and the County of Elko, and under the authority of their office as a school district organized and existing under the laws of the State of Nevada.

22.   That pursuant to statutes, ordinances, regulations, and customs of the State of Nevada, ECSD was responsible for the care, custody and control of their employees and students, including Plaintiff, who was a minor child enrolled as a student at OHS at all relevant times to this action.

23.   That during the above-alleged period of time extending through 2002, Jones, acting as a building superintendent and within the course and scope of his employment with ECSD, did on repeated, separate and distinct times, sexually assault Plaintiff during her minority.

24.   That during this relevant period of time, ECSD had adopted and were pursuing a policy, custom, or de facto policy or custom which failed to properly implement, supervise and oversee the administration of its schools which allowed Jones to sexually assault the minor child Plaintiff. Further, ECSD failed to investigate or report allegations of sexual misconduct made against Jones, and failed to follow-up in any form as to these allegations, which investigation and follow-up would have prevented and/or terminated the actions of Jones.

1        25.  As a result of the acts of ECSD and Jones, Plaintiff

2    suffered such extreme physical and mental pain, anguish, and

3    embarrassment that she attempted to commit suicide in her family's home

4    and was placed in a mental hospital for several months.

5        26.  Plaintiff alleges that at all times herein mentioned, the

6    above-described acts and omissions were performed pursuant to certain

7    customs, policies, or defacto policies and/or customs of the Defendants,

8    and each of them, including, but not limited to: (1) the inadequate

9    screening, hiring, and retention of school personnel; (2) the inadequate

10   training of employees; (3) inadequate and unreasonable supervision of

11   employees; (4) inadequate implementation of investigation procedures or

12   reporting procedures regarding the sexual abuse of a minor student by an

13   adult employee; (5) inadequate implementation of procedures to protect

14   students in their custodial care; and (6) inadequate attention and

15   deliberate indifference to students enrolled in ECSD schools.

16       27.  The acts of the ECSD and Jones that resulted in harm to

17   Plaintiff, were partially or wholly undertaken in pursuance of official

18   and/or unofficial policy, and established unauthorized and illegal

19   patterns of conduct, consisting of (1) the inadequate screening, hiring,

20   and retention of school personnel; (2) the inadequate training of

21   employees; (3) inadequate and unreasonable supervision of employees; (4)

22   inadequate implementation of investigation procedures or reporting

23   procedures regarding the sexual abuse of a minor student by an adult

24   employee; (5) inadequate implementation of procedures to protect

25   students in their custodial care; and (6) inadequate attention and

26   deliberate indifference to students enrolled in ECSD schools; by which

27   said Defendants, acting under color of law, have denied persons the

28   rights, privileges and immunities guaranteed to them by the Fourth and

1  Fourteenth Amendments to the Constitution of the United States.  This
2  pattern of conduct, while carried out under color of law, has no
3  justification or excuse in law, but instead, is improper and illegal and
4  is unrelated to any activities in which school authorities and personnel
5  may properly and legally act in the course of their duties to care for
6  minor students.

7        28.   Further, the acts of the ECSD and Jones that resulted in
8  injuries to the Plaintiff, were undertaken as a result of inadequate
9  hiring, training and supervision of school personnel, and this failure
10  amounted to deliberate indifference to the rights of students with whom
11  Defendant had custodial care.

12        29.   The aforesaid acts of Defendants, individually, and in
13  concert with the others, were carried out under the pretense of color of
14  law in their official capacities, but said acts went beyond the scope of
15  their jurisdiction and without authorization of law, each Defendant,
16  individually, and in concert with others, acted willfully, knowingly,
17  and with specific intent to deprive Plaintiff, a minor student, of her
18  rights, by reason of the same Plaintiff is entitled to compensatory
19  damages and punitive damages in the amounts set forth below.

20        30.   The aforementioned acts of all Defendants, individually,
21  and in concert with others, were willful and malicious in that
22  Defendants' conduct was carried out with a conscious disregard for the
23  Plaintiff minor child's rights such as to constitute oppression, fraud
24  or malice under the NRS 42.010, thereby warranting the assessment of
25  exemplary and punitive damages against Defendants in the amount set
26  forth below appropriate to punish Defendants and set an example for
27  others.
28  ///

31.  As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

32.  As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Attorney Fees

33.  Plaintiff restates and realleges Paragraphs 1 through 32 above, and incorporates the same as if fully set out herein.

34.  It has been necessary for Plaintiff to retain the services of Marvel and Kump, Ltd. in order to prosecute this action under 42 U.S.C. §1983, and therefore, Plaintiff pursuant to 42 U.S.C. §1988, is entitled to a reasonable award of attorney fees for bringing this claim against the Defendants, and each of them.

## THIRD CAUSE OF ACTION

### Negligent Supervision and Retention Against Defendant Elko County School District

35.  Plaintiff restates and realleges Paragraphs 1 through 34 above, and incorporates the same as if fully set out herein.

36.  At all times material to this complaint, ECSD had an affirmative duty and obligation to properly train and adequately supervise and monitor Jones' activities, including his relations with students.

37.  While he was employed at OHS, ECSD, through its agents, received abundant information concerning Jones' inappropriate conduct with Plaintiff.  Through its agents, ECSD was aware that Jones was perpetuating an improper sexual relationship with Plaintiff, a fourteen year old student, on school grounds; that Jones was caught with

1  Plaintiff in a school locker room; that Jones took Plaintiff to an ECSD
2  function in Elko, staying with her in a motel.   Despite receiving
3  information, ECSD failed to take any action to investigate, supervise,
4  or report Jones' inappropriate contacts with Plaintiff.   Indeed, ECSD
5  took no action until Jones' wife exposed the sexual abuse, ultimately
6  causing Jones to be reported and arrested.

7       38.   As a direct and proximate result of ECSD's negligent
8  supervision of Jones, Jones was able to sexually abuse Plaintiff for an
9  extended period of time.

10      39.   In addition to negligently supervising Jones, ECSD failed
11 to protect Plaintiff, an ECSD student.   ECSD's negligent supervision of
12 Plaintiff allowed Jones to develop a sexual relationship with her, and
13 to sexually abuse her.

14      40.   As a direct and proximate result of ECSD's negligent
15 supervision of Jones, and ECSD's negligent supervision and failure to
16 protect Plaintiff, Plaintiff has suffered damages in an amount to be
17 proven at trial, including emotional and psychological damage, pain and
18 suffering, and such other damages as are proven at trial.

19      41.   As a direct result of this sexual abuse and breach of
20 trust Plaintiff has sustained and continues to sustain injuries and
21 damages in an amount to be proven at trial.

22      42.   As a further result of the molestation, Plaintiff has
23 incurred or will continue to incur costs of counseling and psychological
24 treatment in an amount to be proven at trial.

25                    **FOURTH CAUSE OF ACTION**

26             **Sexual Abuse of a Child/Respondeat Superior**

27      43.   Plaintiff restates and realleges Paragraphs 1 through 42
28 above, and incorporates the same as if fully set out herein.

44.  LDS Church empowered Jones to perform all duties of a Branch President including counseling, spiritual and moral guidance, religious instruction, ministry and other duties for LDS families. Defendants knew that as part of his duties as a Branch President, Jones would be in a position of trust and confidence with the church and community families, including Plaintiff in this case.

45.  For the purpose of furthering his duties as a Branch President, Jones also sought and gained the trust, friendship, admiration and obedience of Plaintiff.  As a result, Plaintiff was conditioned to trust Jones to comply with Jones' direction, and to respect Jones as a person of authority in spiritual, moral and ethical matters.

46.  The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued in Jones' contact with Plaintiff through the course and scope of his employment at OHS where Plaintiff was a student.

47.  Jones, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Branch President for the Defendants, induced and directed Plaintiff to engage in various sexual acts with Jones.  These acts constituted a harmful or offensive touching of Plaintiff.

48.  Specifically, Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving each of the Defendants.

49.  Jones used the grooming process to accomplish his acts of sexual molestation of the Plaintiff.  Jones' grooming was (1) committed in direct connection and for the purposes of fulfilling Jones'

1  employment and agency with each of the Defendants; (2) committed within
2  the time and space limits of his agency with each of the Defendants; (3)
3  done initially and at least in part from a desire to serve the interests
4  of the Defendants; (4) done directly in the performance of his duties
5  with each of the Defendants; (5) consisted generally of actions of a
6  kind and nature which Jones was required to perform for each of the
7  Defendants; and (6) was done at the direction of, and pursuant to, the
8  power vested in him by each of the Defendants.

9      50.   As a result of Jones' sexual abuse, molestation, and
10 breach of authority, trust and position, Plaintiff has suffered and
11 continues to suffer severe debilitating physical, mental, and emotional
12 injury, including pain and suffering, physical and emotional trauma, and
13 permanent psychological damage, in amounts to be proven at trial.

14     51.   As a direct result of this sexual abuse and breach of
15 trust Plaintiff has sustained and continues to sustain injuries and
16 damages in an amount to be proven at trial.

17     52.   As a further result of the molestation, Plaintiff has
18 incurred or will continue to incur costs of counseling and psychological
19 treatment in an amount to be proven at trial.

20                          **FIFTH CAUSE OF ACTION**

21                  **Sexual Abuse of a Child/Respondeat Superior**

22     53.   Plaintiff restates and realleges Paragraphs 1 through 52
23 above, and incorporates the same as if fully set out herein.

24     54.   In the course and scope of his employment with ECSD,
25 Jones induced and directed Plaintiff to engage in various sexual acts
26 with Jones.   These acts constituted a harmful or offensive touching of
27 Plaintiff.   Jones' sexual molestation of Plaintiff occurred on several
28 occasions between 2001 and 2002.

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, NV 89801
775-777-1204

-12-

55.    Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364.

56.    As a direct and proximate result of Jones' intentional acts Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

57.    As a consequence of Jones' malicious acts Plaintiff is entitled to punitive damages.

58.    As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Negligent Failure to Report Suspected Child Sex Abuse By ECDS and the LDS Church

59.    Plaintiff restates and realleges Paragraphs 1 through 58 above, and incorporates the same as if fully set out herein.

60.    Despite having reasonable cause to suspect child abuse or neglect of the minor Plaintiff, ECSD and the LDS Church failed to report obvious signs of abuse as required by Nevada law and further failed to conduct a reasonable investigation.

61.    As a direct and proximate result of ECSD and the LDS Church's negligent failure to report child sex abuse by Jones against Plaintiff as this duty is defined under NRS 432B.220 and other applicable law, Jones was able to sexually abuse Plaintiff over an extended period of time.

62.    As a direct and proximate result of ECSD and the LDS Church's negligent failure to report child sex abuse by Jones against Plaintiff as this duty is defined under NRS 423B.220 and other

applicable law, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

63. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Negligent Training and Supervision

64. Plaintiff restates and realleges Paragraphs 1 through 63 above, and incorporates the same as if fully set out herein.

65. The LDS Church had a duty to train and supervise its hierarchal clergy including but not limited to, assisting victims of child abuse, reporting incidents of child abuse to property authorities, making church leaders familiar with State child abuse reporting statutes.

66. The LDS Church had an additional duty to supervise its hierarchal clergy and members in positions of authority. The LDS Church failed to supervise Jones in his position as Branch President, and as a result, Plaintiff was sexually abused by Jones.

67. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

68. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

69. Plaintiff restates and realleges Paragraphs 1 through 68

1    above, and incorporates the same as if fully set out herein.

2        70.   Each of the Defendants herein engaged in extreme and

3    outrageous conduct with reckless disregard for causing emotional

4    distress to Plaintiff.

5        71.   Defendant Jones intentionally and with reckless disregard

6    for causing emotional distress to Plaintiff, identified Plaintiff's

7    family as one in need with a teenage girl, befriended Plaintiff, and her

8    family, gained the family's trust and confidence as a church counselor

9    and spiritual guide, and as a valuable and trustworthy mentor to

10   Plaintiff, and while working at the Owyhee High School where Plaintiff

11   was a student, and under the management and control of Defendant ECSD

12   under the laws of the State of Nevada, and while acting within the

13   course and scope of his employment and agency with LDS and ECSD, induced

14   and directed Plaintiff to engage in various sex acts.

15       72.   Defendants LDS and ECSD intentionally and with reckless

16   disregard for causing emotional distress to Plaintiff empowered Jones to

17   sexually and emotionally abuse Plaintiff, and despite receiving various

18   reports concerning Jones and Plaintiff's behavior, Defendants LDS and

19   ECSD intentionally and with reckless disregard for causing emotional

20   distress to Plaintiff took no action to protect Plaintiff.

21       73.   Defendants' LDS and ECSD are vicariously liable for the

22   intentional acts of Jones based upon the particular authority and

23   opportunity conferred upon Defendant Jones by Defendants' LDS and ECSD.

24       74.   Each of the Defendants' outrageous conduct was the actual

25   and/or approximate cause of the Plaintiff having suffered an apparent

26   breakdown and attempting to hang herself in her parents' basement, which

27   caused Plaintiff to be hospitalized in a residential treatment facility

28   from approximately August 26, 2002 to approximately January 7, 2003.

75. As a direct and proximate result of the Defendants' intentional acts, Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial. As a consequence of Defendants' malicious acts, Plaintiff is entitled to punitive damages.

76. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

77. Plaintiff restates and realleges Paragraphs 1 through 76 above, and incorporates the same as if fully set out herein.

78. ECSD and the LDS Church each had an affirmative duty to property train and adequately supervise Jones' activities. ECSD additionally had an obligation to protect Plaintiff, a student at OHS, from its employee's criminal and intentional misconduct.

79. ECSD and the LDS Church failed to properly train, supervise and monitor Jones, and despite reports concerning Jones' inappropriate conduct with Plaintiff, failed to act or protect Plaintiff from sexual abuse by Jones.

80. As a direct and approximate result of ECSD's negligent supervision of Jones and negligent conduct in failing to protect one of its students, Plaintiff was sexually abused by Jones for an extended period of time.

81. Plaintiff suffered extreme emotional distress caused by ECSD and the LDS Church's failure to protect her from further sexual abuse by Jones and their failure to supervise Jones, and attempted to

1  hang herself in her family's basement.  Plaintiff suffered from extreme
2  mental distress and was hospitalized in a mental hospital and
3  residential treatment center from approximately August 27, 2002 to
4  approximately January 7, 2003.

5      82.  As a direct and proximate result of ECSD and the LDS
6  Church's negligent acts, Plaintiff has suffered damages in an amount to
7  be proven at trial, including emotional and psychological damage, pain
8  and suffering, and such other damages as are proven at trial.  As a
9  consequence of ECSD and the LDS Church's malicious acts, Plaintiff is
10 entitled to punitive damages.

11      83.  As a further result of the molestation, Plaintiff has
12 incurred or will continue to incur costs of counseling and psychological
13 treatment in an amount to be proven at trial.

14                        **TENTH CAUSE OF ACTION**

15                              **Conspiracy**

16      84.  Plaintiff restates and realleges Paragraphs 1 through 83
17 above, and incorporates the same as if fully set out herein.

18      85.  That ECSD and the LDS Church knew or should have known of
19 the activities of their agent Jones and the said Defendants by and
20 through their agents, and/or employees, conspired and in concert amongst
21 themselves chose not to investigate, and/or did not provide information
22 to one another, all in an attempt to cover up or keep secret the
23 activities of Jones in regards to the injuries sustained by Plaintiff.

24      86.  That as a direct and proximate result of the conspiracy,
25 Plaintiff has suffered special and general damages.
26 ///
27 ///
28 ///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1.   For compensatory and general damages for past, present and future psychological, physical and emotional pain, suffering, distress and injury;

2.   For punitive damages as set forth against Defendant Jones;

3.   For the punitive damages as set forth against Defendant ECSD;

4.   For the punitive damages as set forth against Defendant LDS Church;

5.   For loss of enjoyment of life in the past and in the future;

6.   For loss of consortium in the future;

7.   For loss of earning capacity in the future;

8.   For loss of emotional disfigurement in the past and in the future;

9.   For loss of pre-judgment and post-judgment interest at the maximum legal rate;

10.  For all special damages including past, present and future medical, counseling, and psychological treatment and all other costs in an amount to be proven at trial;

11.  For Plaintiff's costs of suit;

12.  For Plaintiff's reasonable attorney's fees; and

///

///

///

13.   For such other and further relief as the Court may deem just and proper.

DATED this 14th day of May, 2007.

MARVEL & KUMP, LTD.
Attorneys for Plaintiff
217 Idaho Street
P. O. Box 2645
Elko, NV 89803-2645


BY: _____
     Jeffrey J. Kump, Nevada Bar #5694