Kent R. Robison, Esq. (Bar No. 1167)
Clayton P. Brust, Esq. (Bar No. 5234)
Jennifer L. Baker, Esq. (Bar No. 9559)
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151
Facsimile:  (775) 329-7941
Attorneys for Defendants
Corporation of the Presiding Bishop of The Church
of Jesus Christ of Latter-Day Saints and
Corporation of the President of The Church of Jesus
Christ of Latter-Day Saints and Successors

ELECTRONICALLY FILED 06/08/07

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DA-DAZE-NOM MANZANARES,

    Plaintiff,

vs.

ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., as agent for ELKO
COUNTY SCHOOL DISTRICT, and GARY LEE
JONES, SR., individually, and CORPORATION
OF THE PRESIDING BISHOP OF THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, a foreign corporation registered to
do business in the State of Nevada;
CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS AND SUCCESSORS, a foreign
corporation registered to do business in the State
of Nevada; and Does 1-5, and XYZ Corporations
1-5.

    Defendants.
_____/

CASE NO. 07-CV-00076-LRH-RAM

REPLY IN SUPPORT OF
DEFENDANTS CORPORATION OF
THE PRESIDING BISHOP OF THE
CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS' and
CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS AND SUCCESSORS'
MOTION TO DISMISS; and
RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT

I.    **REPLY IN SUPPORT OF MOTION TO DISMISS**

    A.    **Failure to Report**

Plaintiff asserts that her sixth claim for relief states a claim for negligence based on the duties imposed by NRS § 432B.220. *See* Plaintiff's Opposition to LDS' Motion to Dismiss,

Doc. #22, at p.7, lns.5-6. The proposed Amended Complaint attached to the Opposition simply takes Plaintiff's original claim for failure to report and inserts the word "negligent" before every instance of "failure to report." *See* Proposed Amended Complaint, attached to Doc. # 25,[1] at p.13, lns.14, 22, and 27. However, Plaintiff has not remedied the defect with her original claim for relief for failure to report by simply inserting "negligent" into the phrase - she is still attempting to state a claim for failure to report under NRS § 432B.220, which does not provide a civil cause of action.

This Court has addressed this very issue and stated that the "assertion that this Court has specifically held that a claim for negligence under the reporting statute is a viable claim is <u>not</u> an accurate characterization of the Court's prior ruling or of the relevant law." *Doe v. Nevada*, 356 F.Supp.2d 1123, 1125 (D. Nev. 2004). Yet this is precisely what Plaintiff's sixth claim for relief in her proposed Amended Complaint is.

Plaintiff may use evidence of a failure to report pursuant to NRS § 432B.220, if any, in connection with her other negligence claims.[2] She may not, however, state a separate claim for relief for negligent failure to report. Plaintiff's sixth claim for relief should be dismissed.

**B.    Intentional Infliction of Emotional Distress**

Plaintiff admits that her claim for intentional infliction of emotional distress is not based on any conduct by LDS, but rather is derivative of Jones' intentional conduct. *See* Opposition to Motion to Dismiss, Doc. # 22, at p.7, lns.9-12; p.7, p.7-8. Indeed, the crux of Plaintiff's claim

---

[1]    Plaintiff originally filed her Motion for Leave to Amend as part of Doc. #22 and 24, with the Proposed Amended Complaint attached thereto. However, at least with respect to Doc. #24, which is Plaintiff's Response to Elko County School District's joinder in LDS' Motion to Dismiss, Plaintiff has separated her Motion for Leave to Amend and Proposed Amended Complaint and filed it as Doc. # 25. Although this was not done for Doc. #22, Plaintiff's Response to LDS' Motion to Dismiss, for clarity, LDS will refer to the Motion for Leave to Amend as Doc. #25 and refer to the Proposed Amended Complaint as attached to Doc. #25.

[2]    Plaintiff's seventh claim for relief is for negligent training and supervision against LDS, and her ninth claim for relief is for negligent infliction of emotional distress against LDS and ECSD.

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

against LDS is that it "must be held vicariously liable for the misconduct of Jones." Opposition to Motion to Dismiss, Doc. # 22, at p.9, lns.5-6.

However, in order to state a claim for intentional infliction of emotional distress, the plaintiff must allege that the specific defendant against whom the claim is asserted (LDS) acted with the specific intent or reckless disregard for causing emotional distress. *Jordan v. State ex rel Dept. of Motor Vehicles and Public Safety*, 121 Nev. 44, 110 P.3d 30, 52 (2005). Plaintiff cannot base her claim for intentional infliction of emotional distress against LDS on Jones' intent to cause her emotional distress.

Further, Plaintiff's reliance on *State, Dept. of Human Res., Div. of Mental Hygiene and Mental Retardation v. Jiminez*, 113 Nev. 356, 935 P.2d 274 (1997) is inappropriate. The *Jiminez* opinion was withdrawn by the Nevada Supreme Court shortly after its publication. *See State, Dept. of Human Res., Div. of Mental Hygiene and Mental Retardation v. Jiminez*, 113 Nev. 735, 941 P.2d 969 (1997).

Plaintiff's reliance on *Doe v. Green*, 298 F.Supp.2d 1025 (D. Nev. 2004) is similarly misplaced. The Green case involved a teacher who was sexually abusing a student at school and during school-related functions. The *Green* Court held the school district vicariously liable for the teacher's conduct that occurred during the time he was engaged in or should have been engaged in employment activities. 298 F.Supp.2d at 1042. The *Green* Court did not hold the school district responsible for the teacher's conduct while he was not working, emphasizing that vicarious liability only arises when the employee acts while engaged in the very task assigned to him. *See id. See also* NRS § 41.745.

In so holding, however, the Court relied on the withdrawn *Jiminez* opinion and *Ray v. Value Behavioral Health, Inc.*, 967 F.Supp. 417 (1997), which in turn relied on the withdrawn *Jiminez* opinion. Because the *Jiminez* opinion has been withdrawn, the *Green* Court's reasoning

3

based on it and *Ray* should be disregarded by this court.

The *Green* Court also cited to and relied upon the opinion in *Doe v. Estes*, 926 F.Supp. 979 (1996) for the proposition that the responsibility of the employer of a teacher who fondles a student that of a blackjack dealer who slugs a customer during a deal is the same because "[i]n both cases the <u>plaintiff was on the defendant's premises for the purpose of enjoying the defendant's services</u>." *Green*, 298 F.Supp.2d at 1042 (quoting *Estes*, 926 F.Supp. at 989) (emphasis added).

A key distinction in this case is the fact that Plaintiff has not alleged that she was abused by Jones while on LDS' premises. Indeed, Plaintiff has not alleged that she was a member of the LDS Church or even that she ever attended any LDS Church service. Plaintiff's only specific allegations relate to Jones' abuse of her "on <u>school</u> grounds; . . . in a <u>school</u> locker room; . . . and [at] an <u>ECSD</u> function[.]" Proposed Amended Complaint, attached to Doc. # 25, at p.9, ln.28; p.10, lns.1-2 (emphasis added). Moreover, *Green* did not specifically address the imposition of vicarious liability for intentional infliction of emotional distress. Thus, its holding is inapposite to this case.

Plaintiff's eighth claim for relief for intentional infliction of emotional distress should be dismissed.

II.  **RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT**

The allowance of leave to amend a complaint after a responsive pleading has been filed is within the sound discretion of the Court. *See PSG Co v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969). Although leave to amend to amend should normally be freely granted, the Court need not do so when the proposed amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) <u>would be futile</u>. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

4

(emphasis added).

Plaintiff's amendments to her complaint consist inserting "negligent" in front of "failure to report" in her sixth claim for relief, and to expound on the outrageous conduct of Jones and LDS' vicarious liability for Jones' conduct in connection with her eighth claim for relief. *See* Proposed Amended Complaint, attached to Doc. #25. As explained in LDS' above arguments, these amendments would be futile because Plaintiff cannot maintain a claim for negligent failure to report, and because LDS cannot be held vicariously liable for Jones' intentional infliction of emotional distress. As such, Plaintiff's motion for leave to amend should be denied.

### III.  CONCLUSION

For the foregoing reasons, LDS respectfully requests that this Court GRANT LDS' Motion to Dismiss. LDS also respectfully requests that this Court DENY Plaintiff's Motion for Leave to Amend.

DATED this 8th day of June, 2007.

                                                  ROBISON, BELAUSTEGUI, SHARP & LOW
                                                  A Professional Corporation
                                                  71 Washington Street
                                                  Reno, Nevada 89503

By: /s/ Jennifer L. Baker
      KENT R. ROBISON
      CLAYTON P. BRUST
      JENNIFER L. BAKER
      Attorneys for Defendants
      Corporation of the Presiding Bishop of The Church
      of Jesus Christ of Latter-Day Saints and
      Corporation of the President of The Church of Jesus
      Christ of Latter-Day Saints and Successors

J:\WPData\Krr\1105.001\P-Reply re Motion to Dismiss.wpd

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, BELAUSTEGUI, SHARP & LOW, and that on this date I caused a true copy of **REPLY IN SUPPORT OF DEFENDANTS CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS' MOTION TO DISMISS; and RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** to be served on all parties to this action by:

__X__  placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____  personal delivery/hand delivery

_____  facsimile (fax)

_____  Federal Express/UPS or other overnight delivery

_____  Reno Carson Messenger Service

Jeffrey J. Kump, Esq.
Marvel & Kemp, Ltd.
217 Idaho Street
P.O. Box 2645
Elko, NV 89803-2645
Facsimile: (775) 738-0187
Attorneys for Plaintiff

Thomas P. Beko, Esq.
Erickson, Thorpe & Swainston, Ltd.
99 West Arroyo Street
P.O. Box 3559
Reno, NV 89505
Facsimile: (775) 786-4160
Attorneys for Defendant
Elko County School District

Kelly G. Watson, Esq.
Watson Rounds
5371 Kietzke Lane
Reno, NV 89511
Attorneys for Defendant Gary Lee Jones

Dated this 8th day of June, 2007.

_____
Employee of Robison, Belaustegui, Sharp & Low

ROBISON, BELAUSTEGUI, SHARP & LOW
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151