1  Jeffrey J. Kump, Esq. (Bar No. 5694)
   MARVEL & KUMP, LTD.
2  217 Idaho Street, P.O. Box 2645
   Elko, NV 89803-2645
3  Telephone:    (775) 777-1204
   Facsimile:    (775) 738-0187
4

5  Attorneys for Plaintiff

6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF NEVADA

9  DA-DAZE-NOM MANZANARES,

10              Plaintiff,              Case No. 3:07-CV-00076-LRH-RAM

11  vs.
                                       MOTION TO AMEND FIRST AMENDED
12  ELKO COUNTY SCHOOL DISTRICT, and GARY   COMPLAINT AND DEMAND FOR JURY
    LEE JONES, SR., as agent for ELKO COUNTY   TRIAL
13  SCHOOL DISTRICT, and GARY LEE JONES, SR.,
    individually, and CORPORATION OF THE
14  PRESIDING BISHOP OF THE CHURCH OF
    JESUS CHRIST OF LATTER-DAY SAINTS, a
15  foreign corporation registered to do business in the
    State of Nevada; CORPORATION OF THE
16  PRESIDENT OF THE CHURCH OF JESUS
    CHRIST OF LATTER-DAY SAINTS AND
17  SUCCESSORS, a foreign corporation registered to
    do business in the State of Nevada; and  Does 1-5,
18  and XYZ Corporations 1-5.

19              Defendants.
    _____/
20
            COMES NOW, Plaintiff, DA-DAZE-NOM MANZANARES, ("PLAINTIFF"), by and
21
    through her attorneys, Marvel & Kump, Ltd., and Lisa K. Mendez, Ltd., and moves this Court pursuant to
22
    Civil Rule 15(a) through (c) and Local Rule LR 15-1(a) to amend the First Amended Complaint and Demand
23
    for Jury Trial.     Plaintiff's Motion is based upon the following points and  authorities and the papers and
24
    pleadings on file herein.  A copy of Plaintiff's proposed Second Amended Complaint is attached hereto.
25
    ///
26
    ///
27
    ///
28
    ///

MARVEL & KUMP, LTD.
Attorneys at Law
217 Idaho Street
Elko, NV 89801
775-777-1204

-1-

Dockets.Justia.com

DATED this 30th day of August, 2007.

MARVEL & KUMP, LTD.
217 Idaho Street
Elko, Nevada 89801

_____
JEFFREY J. KUMP
Attorneys for Plaintiff
Nevada State Bar No. 5694

POINTS AND AUTHORITIES

1. Plaintiff moves this Court pursuant to Civil Rule 15(a) through (c) and Local Rule LR 15-1(a) to amend the First Amended Complaint and Demand for Jury Trial as follows:

1.1 That the Plaintiff desires to add a new cause of action to the Complaint alleging sexual harassment under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 USC §. 1681 et seq.

1.2 That said new counts would be denominated as the Third Cause of Action in the Second Amended Complaint.

1.3 That accompanying this motion, pursuant to Local Rule LR 15-1(b) is the original of the completely revised Second Amended Complaint which incorporates the proposed changes into the existing Complaint.

1.4 That allowance of this amendment is not unfairly prejudicial to any party and is consistent with the general policy of allowing amendments to pleadings, and will conform the pleadings to the evidence to be presented as to the Third Cause of Action in the original complaint as set forth in the accompanying proposed Second Amended Complaint.

2. In this case, the causes of action against the Defendants all stem from a relationship that Defendant Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, and continued in Defendant Jones' contact with Plaintiff through the course and scope of Defendant Jones' employment with Defendant Elko County School District, (ECSD) at Owyhee High School where Plaintiff was a student. Complaint, Doc. #1-1, at p.11, para. 46.

3. The contact by Defendant Jones with Plaintiff occurred through the course and scope of Defendant Jones' employment with Defendant Elko County School District, (ECSD) at Owyhee High

School where Plaintiff was a student included:

      3.1  Jones, was employed as a building Superintendent at OHS during the times Plaintiff attended high school there, and was the supervisor to Plaintiff's mother, MARTHA SEAHMER, also employed by ECSD.  Complaint, Doc. #1-1, at p.3, para. 7.

      3.2  Jones sexually abused and molested Plaintiff from 2001 to 2002, including instances of fondling and mutual masturbation, as well as instances of oral sex, and sexual intercourse while Jones was serving LDS and ECSD. Complaint, Doc. #1-1, at p.11, para. 48.

      3.3  The relationship Jones established with Plaintiff in his capacity as the Branch President of the LDS Church, continued during the time that Jones was working at OHS where Plaintiff was a student. During the 2001-2002 school year, when Plaintiff was fourteen, staff at OHS observed Jones making inappropriate contacts with Plaintiff and caught Plaintiff and Jones together.  OHS staff members were also aware of daily telephone calls between Jones and Plaintiff at his school office.  OHS staff members complained to the OHS administration, but OHS and ECSD took no action.  Complaint, Doc. #1-1, at p.5, para. 15.

      3.4  On or about August 26, 2002, days after the commencement of the new school year, Plaintiff attempted suicide by trying to hang herself in her family's basement due to Jones' conduct and sexual abuse of her.  She remained hospitalized until approximately January 7, 2003, when she was discharged from a residential treatment facility. Complaint, Doc. #1-1, at p.5, para. 18.

      3.5  Subsequently, Jones was arrested on charges of sexual abuse of a minor as a result of his sexual abuse of Plaintiff.  Jones ultimately pleaded guilty to Statutory Sexual Seduction of Plaintiff in Elko County District Court in the State of Nevada.  Complaint, Doc. #1-1, at p.5, para. 19.

      4.  On June 26, 2007, Defendants deposed Plaintiff.  During the Plaintiff's deposition it became evident that based upon the same evidence and facts giving rise to Plaintiff's existing claims against Defendants, Plaintiff had a collateral claim against Defendant Elko County School District, (ECSD)under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 USC sec. 1681 et seq.. Although this cause of action stems from the same facts giving rise to the existing claims, it is a separate claim governed by a different standard of proof.

///

1     5. Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 USC sec. 1681 et

2   seq. is being added as an amendment to the pleadings at this time simply because counsel's research in

3   connection with preparation of the original complaint had not uncovered these as separate causes of action

4   until counsel was able to work through police reports, medical records, the Plaintiff's testimony under oath,

5   and legal research into possible additional claims.

6     6. Federal Rule 15b permits the Court to allow amendments at any time in the proceeding, even after

7   trial, so as to permit the pleadings, causes of action and issues raised in them to conform to the evidence

8   submitted at trial. In this case, the evidence which will be presented by the Plaintiff at the time of trial will

9   include the specific information referred to in the new Third Cause of Action which is sought to be added

10  by amendment.

11     7. The facts and the documents proving them have been supplied to the Defendants, in Plaintiff's

12  documentary evidence submissions as well as detailed answers to questions posed to Plaintiff under oath

13  during her deposition. Amendment to the complaint by adding a count will simply permit the issues raised

14  in the pleadings and the Plaintiff's claims for relief to conform with the evidence which will be submitted

15  anyway on the other causes of action set forth in the complaint.

16     8. Since the amendment is being submitted before discovery is closed, before the final pre-trial and

17  nearly a year before trial, the Defendants will have ample time to file responsive pleadings as they deem

18  appropriate and necessary and to pursue additional discovery with respect to the specific allegations

19  contained in the new Cause of Action. Since, as a general rule, amendments particularly as to form are to

20  be liberally granted, there will be not prejudice to any party in the proceeding, the requested amendment

21  should be granted by this court.

22     WHEREFORE, Plaintiff prays for the following relief:

23     A.    That this Motion to Amend be granted and the new Third Cause of Action alleging

24  sexual harassment under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 USC

25  sec. 1681 et seq. be added to the Complaint.

26  ///

27  ///

28  ///

B.    For such other and further relief as the Court may deem just and proper.

DATED this ___30___ day of August, 2007.

MARVEL & KUMP, LTD.
Attorneys for Plaintiff
217 Idaho Street
P. O. Box 2645
Elko, NV 89803-2645


BY: _____
Jeffrey J. Kump, Nevada Bar #5694

Jeffrey J. Kump, Esq. (Bar No. 5694)
MARVEL & KUMP, LTD.
217 Idaho Street, P.O. Box 2645
Elko, NV 89803-2645
Telephone:     (775) 777-1204
Facsimile:     (775) 738-0187

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DA-DAZE-NOM MANZANARES,

        Plaintiff,

vs.

ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., as agent for
ELKO COUNTY SCHOOL DISTRICT, and
GARY LEE JONES, SR., individually,
and CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a
foreign corporation registered to
do business in the State of Nevada;
CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS AND SUCCESSORS, a
foreign corporation registered to
do business in the State of Nevada;
and  Does 1-5, and XYZ Corporations
1-5.

        Defendants.
_____/

Case No. 3:07-CV-00076-LRH-RAM

**SECOND  AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

        COMES NOW, Plaintiff, DA-DAZE-NOM MANZANARES, ("PLAINTIFF"),
by and through her attorneys, Marvel & Kump, Ltd., and Lisa K. Mendez,
Ltd., and for causes of action against Defendants, alleges, avers and
complains as follows:

///

///

///

**Parties**

(Jurisdiction and Venue)

1.    This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 USC § 1681 et seq.

2.    This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331 and 1393, Plaintiff also invokes the pendent jurisdiction of this court.

3.    Venue is proper in this District pursuant to Title 28 of the United States Code, §1391. Plaintiff, Da-Daze-Nom Manzanares, was born on February 14, 1987 and was a minor at the time the causes of action arose, having since that time reached the age of majority. Plaintiff is currently nineteen (19) years old. During all relevant times, Plaintiff resided in Elko County, Nevada with her mother Martha Seahmer.

4.    Defendant Elko County School District ("ECSD") was at all times material to this complaint a school district organized and existing under the laws of the State of Nevada. ECSD is located in Elko County, Nevada.

5.    At all times relevant to this Complaint, the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors, was a foreign religious corporation of the Church of Jesus Christ of Latter Day Saints operating in Nevada. At all times relevant to this Complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, was a foreign religious

1  corporation of the LDS Church operating in Nevada.  The Corporation of
2  the President and Corporation of the Presiding Bishop will be referred
3  to collectively hereinafter as "LDS Church."

4        6.   As part of the LDS Church's hierarchy, the Church selects
5  and authorizes individual members to serve as Bishops or Branch
6  Presidents to counsel, minister and serve as spiritual leaders to LDS
7  families, including children, in the congregation.  The LDS Church
8  selected Defendant, Gary Lee Jones, Sr., to serve as the Branch
9  President for the Church of Jesus Christ of LDS, to counsel minister and
10 serve as the head of the Church of Jesus Christ of LDS of which
11 Plaintiff and her family were members.

12       7.   Defendant Gary Lee Jones, Sr., ("Jones"), both as an
13 agent for ECSD, an agent for the LDS Church, and individually, was at
14 all times material to this complaint, employed by ECSD as a building
15 superintendent, and the Branch President of the Church of Jesus Christ
16 of LDS.  Jones was a resident of Elko County, Nevada when the cause of
17 action arose.

18       8.   Owyhee High School ("OHS") was at all times material to
19 this complaint a high school facility operated by and under the
20 management and control of Defendant ECSD under the laws of the State of
21 Nevada.

22       9.   Does 1 through 6 are unknown employees, agents,
23 contractors, personal representatives, persons, entities, successors,
24 assigns, tortfeasors, or agencies who are in some way responsible for
25 Plaintiff's damages alleged herein, in either a representative capacity
26 or by virtue of independent acts or omissions.  When the true names and
27 identities of the Doe Defendants are ascertained, Plaintiff will seek
28 leave to amend this complaint to insert their true names and identities.

10.    XYZ Corporations 1 through 6, inclusive, are legal entities or corporations who the Plaintiff alleges are additionally, jointly and severally liable to the Plaintiff for the acts and events alleged herein, or are agents and/or alter egos of Defendants named herein.    When the true names and identities of XYZ Corporations are ascertained, Plaintiff will seek leave to amend this complaint to insert their true names.

## Facts

11.    Plaintiff restates and realleges Paragraphs 1 through 10 above, and incorporates the same as if fully set out herein.

12.    Jones, was employed as a building Superintendent at OHS during the times Plaintiff attended high school there, and was the supervisor to Plaintiff's mother, MARTHA SEAHMER, also employed by ECSD.

13.    Jones was selected and appointed by the LDS Church to act as their Branch President for the Church of Jesus Christ of LDS to minister, counsel, and serve as the spiritual leader for that congregation, of which Plaintiff and her family relied upon.

14.    While working in the Church of Jesus Christ of LDS and for the purpose of furthering his assigned duties as a Branch President, Jones identified Plaintiff's family as one in need with a teenage girl, befriended Plaintiff, and her family, gained the family's trust and confidence as a church counselor and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to counsel Plaintiff, and sought and gained the instruction of Plaintiff's parents that she was to have respect for Jones' authority and to comply with Jones' instruction and requests.

///

1    15.   The relationship Jones established with Plaintiff in his

2    capacity as the Branch President of the LDS Church, continued during the

3    time that Jones was working at OHS where Plaintiff was a student.

4    During the 2001-2002 school year, when Plaintiff was fourteen, staff at

5    OHS observed Jones making inappropriate contacts with Plaintiff.   OHS

6    staff members were also aware of daily telephone calls between Jones and

7    Plaintiff at his school office.   OHS staff members complained to the OHS

8    administration, but OHS and ECSD took no action.

9    16.   Jones, while using the authority and position of trust as

10   the Branch President of the Church of Jesus Christ of LDS and also while

11   acting within the course and scope of his employment and agency with

12   ECSD, induced and directed Plaintiff to engage in various sex acts with

13   Jones.  These acts constituted a harmful or offensive touching of

14   Plaintiff.

15   17.   The LDS Church and ECSD were informed of Jones'

16   inappropriate conduct and sexual abuse of Plaintiff.  Despite receiving

17   various reports concerning Jones, neither the LDS Church nor ECSD took

18   any action to protect Plaintiff or to report the sexual abuse to law

19   enforcement authorities.

20   18.   On or about August 26, 2002, days after the commencement

21   of the new school year, Plaintiff attempted suicide by trying to hang

22   herself in her family's basement due to Jones' conduct and sexual abuse

23   of her.  She remained hospitalized until approximately January 7, 2003,

24   when she was discharged from a residential treatment facility.

25   19.   Subsequently, Jones was arrested on charges of sexual

26   abuse of a minor as a result of his sexual abuse of Plaintiff.  Jones

27   ultimately pleaded guilty to Statutory Sexual Seduction of Plaintiff in

28   Elko County District Court in the State of Nevada.

# FIRST CAUSE OF ACTION

## Violation of Civil Rights

20.    Plaintiff restates and realleges Paragraphs 1 through 19 above, and incorporates the same as if fully set out herein.

21.    The acts of the Defendants  alleged herein were done by ECSD and Jones, under the color and pretense of the statutes, ordinances, regulations, and customs, of the State of Nevada, City of Elko, and the County of Elko, and under the authority of their office as a school district organized and existing under the laws of the State of Nevada.

22.    That pursuant to statutes, ordinances, regulations, and customs of the State of Nevada, ECSD was responsible for the care, custody and control of their employees and students, including Plaintiff, who was a minor child enrolled as a student at OHS at all relevant times to this action.

23.    That during the above-alleged period of time extending through 2002, Jones, acting as a building superintendent and within the course and scope of his employment with ECSD, did on repeated, separate and distinct times, sexually assault Plaintiff during her minority.

24.    That during this relevant period of time, ECSD had adopted and were pursuing a policy, custom, or de facto policy or custom which failed to properly implement, supervise and oversee the administration of its schools which allowed Jones to sexually assault the minor child Plaintiff.  Further, ECSD failed to investigate or report allegations of sexual misconduct made against Jones, and failed to follow-up in any form as to these allegations, which investigation and follow-up would have prevented and/or terminated the actions of Jones.

25.    As a result of the acts of ECSD and Jones, Plaintiff suffered such extreme physical and mental pain, anguish, and embarrassment that she attempted to commit suicide in her family's home and was placed in a mental hospital for several months.

26.    Plaintiff alleges that at all times herein mentioned, the above-described acts and omissions were performed pursuant to certain customs, policies, or defacto policies and/or customs of the Defendants, and each of them, including, but not limited to: (1) the inadequate screening, hiring, and retention of school personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision of employees; (4) inadequate implementation of investigation procedures or reporting procedures regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate indifference to students enrolled in ECSD schools.

27.    The acts of the ECSD and Jones that resulted in harm to Plaintiff, were partially or wholly undertaken in pursuance of official and/or unofficial policy, and established unauthorized and illegal patterns of conduct, consisting of (1) the inadequate screening, hiring, and retention of school personnel; (2) the inadequate training of employees; (3) inadequate and unreasonable supervision of employees; (4) inadequate implementation of investigation procedures or reporting procedures regarding the sexual abuse of a minor student by an adult employee; (5) inadequate implementation of procedures to protect students in their custodial care; and (6) inadequate attention and deliberate indifference to students enrolled in ECSD schools; by which said Defendants, acting under color of law, have denied persons the rights, privileges and immunities guaranteed to them by the Fourth and

1  Fourteenth Amendments to the Constitution of the United States. This

2  pattern of conduct, while carried out under color of law, has no

3  justification or excuse in law, but instead, is improper and illegal and

4  is unrelated to any activities in which school authorities and personnel

5  may properly and legally act in the course of their duties to care for

6  minor students.

7        28.  Further, the acts of the ECSD and Jones that resulted in

8  injuries to the Plaintiff, were undertaken as a result of inadequate

9  hiring, training and supervision of school personnel, and this failure

10  amounted to deliberate indifference to the rights of students with whom

11  Defendant had custodial care.

12        29.  The aforesaid acts of Defendants, individually, and in

13  concert with the others, were carried out under the pretense of color of

14  law in their official capacities, but said acts went beyond the scope of

15  their jurisdiction and without authorization of law, each Defendant,

16  individually, and in concert with others, acted willfully, knowingly,

17  and with specific intent to deprive Plaintiff, a minor student, of her

18  rights, by reason of the same Plaintiff is entitled to compensatory

19  damages and punitive damages in the amounts set forth below.

20        30.  The aforementioned acts of all Defendants, individually,

21  and in concert with others, were willful and malicious in that

22  Defendants' conduct was carried out with a conscious disregard for the

23  Plaintiff minor child's rights such as to constitute oppression, fraud

24  or malice under the NRS 42.010, thereby warranting the assessment of

25  exemplary and punitive damages against Defendants in the amount set

26  forth below appropriate to punish Defendants and set an example for

27  others.

28  ///

31.   As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

32.   As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Attorney Fees

33.   Plaintiff restates and realleges Paragraphs 1 through 32 above, and incorporates the same as if fully set out herein.

34.   It has been necessary for Plaintiff to retain the services of Marvel and Kump, Ltd. in order to prosecute this action under 42 U.S.C. §1983, and therefore, Plaintiff pursuant to 42 U.S.C. §1988, is entitled to a reasonable award of attorney fees for bringing this claim against the Defendants, and each of them.

## THIRD CAUSE OF ACTION

### Violation of Title IX of the Educational Amendments of 1972

35.   Plaintiff restates and realleges Paragraphs 1 through 34 above, and incorporates the same as if fully set out herein.

36.   At all times material to this complaint, ECSD was a school district organized and existing under the laws of the State of Nevada and the recipient of Title IX federal financial funding.  As a recipient of such funding, ECSD is prohibited from discriminating against any individual on the basis of gender, race or sex in administering its programs and activities.

37.   Jones, was employed by ECSD as a building superintendent for Owyhee High School (OHS) and was under their supervision and control of ECSD at all relevant times to this complaint through 2002.

1        38.   The Plaintiff was a student of OHS and was under the

2 care, custody and control of ECSD while attending school within their

3 district at all relevant times to this complaint.

4        39.   That Plaintiff was subjected to repeated sexual abuse

5 and harassment while attending school at OHS, which deprived her of

6 access to the educational opportunities or benefits provided by the

7 school. This sexual abuse was perpetrated by Jones against Plaintiff,

8 then 14 years of age, on ECSD property and during regular school days

9 and ECSD functions. Jones' has since pleaded guilty to criminal charges

10 resulting from his molestation of Plaintiff.

11        40.   ECSD had actual notice of the sexual abuse by its

12 employee, Jones, against Plaintiff, but failed to take appropriate

13 action and responded to that knowledge with deliberate indifference,

14 thereby subjecting Plaintiff to continued sexual harassment.

15        41.   As a result of the continual sexual abuse and harassment

16 against Plaintiff, she became so emotionally distraught that she

17 attempted to commit suicide after the start of the 2002-2003 school

18 year. Jones was still an employee of ECSD, working at OHS, at the

19 commencement of that school year, where Plaintiff was still enrolled as

20 a student. Plaintiff's emotional distress was so severe that she was

21 placed in a residential treatment facility in Idaho for a period of

22 almost six months, causing her to miss further educational opportunities

23 in school. Upon release, Plaintiff's anguish did not end, as she was

24 subjected to harassment and taunting from other students aware of the

25 sexual molestation, further negating her educational experience.

26        42.   Plaintiff has suffered and will continue to suffer

27 substantial injuries requiring counseling and other intervention, and

28 should be awarded compensatory damages in an amount to be proven at

1  trial as a result of ECSD's misconduct and violation of Title IX of the
2  Educational Amendments of 1972.

3      43.   Plaintiff should additionally be awarded punitive
4  damages against ECSD for its failure to act appropriately and its
5  deliberate indifference to the harassment and sexual abuse perpetrated
6  against Plaintiff.

7                    **FOURTH CAUSE OF ACTION**

8  **Negligent Supervision and Retention Against Defendant Elko County**
9  **School District**

10     44.   Plaintiff restates and realleges Paragraphs 1 through 43
11  above, and incorporates the same as if fully set out herein.

12     45.   At all times material to this complaint, ECSD had an
13  affirmative duty and obligation to properly train and adequately
14  supervise and monitor Jones' activities, including his relations with
15  students.

16     46.   While he was employed at OHS, ECSD, through its agents,
17  received abundant information concerning Jones' inappropriate conduct
18  with Plaintiff.   Through its agents, ECSD was aware that Jones was
19  perpetuating an improper sexual relationship with Plaintiff, a fourteen
20  year old student, on school grounds; that Jones was caught with
21  Plaintiff in a school locker room; that Jones took Plaintiff to an ECSD
22  function in Elko, staying with her in a motel.   Despite receiving
23  information, ECSD failed to take any action to investigate, supervise,
24  or report Jones' inappropriate contacts with Plaintiff.   Indeed, ECSD
25  took no action until Jones' wife exposed the sexual abuse, ultimately
26  causing Jones to be reported and arrested.

27     47.   As a direct and proximate result of ECSD's negligent
28  supervision of Jones, Jones was able to sexually abuse Plaintiff for an

1  extended period of time.

2        48.   In addition to negligently supervising Jones, ECSD failed

3  to protect Plaintiff, an ECSD student.  ECSD's negligent supervision of

4  Plaintiff allowed Jones to develop a sexual relationship with her, and

5  to sexually abuse her.

6        49.   As a direct and proximate result of ECSD's negligent

7  supervision of Jones, and ECSD's negligent supervision and failure to

8  protect Plaintiff, Plaintiff has suffered damages in an amount to be

9  proven at trial, including emotional and psychological damage, pain and

10  suffering, and such other damages as are proven at trial.

11        50.   As a direct result of this sexual abuse and breach of

12  trust Plaintiff has sustained and continues to sustain injuries and

13  damages in an amount to be proven at trial.

14        51.   As a further result of the molestation, Plaintiff has

15  incurred or will continue to incur costs of counseling and psychological

16  treatment in an amount to be proven at trial.

17                        **FIFTH CAUSE OF ACTION**

18                  **Sexual Abuse of a Child/Respondeat Superior**

19        52.   Plaintiff restates and realleges Paragraphs 1 through 51

20  above, and incorporates the same as if fully set out herein.

21        53.   LDS Church empowered Jones to perform all duties of a

22  Branch President including counseling, spiritual and moral guidance,

23  religious instruction, ministry and other duties for LDS families.

24  Defendants knew that as part of his duties as a Branch President, Jones

25  would be in a position of trust and confidence with the church and

26  community families, including Plaintiff in this case.

27        54.   For the purpose of furthering his duties as a Branch

28  President, Jones also sought and gained the trust, friendship,

1  admiration and obedience of Plaintiff.  As a result, Plaintiff was
2  conditioned to trust Jones to comply with Jones' direction, and to
3  respect Jones as a person of authority in spiritual, moral and ethical
4  matters.

5      55.  The relationship Jones established with Plaintiff in his
6  capacity as the Branch President of the LDS Church, continued in Jones'
7  contact with Plaintiff through the course and scope of his employment at
8  OHS where Plaintiff was a student.

9      56.  Jones, while acting within the course and scope of his
10  employment and agency, and using the authority and position of trust as
11  a Branch President for the Defendants, induced and directed Plaintiff to
12  engage in various sexual acts with Jones.  These acts constituted a
13  harmful or offensive touching of Plaintiff.

14      57.  Specifically, Jones sexually abused and molested
15  Plaintiff from 2001 to 2002, including instances of fondling and mutual
16  masturbation, as well as instances of oral sex, and sexual intercourse
17  while Jones was serving each of the Defendants.

18      58.  Jones used the grooming process to accomplish his acts of
19  sexual molestation of the Plaintiff.  Jones' grooming was (1) committed
20  in direct connection and for the purposes of fulfilling Jones'
21  employment and agency with each of the Defendants; (2) committed within
22  the time and space limits of his agency with each of the Defendants; (3)
23  done initially and at least in part from a desire to serve the interests
24  of the Defendants; (4) done directly in the performance of his duties
25  with each of the Defendants; (5) consisted generally of actions of a
26  kind and nature which Jones was required to perform for each of the
27  Defendants; and (6) was done at the direction of, and pursuant to, the
28  power vested in him by each of the Defendants.

59. As a result of Jones' sexual abuse, molestation, and breach of authority, trust and position, Plaintiff has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, in amounts to be proven at trial.

60. As a direct result of this sexual abuse and breach of trust Plaintiff has sustained and continues to sustain injuries and damages in an amount to be proven at trial.

61. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Sexual Abuse of a Child/Respondeat Superior

62. Plaintiff restates and realleges Paragraphs 1 through 62 above, and incorporates the same as if fully set out herein.

63. In the course and scope of his employment with ECSD, Jones induced and directed Plaintiff to engage in various sexual acts with Jones. These acts constituted a harmful or offensive touching of Plaintiff. Jones' sexual molestation of Plaintiff occurred on several occasions between 2001 and 2002.

64. Jones was arrested for his sexual assault of Plaintiff and ultimately convicted of Statutory Sexual Seduction of a Minor under sixteen pursuant to NRS 200.368 and 200.364.

65. As a direct and proximate result of Jones' intentional acts Plaintiff has suffered damages in an amount to be proven at trial, including emotional and psychological damage, pain and suffering, and such other damages as are proven at trial.

66. As a consequence of Jones' malicious acts Plaintiff is

1  entitled to punitive damages.

2      67.  As a further result of the molestation, Plaintiff has
3  incurred or will continue to incur costs of counseling and psychological
4  treatment in an amount to be proven at trial.

**SEVENTH  CAUSE OF ACTION**

**Negligent Failure to Report Suspected Child Sex Abuse By ECDS and the LDS Church**

7      68.  Plaintiff restates and realleges Paragraphs 1 through 67
8  above, and incorporates the same as if fully set out herein.

9      69.  Despite having reasonable cause to suspect child abuse or
10  neglect of the minor Plaintiff, ECSD and the LDS Church failed to report
11  obvious signs of abuse as required by Nevada law and further failed to
12  conduct a reasonable investigation.

13      70.  As a direct and proximate result of ECSD and the LDS
14  Church's negligent failure to report child sex abuse by Jones against
15  Plaintiff as this duty is defined under NRS 432B.220 and other
16  applicable law, Jones was able to sexually abuse Plaintiff over an
17  extended period of time.

18      71.  As a direct and proximate result of ECSD and the LDS
19  Church's negligent failure to report child sex abuse by Jones against
20  Plaintiff as this duty is defined under NRS 423B.220 and other
21  applicable law, Plaintiff has suffered damages in an amount to be proven
22  at trial, including emotional and psychological damage, pain and
23  suffering, and such other damages as are proven at trial.

24      72.  As a further result of the molestation, Plaintiff has
25  incurred or will continue to incur costs of counseling and psychological
26  treatment in an amount to be proven at trial.

27  ///

28  ///

1

## EIGHTH CAUSE OF ACTION

2

### Negligent Training and Supervision

3      73.   Plaintiff restates and realleges Paragraphs 1 through 72

4  above, and incorporates the same as if fully set out herein.

5      74.   The LDS Church had a duty to train and supervise its

6  hierarchal clergy including but not limited to, assisting victims of

7  child abuse, reporting incidents of child abuse to property authorities,

8  making church leaders familiar with State child abuse reporting

9  statutes.

10     75.   The LDS Church had an additional duty to supervise its

11  hierarchal clergy and members in positions of authority.  The LDS Church

12  failed to supervise Jones in his position as Branch President, and as a

13  result, Plaintiff was sexually abused by Jones.

14     76.   As a direct result of this sexual abuse and breach of

15  trust Plaintiff has sustained and continues to sustain injuries and

16  damages in an amount to be proven at trial.

17     77.   As a further result of the molestation, Plaintiff has

18  incurred or will continue to incur costs of counseling and psychological

19  treatment in an amount to be proven at trial.

20

## NINTH CAUSE OF ACTION

21

### Intentional Infliction of Emotional Distress

22     78.   Plaintiff restates and realleges Paragraphs 1 through 77

23  above, and incorporates the same as if fully set out herein.

24     79.   Each of the Defendants herein engaged in extreme and

25  outrageous conduct with reckless disregard for causing emotional

26  distress to Plaintiff.

27     80.   Defendant Jones intentionally and with reckless disregard

28  for causing emotional distress to Plaintiff, identified Plaintiff's

1  family as one in need with a teenage girl, befriended Plaintiff, and her

2  family, gained the family's trust and confidence as a church counselor

3  and spiritual guide, and as a valuable and trustworthy mentor to

4  Plaintiff, and while working at the Owyhee High School where Plaintiff

5  was a student, and under the management and control of Defendant ECSD

6  under the laws of the State of Nevada, and while acting within the

7  course and scope of his employment and agency with LDS and ECSD, induced

8  and directed Plaintiff to engage in various sex acts.

9         81.   Defendants LDS and ECSD intentionally and with reckless

10 disregard for causing emotional distress to Plaintiff empowered Jones to

11 sexually and emotionally abuse Plaintiff, and despite receiving various

12 reports concerning Jones and Plaintiff's behavior, Defendants LDS and

13 ECSD intentionally and with reckless disregard for causing emotional

14 distress to Plaintiff took no action to protect Plaintiff.

15        82.   Defendants' LDS and ECSD are vicariously liable for the

16 intentional acts of Jones based upon the particular authority and

17 opportunity conferred upon Defendant Jones by Defendants' LDS and ECSD.

18        83.   Each of the Defendants' outrageous conduct was the actual

19 and/or approximate cause of the Plaintiff having suffered an apparent

20 breakdown and attempting to hang herself in her parents' basement, which

21 caused Plaintiff to be hospitalized in a residential treatment facility

22 from approximately August 26, 2002 to approximately January 7, 2003.

23        84.   As a direct and proximate result of the Defendants'

24 intentional acts, Plaintiff has suffered damages in an amount to be

25 proven at trial, including emotional and psychological damage, pain and

26 suffering, and such other damages as are proven at trial.   As a

27 consequence of Defendants' malicious acts, Plaintiff is entitled to

28 punitive damages.

85. As a further result of the molestation, Plaintiff has incurred or will continue to incur costs of counseling and psychological treatment in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

86. Plaintiff restates and realleges Paragraphs 1 through 85 above, and incorporates the same as if fully set out herein.

87. ECSD and the LDS Church each had an affirmative duty to property train and adequately supervise Jones' activities. ECSD additionally had an obligation to protect Plaintiff, a student at OHS, from its employee's criminal and intentional misconduct.

88. ECSD and the LDS Church failed to properly train, supervise and monitor Jones, and despite reports concerning Jones' inappropriate conduct with Plaintiff, failed to act or protect Plaintiff from sexual abuse by Jones.

89. As a direct and approximate result of ECSD's negligent supervision of Jones and negligent conduct in failing to protect one of its students, Plaintiff was sexually abused by Jones for an extended period of time.

90. Plaintiff suffered extreme emotional distress caused by ECSD and the LDS Church's failure to protect her from further sexual abuse by Jones and their failure to supervise Jones, and attempted to hang herself in her family's basement. Plaintiff suffered from extreme mental distress and was hospitalized in a mental hospital and residential treatment center from approximately August 27, 2002 to approximately January 7, 2003.

91. As a direct and proximate result of ECSD and the LDS Church's negligent acts, Plaintiff has suffered damages in an amount to

1  be proven at trial, including emotional and psychological damage, pain

2  and suffering, and such other damages as are proven at trial.    As a

3  consequence of ECSD and the LDS Church's malicious acts, Plaintiff is

4  entitled to punitive damages.

5          92.  As a further result of the molestation, Plaintiff has

6  incurred or will continue to incur costs of counseling and psychological

7  treatment in an amount to be proven at trial.

8                        **ELEVENTH CAUSE OF ACTION**

9                                **Conspiracy**

10          93.  Plaintiff restates and realleges Paragraphs 1 through 92

11  above, and incorporates the same as if fully set out herein.

12          94.  That ECSD and the LDS Church knew or should have known of

13  the activities of their agent Jones and the said Defendants by and

14  through their agents, and/or employees, conspired and in concert amongst

15  themselves chose not to investigate, and/or did not provide information

16  to one another, all in an attempt to cover up or keep secret the

17  activities of Jones in regards to the injuries sustained by Plaintiff.

18          95.  That as a direct and proximate result of the conspiracy,

19  Plaintiff has suffered special and general damages.

20

21                          **PRAYER FOR RELIEF**

22          WHEREFORE, Plaintiff prays for judgment in its favor and

23  against Defendants as follows:

24          1.  For compensatory and general damages for past, present

25  and future psychological, physical and emotional pain, suffering,

26  distress and injury;

27          2.  For punitive damages as set forth against Defendant

28  Jones;

1          3.   For the punitive damages as set forth against Defendant

2    ECSD;

3          4.   For the punitive damages as set forth against Defendant

4    LDS Church;

5          5.   For loss of enjoyment of life in the past and in the

6    future;

7          6.   For loss of consortium in the future;

8          7.   For loss of earning capacity in the future;

9          8.   For loss of emotional disfigurement in the past and in

10   the future;

11         9.   For loss of pre-judgment and post-judgment interest at

12   the maximum legal rate;

13        10.   For all special damages including past, present and

14   future medical, counseling, and psychological treatment and all other

15   costs in an amount to be proven at trial;

16        11.   For Plaintiff's costs of suit;

17        12.   For Plaintiff's reasonable attorney's fees; and

18        13.   For such other and further relief as the Court may deem

19   just and proper.

20        DATED this 30th day of August, 2007.

21                    MARVEL & KUMP, LTD.
                      Attorneys for Plaintiff
22                    217 Idaho Street
                      P. O. Box 2645
23                    Elko, NV 89803-2645

24

25        BY: _____
                Jeffrey J. Kump, Nevada Bar #5694
26

27

28