1   Kent R. Robison, Esq. (Bar No. 1167)          **ELECTRONICALLY FILED 09/07/07**
    Clayton P. Brust, Esq. (Bar No. 5234)
2   Jennifer L. Baker, Esq. (Bar No.9559)
    ROBISON, BELAUSTEGUI, SHARP & LOW
3   71 Washington Street
    Reno, Nevada 89503
4   Telephone: (775) 329-3151
    Facsimile:  (775) 329-7941
5   Attorneys for Defendants
    Corporation of the Presiding Bishop of The Church
6   of Jesus Christ of Latter-Day Saints and
    Corporation of the President of The Church of Jesus
7   Christ of Latter-Day Saints and Successors

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10  DA-DAZE-NOM MANZANARES,

11                 Plaintiff,

12     vs.                                        **CASE NO. 07-CV-00076-LRH-RAM**

13  ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., as agent for ELKO
14  COUNTY SCHOOL DISTRICT, and GARY LEE
    JONES, SR., individually, and CORPORATION
15  OF THE PRESIDING BISHOP OF THE
    CHURCH OF JESUS CHRIST OF LATTER-
16  DAY SAINTS, a foreign corporation registered to
    do business in the State of Nevada;
17  CORPORATION OF THE PRESIDENT OF THE
    CHURCH OF JESUS CHRIST OF LATTER-
18  DAY SAINTS AND SUCCESSORS, a foreign
    corporation registered to do business in the State
19  of Nevada; and Does 1-5, and XYZ Corporations
    1-5.
20

21                 Defendants.
                   _____/
22

23      **ERRATA TO OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST
             AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
24

25          Defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-

26  Day Saints and Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

27  and Successors files this errata to correct a mistakenly filed draft document that was filed with

28  the Court.  Attached is the correct and final version of Defendants Corporation of the Presiding

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

1  Bishop of The Church of Jesus Christ of Latter-Day Saints and Corporation of the President of

2  The Church of Jesus Christ of Latter-Day Saints and Successors' Opposition to Plaintiff's

3  Motion to Amend First Amended Complaint and Demand for Jury Trial.

4      DATED this ___ day of September, 2007.

5
                    ROBISON, BELAUSTEGUI, SHARP & LOW
6                    A Professional Corporation
                    71 Washington Street
7                    Reno, Nevada 89503

8
9      By:  _____
10                    KENT R. ROBISON
                    CLAYTON P. BRUST
11                    JENNIFER L. BAKER
                    Attorneys for Defendants
12                    Corporation of the Presiding Bishop of The Church
                    of Jesus Christ of Latter-Day Saints and
13                    Corporation of the President of The Church of Jesus
                    Christ of Latter-Day Saints and Successors
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, BELAUSTEGUI, SHARP & LOW, and that on this date I caused a true copy of ERRATA TO OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL to be served on all parties to this action by:

_____X_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____ personal delivery/hand delivery

_____ facsimile (fax)

_____ Federal Express/UPS or other overnight delivery

_____ Reno Carson Messenger Service

Jeffrey J. Kump, Esq.
Marvel & Kump, Ltd.
217 Idaho Street
P.O. Box 2645
Elko, NV 89803-2645
Facsimile: (775) 738-0187
Attorneys for Plaintiff

Thomas P. Beko, Esq.
Erickson, Thorpe & Swainston, Ltd.
99 West Arroyo Street
P.O. Box 3559
Reno, NV 89505
Facsimile: (775) 786-4160
Attorneys for Defendant
Elko County School District

Kelly G. Watson, Esq.
Colt B. Dodrill, Esq.
Watson Rounds
5371 Kietzke Lane
Reno, NV 89511
Facsimile: (775) 333-8171
Attorneys for Defendant Gary Lee Jones, Sr.

Dated this _7_ day of September, 2007.

_____
Employee of Robison, Belaustegui,
Sharp & Low

J:\WPData\Krr\1105.001\P-ERRATA.wpd

1  Kent R. Robison, Esq. (Bar No. 1167)                    ELECTRONICALLY FILED 9|6|07
   Clayton P. Brust, Esq. (Bar No. 5234)
2  Jennifer L. Baker, Esq. (Bar No.9559)
   ROBISON, BELAUSTEGUI, SHARP & LOW
3  71 Washington Street
   Reno, Nevada 89503
4  Telephone: (775) 329-3151
   Facsimile:  (775) 329-7941
5  Attorneys for Defendants
   Corporation of the Presiding Bishop of The Church
6  of Jesus Christ of Latter-Day Saints and
   Corporation of the President of The Church of Jesus
7  Christ of Latter-Day Saints and Successors

8                  UNITED STATES DISTRICT COURT

9                     DISTRICT OF NEVADA

10  DA-DAZE-NOM MANZANARES,

11               Plaintiff,

12          vs.                              CASE NO. 07-CV-00076-LRH-RAM

13  ELKO COUNTY SCHOOL DISTRICT, and
    GARY LEE JONES, SR., as agent for ELKO     DEFENDANTS CORPORATION OF
14  COUNTY SCHOOL DISTRICT, and GARY LEE       THE PRESIDING BISHOP OF THE
    JONES, SR., individually, and CORPORATION  CHURCH OF JESUS CHRIST OF
15  OF THE PRESIDING BISHOP OF THE             LATTER-DAY SAINTS' AND
    CHURCH OF JESUS CHRIST OF LATTER-          CORPORATION OF THE
16  DAY SAINTS, a foreign corporation registered to  PRESIDENT OF THE CHURCH OF
    do business in the State of Nevada;        JESUS CHRIST OF LATTER-DAY
17  CORPORATION OF THE PRESIDENT OF THE        SAINTS AND SUCCESSORS'
    CHURCH OF JESUS CHRIST OF LATTER-          OPPOSITION TO PLAINTIFF'S
18  DAY SAINTS AND SUCCESSORS, a foreign       MOTION TO AMEND FIRST
    corporation registered to do business in the State  AMENDED COMPLAINT AND
19  of Nevada; and Does 1-5, and XYZ Corporations  DEMAND FOR JURY TRIAL
    1-5.
20
21               Defendants.
                 _____/
22

23          The Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-Day

24  Saints and Corporation of the President of The Church of Jesus Christ of Latter-Day Saints and

25  Successors ("the LDS Defendants") respectfully submit the following as and for their opposition

26  to the Plaintiff s Motion to Amend First Amended Complaint and Demand for Jury Trial.

27  / / /

28

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

## I.

## INTRODUCTION

The Stipulated Discovery Plan and Order thereon (#32) sets the deadline to amend pleadings for August 30, 2007. Plaintiff has complied. Admittedly, the proposed amendment does not add any additional claims or accusations against the LDS Defendants. However, in light of the blatant falsehoods in Plaintiff' s motion, in light of Plaintiff' s counsel refusal to abide by FRCP 26 and in light of Plaintiff's fundamental violations of FRCP 11, the LDS Defendants must oppose Plaintiff' s Motion to Amend.

## II.

## DISCUSSIONS

**A.    Falsehoods.**

The LDS Defendants can neither condone nor ignore the blatant misrepresentations contained in Plaintiff' s Motion. The representations are false according to the sworn testimony of the Plaintiff. Comparing Plaintiff' s sworn testimony to the representations made to the Court in the Motion to Amend reveals a pattern of conduct that is irresponsible and reprehensible.

First, Plaintiff' s counsel asserts in paragraph 2 of his Points and Authorities that the "cause of action against the Defendants all stem from a relationship that Defendant Jones established with Plaintiff in his capacity as the Branch President of the LDS Church..."

Not true. The Plaintiff testified otherwise. Attached hereto as Exhibit "A" is a true and accurate copy of the first 75 pages of Plaintiff's deposition transcript. Plaintiff's sworn testimony proves the following:

    1.    Ms. Manzanares has never been to the Mormon Church for religious purposes. (P. 41).

    2.    Ms. Manzanares has never participated in a Mormon religious service. (I&)

    3.    Ms. Manzanares has never been a member of any of the Mormon Church Youth Groups.

    4.    Ms. Manzanares knows nothing about the Mormon Church philosophies. (P. 42).

    5.    Ms. Manzanares was never given teachings or preachings from the Mormon

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

2

Church at any time. (P. 42).

6.     Ms. Manzanares has no idea what weekly sacrament services are all about. (P. 42).

7.     Ms. Manzanares has no knowledge about the Young Women's Relief Society, the Society Services Group, Sunday School Services, monthly fasts or about testimony meetings at the Mormon Church. (P. 43).

8.     Ms. Manzanares knows nothing about baptism services and has never attended a baptism service at the Mormon Church. (Pp. 43-44).

9.     Ms. Manzanares knows nothing about confirmation, Mormon baby blessings and has never had any affiliation whatsoever with the Mormon Church. (P. 44).

10.    Ms. Manzanares has never gone to a Mormon Church function, a Mormon Church dinner, a talent program, observed Mormon Christmas or holiday functions and has no familiarity with the Church structure. (P. 45).

11.    Ms. Manzanares has never been requested to be a member of the Church. (P. 46).

12.    Ms. Manzanares has never paid a tithing and has never given any money or fast offerings to the Church. (P. 46).

13.    Ms. Manzanares has never had any participation in home teachings programs and has never sat down and prayed with anybody from the Mormon Church. (P. 46).

14.    Ms. Manzanares has never received any spiritual guidance from anybody from the Mormon Church, including Gary Jones. (Pp. 46-47).

15.    Ms. Manzanares' aunt in Salt Lake City tried to expose her to the Mormon Church, but she refused.  (P. 47).

16.    Ms. Manzanares thinks that Mormons are "crazy".  (P. 47).

17.    Ms. Manzanares thinks that Mormons have "weird beliefs".  (P. 48).

18.    **Gary Jones never tried to preach** to Ms. Manzanares.  (P. 48).

19.    Ms. Manzanares rejected any suggestion made by Jones that she should become a Mormon.  (P. 48).

20.    **Gary Jones never tried to put the Mormon beliefs** in the mind of Ms.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

3

Manzanares. (P. 49).

21.    Ms. Manzanares never looked to Gary Jones as a pastor or minister. (P. 49).

22.    Ms. Manzanares never looked to Gary Jones for spiritual guidance. (P. 49).

23.    Ms. Manzanares never imposed trust or confidence in Gary Jones in a spiritual sense. (P. 49).

24.    The "relationship" was not based in any way on Mr. Jones' affiliation with the Mormon Church. (P. 49).

25.    Ms. Manzanares' mother told Ms. Manzanares that she did not need Mormon assistance. (P. 50).

26.    The Mormon Church did help Ms. Manzanares' family with food assistance. (P. 50). These were services and assistance for which Ms. Manzanares is thankful. (P. 50).

27.    Mr. Jones never talked to Ms. Manzanares about Mormon Church activities. (P. 52).

28.    Ms. Manzanares is completely unaware of any of the young girl activities that are sponsored and administered by the Mormon Church. (Pp. 52-54).

29.    Ms. Manzanares made it absolutely clear to Gary Jones that she wanted nothing to do with the Mormon Church. (P. 54).

30.    Ms. Manzanares still wants nothing to do with the Mormon Church. (P. 54).

31.    Gary Jones never preached to Ms. Manzanares. (P. 55).

32.    Ms. Manzanares never shared her religious beliefs with Gary Jones. (P. 55).

33.    Religion was not involved in any way in the relationship between Mr. Jones and Ms. Manzanares. (P. 55).

34.    Ms. Manzanares admits that her relationship with Mr. Jones **"had nothing to do with religion".** (P.56).

Second, in paragraph 3.2 of Plaintiff's Points and Authorities, Plaintiff's counsel states that Mr. Jones sexually abused and molested Plaintiff from "2001 to 2002", including instances of fondling and mutual masturbation, as well as instances of oral sex.

Again, not true. In a video taped interview Ms. Manzanares gave to the Elko County

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

4

1  Police Department Ms. Manzanares expressly denied oral sex ever occurred between herself and

2  Mr. Jones. Attached hereto as Exhibit "B" are the pertinent pages of the transcript of that

3  interview.

4       Even worse, Ms. Manzanares denied that oral sex occurred when she was deposed in the

5  presence of her counsel. There again, Ms. Manzanares, under oath, confirmed that there were <u>no</u>

6  <u>acts of oral sex</u> between her and Mr. Jones. (Exhibit "A", p. 60). It is appalling that Plaintiff's

7  counsel would so blatantly attempt to falsify the record.

8       Plaintiff's counsel would have this Court believe that intercourse between Mr. Jones and

9  Ms. Manzanares occurred in 2002.

10       Not true. According to Ms. Manzanares' testimony, sexual encounters occurred four

11  times in 2001. The last act of intercourse was at the Ameritel Inn in Elko, Nevada, in November,

12  2001. (Exhibit "A", p. 62). Ms. Manzanares confirms that there was never any sex at school or

13  on the reservation at Owyhee. (Id., p. 59). Ms. Manzanares testified that her relationship with

14  Jones had nothing to do with Jones' affiliation with the LDS Defendants.

15       Third, in paragraph 3.3 of Plaintiff's counsel's brief he claims, once again, that the

16  relationship Jones established was in his capacity "as the Branch President of the LDS

17  Church. . .".

18       Not true. Religion was "off topic" between Jones and Ms. Manzanares. (Exhibit "A", p.

19  75). The only reference Ms. Manzanares makes to religion and Mr. Jones is that Jones told Ms.

20  Manzanares' <u>mother</u> to "keep praying", but there was <u>never</u> any counseling. (Exhibit "A", p.

21  75). Mr. Jones' affiliation with the Mormon Church had <u>nothing</u> to do with his involvement with

22  Ms. Manzanares, (Id., pp. 31, 32, 33 and 34).

23       Being fully aware of these startling admissions, Plaintiff's counsel contradicts his own

24  client in his moving papers. Perhaps it is an attempt to generate indignation against the LDS

25  Defendants. Perhaps it is an attempt to sensationalize. Whatever the motive, it is wrong for

26  Plaintiff's counsel to misrepresent the truth in his effort to add an additional claim in this action.

27       Fourth, in paragraph 4 of his Points and Authorities, Plaintiff's counsel suggests that he

28  learned of "evidence and facts" giving rise to the new claim against Defendant Elko County

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

5

1  School District during Plaintiff's deposition. In paragraph 5, he suggests that his initial research
2  did not reveal the possible new claim.

3        Not credible. Plaintiff's counsel would have us believe that when he filed the original
4  Complaint and when he filed for permission to amend it (the Amended Complaint, Doc. #24) he
5  had no knowledge that his client was in a residential treatment facility the fall semester of 2002,
6  thereby causing her to miss "further educational opportunities".

7        The original Complaint and proposed amendment thereto (Doc. #24) clearly suggests
8  otherwise. Paragraph 25 of the original Complaint alleges that Ms. Manzanares' attempted
9  suicide in August of 2002 caused her to be placed "in a mental hospital for several months".
10  Plaintiff's counsel obviously knew on February 13, 2007 (date of the first Complaint) the facts
11  necessary to plead a Title IX claim. Why posture otherwise?

12        Finally, Plaintiff's counsel suggests in paragraph 7 of his Points and Authorities that the
13  "facts and the documents proving" the Title IX claim has bee provided. Not true. Plaintiff has
14  not provided the LDS Defendants with Plaintiff's medical records. Yet, the records have been
15  requested. (Exhibit "C" attached hereto). Plaintiff's FRCP 26(f) Initial Disclosure is a curious
16  exercise of providing the Defendants with the exact same documents that the Defendants gave to
17  the Plaintiff with the Defendants' Initial Disclosure. Nowhere in the Plaintiff's disclosure are the
18  Plaintiff's medical records. Instead, Plaintiff suggests they are "available with court order
19  pursuant to HEPA [sic] requirements". (See Exhibit "D" attached hereto, p. 5, item 14).
20  Plaintiff does not need a court order to obtain her own medical records. Indeed, the LDS
21  Defendants have had to subpoena the Plaintiff's medical records. (Exhibit "E" attached hereto).

22        FRCP 26 contains the general provisions governing discovery. The core concept of Rule
23  26(a) requires that parties disclose certain information automatically, without the need for
24  discovery requests. First, the Plaintiff must make broad, initial disclosures at or shortly after the
25  discovery meeting is conducted pursuant to Rule 26(f). That occurred. Plaintiff was required to
26  disclose the identity of her witnesses and a description of the documents by category and location
27  that are relevant to her accusations. The claim of damages for psychological injuries has never
28  been one that the Plaintiff has substantiated with medical documentation. The Plaintiff must

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

6

1  provide a copy of, or a description by category and location, of all documents she may use in

2  support of her claims.

3       The Plaintiff has not produced any medical records.  The suggestion that the Plaintiff was

4  placed in a residential **treatment facility** in Idaho for six months is a suggestion that mandates

5  Plaintiff's production of these pertinent medical records.  Plaintiff's counsel represents that the

6  documents necessary to prove the Title IX claim have been "supplied to Defendants. . . ".

7  (Paragraph 7 of Points and Authorities).  That claim is utterly false.  The Plaintiff has refused,

8  notwithstanding requests for those records, to produce the necessary medical records that are the

9  basis for the Title IX claim.

10       The Court should not be misled by the cavalier and untrue representations of Plaintiff's

11  counsel.  The fact is, the Plaintiff has not provided the Defendants with any records that

12  substantiate, prove or are relevant to the Title IX claim.

13       **B.    Rule 11 Violations.**

14       FRCP Rule 11 requires every pleading and written motion to be signed by at least one

15  attorney of record.  By presenting to the Court a pleading or written motion, the attorney signing

16  the motion is certifying to the Court **that to the best of the person's knowledge, information**

17  **and belief, formed after an inquiry reasonable under the circumstances, that the allegations**

18  **and other factual contentions have evidentiary support.**  FRCP 11(b)(3).  Plaintiff's counsel

19  knows that his client, Ms. Manzanares, contradicts the contents of the Motion to Amend the First

20  Amended Complaint.  Plaintiff's counsel knows that contrary to the assertions in paragraph 6 of

21  the proposed Complaint that neither the Plaintiff nor her family were members of The Church of

22  Jesus Christ of Latter Day Saints.  Ms. Manzanares has testified that she has never been to a

23  Mormon Church, never participated in the Mormon Church services, knows nothing about the

24  Mormon Church and has never been given any teachings or preachings of the Mormon Church.

25  Ms. Manzanares has confirmed beyond any question or doubt that she is **not a member of the**

26  **Church.**  When Plaintiff's counsel suggests otherwise, he is falsifying his motion inexcusably in

27  violation of Rule 11.

28       When Plaintiff's counsel represents to the Court in his moving papers that the

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE

7

1 relationship between Mr. Jones and Ms. Manzanares involved "instances of oral sex" (paragraph

2 3.2 of Points and Authorities). Yet, when Ms. Manzanares testifies under oath that there has

3 never been acts of oral sex between her and Mr. Jones (Exhibit "A", p. 60), a Rule 11 violation

4 has occurred. Plaintiff's counsel knows that his allegations and the contents of his Motion to

5 Amend are inexcusably false.

6    By stating in paragraph 5 of his Points and authorities that Plaintiff's counsel has

7 provided the Defendant with the Plaintiff's medical records, a Rule 11 violation has occurred.

8 Nothing could be further from the truth. Plaintiff's counsel has not produced any medical

9 records from the "residential treatment facility in Idaho".

10    When Plaintiff's counsel states in his moving papers that Mr. Jones established a

11 relationship with the Plaintiff "in his capacity as Branch President of the LDS Church",

12 Plaintiff's counsel has violated Rule 11. In section II.A. of this Opposition, the LDS Defendants

13 have cited no less than 34 different areas of Ms. Manzanares' testimony which refutes the

14 truthfulness of Plaintiff's counsel's representations. Plaintiff's counsel should not be permitted

15 to play fast and loose with the truth. Counsel's false assertions that Mr. Jones' religion or

16 affiliation with the LDS Defendants has anything to do with the sexual relationship between Ms.

17 Manzanares and Mr. Jones is a complete and utter falsehood. The Motion to Amend violates the

18 Rule 11 mandate that an attorney's representations to the Court have "evidentiary support" and

19 are not being presented for any improper purpose such as to prejudice the LDS Defendants in the

20 eyes of this Honorable Court.

21    Because of these inexcusable violations of FRCP Rule 11, the Motion should be denied.

## III.

## AMENDMENTS TO PLEADINGS

24    Plaintiff relies on FRCP 15 in seeking permission to amend the Plaintiff's Complaint.

25 Generally, leave to amend is granted unless a weighing of several facts suggests that leave would

26 be inappropriate. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Bad faith,

27 undue delay and prejudice to the opposing party area all sufficient grounds upon which this Court

28 can rely in denying the Plaintiff's Motion to Amend.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

8

Defendants have been prejudiced by the Plaintiff's inexcusable failure to abide by the FRCP 26(a) obligations. The very fact that Plaintiff has failed and refused to produce the necessary medical records is sufficient in and of itself to deny the Motion. These records have not been produced. The Plaintiff's refusal to produce the records is bad faith and has created an undue delay. The prejudice to the LDS Defendants is inescapable. Though not specifically charged in the Title IX accusation, the LDS Defendants will nonetheless be subjected to additional discovery costs in participating in Title IX discovery issues. Prejudice is even more profound in light of the serious misrepresentations that have been made to this Court upon which Plaintiff's counsel relies in seeking to amend the Complaint.

Procedurally, the Plaintiff's request is confusing. The Complaint was filed on February 13, 2007. (Doc. #1). The LDS Defendants filed a Motion to Dismiss on April 13, 2007. (Doc. #15). In attempting to defend against the LDS Defendants' Motion to Dismiss, the Plaintiff responded with a Motion for Leave to Amend her Complaint. (Doc. #24). Neither the Motion to Dismiss filed by the LDS Defendants nor the Plaintiff's Motion for Leave to Amend Complaint filed on May 31, 2007, have been decided.

Accordingly, this is in effect the Plaintiff's effort to amend a **proposed** Complaint. The Plaintiff has apparently assumed that her May 31, 2007 Motion to Amend (Doc. #24) has been or will be granted because the proposed Second Amended Complaint contains the identical language of the proposed First Amended Complaint, which has never been authorized. Hence, the Plaintiff is seeking more than just adding a new claim for relief. The Plaintiff has incorporated language in the proposed Second Amended Complaint that has never been allowed by this Court because that language is contained in the Plaintiff's proposed First Amended Complaint. **Therefore, the Plaintiff is moving to amend a Complaint that she has not yet been authorized to file.** The procedural paradox created by the Plaintiff also warrants a denial of the Plaintiff's Motion to Dismiss.

## IV.

## CONCLUSION

For the reasons stated, these LDS Defendants respectfully request that the Plaintiff's

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

9

Motion to Amend First Amended Complaint and Demand for Jury Trial be denied.

DATED this 6th day of September, 2007.

ROBISON, BELAUSTEGUI, SHARP & LOW
A Professional Corporation
71 Washington Street
Reno, Nevada 89503

By: _____
KENT R. ROBISON
CLAYTON P. BRUST
JENNIFER L. BAKER
Attorneys for Defendants
Corporation of the Presiding Bishop of The Church
of Jesus Christ of Latter-Day Saints and
Corporation of the President of The Church of Jesus
Christ of Latter-Day Saints and Successors

J:\WPData\Krr\1105.001\P-Opposition Motion to Amend.9-5-07.wpd

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE

10

1  Kent R. Robison, Esq. (Bar No. 1167)
   Clayton P. Brust, Esq. (Bar No. 5234)
2  Jennifer L. Baker, Esq. (Bar No.9559)
   ROBISON, BELAUSTEGUI, SHARP & LOW
3  71 Washington Street
   Reno, Nevada 89503
4  Telephone: (775) 329-3151
   Facsimile:  (775) 329-7941
5  Attorneys for Defendants
   Corporation of the Presiding Bishop of The Church
6  of Jesus Christ of Latter-Day Saints and
   Corporation of The President of The Church of Jesus
7  Christ of Latter-Day Saints and Successors

ELECTRONICALLY FILED _9|6|07_

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10  DA-DAZE-NOM MANZANARES,

11           Plaintiff,

12       vs.                                CASE NO. 07-CV-00076-LRH-RAM

13  ELKO COUNTY SCHOOL DISTRICT, and
14  GARY LEE JONES, SR., as agent for ELKO     AFFIDAVIT OF KENT R. ROBISON
    COUNTY SCHOOL DISTRICT, and GARY LEE       IN SUPPORT OF DEFENDANTS
15  JONES, SR., individually, and CORPORATION  CORPORATION OF THE
    OF THE PRESIDING BISHOP OF THE             PRESIDING BISHOP OF THE
16  CHURCH OF JESUS CHRIST OF LATTER-          CHURCH OF JESUS CHRIST OF
    DAY SAINTS, a foreign corporation registered to  LATTER-DAY SAINTS' AND
17  do business in the State of Nevada;        CORPORATION OF THE
    CORPORATION OF THE PRESIDENT OF THE        PRESIDENT OF THE CHURCH OF
18  CHURCH OF JESUS CHRIST OF LATTER-          JESUS CHRIST OF LATTER-DAY
    DAY SAINTS AND SUCCESSORS, a foreign       SAINTS AND SUCCESSORS'
19  corporation registered to do business in the State  OPPOSITION TO PLAINTIFF'S
    of Nevada; and Does 1-5, and XYZ Corporations  MOTION TO AMEND FIRST
20  1-5.                                       AMENDED COMPLAINT AND
                                               DEMAND FOR JURY TRIAL
21           Defendants.
                                        /
22  _____

23

24  STATE OF NEVADA        )
                           ) ss.
    COUNTY OF WASHOE       )
25

26       KENT R. ROBISON, being first duly sworn on oath, deposes and says under penalty of

27  perjury that the following assertions are true and correct.

28       1.      I am a duly licensed and practicing attorney in the State of Nevada.

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE
(775) 329-3151

2.    Attached hereto as Exhibit "A" is a true and accurate copy of the first 75 pages of the Plaintiff's deposition transcript of her deposition taken in the above-entitled action on June 26, 2007.

3.    Attached hereto as Exhibit "B" is a true and accurate copy of pages 1, 27,  and 43 of the transcript of the Interview of Plaintiff Da-Daze-Nom Manzanares conducted by Detective Connie Bowers of the Elko Police Department on February 4, 2003.

4.    Attached hereto as Exhibit "C" is a true and accurate copy of an August 29, 2007 letter requesting Plaintiff's medical records to Jeffrey J. Kump, Esq., attorney for Plaintiff,  from Clayton P. Brust, Esq., of the law firm of Robison, Belaustegui, Sharp & Low, attorney for the LDS Defendants.

5.    Attached hereto as Exhibit "D" is a true and accurate copy of the Plaintiff's FRCP 26(f) Initial Disclosures dated June 13, 2007, in the above-entitled action.

6.    Attached hereto as Exhibit "E" is a true and accurate copy of Subpoenas issued in the above-entitled action to the Custodian of Records of Intermountain Hospital of Boise, Idaho, and the Owyhee Hospital of Owyhee, Nevada, with accompanying letters requesting the medical records of Plaintiff.

DATED:    This 6th day of September, 2007.

_____
KENT R. ROBISON

Subscribed and Sworn to Before me
this 6th day of September, 2007, by
Kent R. Robison.

_____
Notary Public

V. JAYNE FERRETTO
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 88-0597-2 - Expires  February 24, 2008

J:\WPData\Krr\1105.001\P-Affd.KRR.Opposition Motion to Amend

ROBISON,
BELAUSTEGUI,
SHARP & LOW
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
71 WASHINGTON ST.
RENO, NEVADA 89503
TELEPHONE

2